# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| **TIMOTHY SPROTT**<br>**c/o Spangenberg Shibley & Liber LLP**<br>**1001 Lakeside Ave. East, Suite 1700**<br>**Cleveland, OH 44114**<br><br>**and**<br><br>**MICHELLE SPROTT, OH BEHALF**<br>**OF J.S., A MINOR**<br>**c/o Spangenberg Shibley & Liber LLP**<br>**1001 Lakeside Ave. East, Suite 1700**<br>**Cleveland, OH 44114**<br><br>**and**<br><br>**HAL and LISA BURKE, ON BEHALF**<br>**OF B.B., A MINOR**<br>**c/o Eastman & Smith Ltd.**<br>**One Seagate, 27th Floor**<br>**Toledo, OH 43699**<br><br>        **Plaintiffs,**<br><br>   **vs.**<br><br>**OTTAWA HILLS LOCAL SCHOOL**<br>**DISTRICT**<br>**c/o Spengler Nathanson P.L.L.**<br>**900 Adams Street**<br>**Toledo, OH 43604**<br><br>**and**<br><br>**OTTAWA HILLS LOCAL SCHOOL**<br>**DISTRICT BOARD OF EDUCATION**<br>**c/o Spengler Nathanson P.L.L.**<br>**900 Adams Street**<br>**Toledo, OH 43604**<br><br>**and** | **CASE NO. 3:22-CV-00146**<br><br>**JUDGE JAMES R. KNEPP II**<br><br>**<u>FIRST AMENDED COMPLAINT</u>**<br><br>**DEMAND FOR JURY TRIAL** |

**RONALD STEVENS**                     )
**c/o William L. Burton, Esq.**        )
**119 Maple St.**                      )
**Marietta, OH 4570**                  )
                                       )
**and**                                )
                                       )
**KRISTIE STEVENS**                    )
**c/o Hanna, Campbell & Powell, LLP**  )
**3737 Embassy Parkway, Suite 100**    )
**Akron, OH 44333**                    )
                                       )
**and**                                )
                                       )
**KEVIN MILLER**                       )
**c/o Spengler Nathanson P.L.L.**      )
**900 Adams Street**                   )
**Toledo, OH 43604**                   )
                                       )
**and**                                )
                                       )
**DARCY BROWNE**                       )
**c/o Spengler Nathanson P.L.L.**      )
**900 Adams Street**                   )
**Toledo, OH 43604**                   )
                                       )
**and**                                )
                                       )
**JACKIE PATTERSON**                   )
**c/o Spengler Nathanson P.L.L.**      )
**900 Adams Street**                   )
**Toledo, OH 43604**                   )
                                       )
**and**                                )
                                       )
**BENJAMIN McMURRAY**                  )
**c/o Spengler Nathanson P.L.L.**      )
**900 Adams Street**                   )
**Toledo, OH 43604**                   )
                                       )
**and**                                )
                                       )
**ROBERT GNEPPER**                     )
**c/o Spengler Nathanson P.L.L.**      )
**900 Adams Street**                   )
**Toledo, OH 43604**                   )

)
)
**and**                                                    )
                                                          )
**ADAM FINESKE**                                          )
**c/o Spengler Nathanson P.L.L.**                         )
**900 Adams Street**                                      )
**Toledo, OH 43604**                                      )
                                                          )
**and**                                                   )
                                                          )
**NICOLE SILVERS**                                        )
**c/o Spengler Nathanson P.L.L.**                         )
**900 Adams Street**                                      )
**Toledo, OH 43604**                                      )
                                                          )
**and**                                                   )
                                                          )
**JAMES KINCAID**                                         )
**c/o Spengler Nathanson P.L.L.**                         )
**900 Adams Street**                                      )
**Toledo, OH 43604**                                      )
                                                          )
**and**                                                   )
                                                          )
**KRISTIN JOHNSON**                                       )
**c/o Spengler Nathanson P.L.L.**                         )
**900 Adams Street**                                      )
**Toledo, OH 43604**                                      )
                                                          )
**and**                                                   )
                                                          )
**KAY COCKE**                                             )
**c/o Spengler Nathanson P.L.L.**                         )
**900 Adams Street**                                      )
**Toledo, OH 43604**                                      )
                                                          )
**and**                                                   )
                                                          )
**GERRY DAVIS**                                           )
**c/o Spengler Nathanson P.L.L.**                         )
**900 Adams Street**                                      )
**Toledo, OH 43604**                                      )
                                                          )
**and**                                                   )
                                                          )

**ELIZABETH PUSKALA**                    )
**c/o Spengler Nathanson P.L.L.**        )
**900 Adams Street**                     )
**Toledo, OH 43604**                     )
                                         )
**and**                                  )
                                         )
**JULIE VISSER**                         )
**c/o Spengler Nathanson P.L.L.**        )
**900 Adams Street**                     )
**Toledo, OH 43604**                     )
                                         )
**and**                                  )
                                         )
**DARRIN BROADWAY**                      )
**c/o Spengler Nathanson P.L.L.**        )
**900 Adams Street**                     )
**Toledo, OH 43604**                     )
                                         )
**and**                                  )
                                         )
**NOREEN HANLON**                        )
**c/o Spengler Nathanson P.L.L.**        )
**900 Adams Street**                     )
**Toledo, OH 43604**                     )
                                         )
**and**                                  )
                                         )
**ABIGAIL DeWIRE**                       )
**c/o Spengler Nathanson P.L.L.**        )
**900 Adams Street**                     )
**Toledo, OH 43604**                     )
                                         )
**and**                                  )
                                         )
**LAUREN HURST**                         )
**c/o Spengler Nathanson P.L.L.**        )
**900 Adams Street**                     )
**Toledo, OH 43604**                     )
                                         )
                    **Defendants.**      )

NOW COME Plaintiffs, by and through their attorneys, and for their First Amended Complaint against Defendants, hereby state as follows:

## PRELIMINARY STATEMENT AND INTRODUCTION

1.      From at least 2017 through 2019, a maintenance employee at the Ottawa Hills Local School District ("the DISTRICT"), RONALD STEVENS, groomed, sexually molested, and raped young male students who attended the DISTRICT's schools, all of whom were minor children at the time. Much of this sexual abuse occurred on school DISTRICT property during school hours while Defendants were responsible for supervising and managing RONALD STEVENS in his role as a maintenance worker.

2.      School districts and their employees must be vigilant about protecting students from sexual abuse perpetrated by their employees. The abuse at issue could have been prevented if the Defendants had properly supervised and managed RONALD STEVENS, their maintenance employee, or had Defendants acted on the numerous red flags and complaints they received regarding RONALD STEVENS. At a minimum, the Defendants should not have facilitated RONALD STEVENS' abuse, should not have ignored the red flags raised by RONALD STEVENS' conduct, and furthermore, should have acted upon and reported the red flags to the appropriate authorities, as they were required to do under Ohio law.

3.      The Defendants recklessly and repeatedly facilitated, created, contributed to, and/or otherwise failed to prevent or even address the dangerous situations in which RONALD STEVENS would molest and rape DISTRICT students, to wit, but not limited to:

       a.      Ottawa Hills Administrators authorized, permitted, and encouraged RONALD STEVENS, a middle-aged male maintenance worker with no college degree or teaching experience and no qualifying professional certifications, licenses, or training, to "tutor" and "mentor" young boys, some without their parents' knowledge and consent, without any supervision, direction, reporting, or routine monitoring or progress evaluation, as is required in legitimate tutoring

programs in schools in Ohio and throughout the country. Ottawa Hills Administrators did so despite having actual and constructive knowledge of RONALD STEVENS' inappropriate conduct and relationships with minor boys, including, but not limited to, reported complaints of highly inappropriate interactions and conversations with students in 2017, 2018, and 2019.

b.    Ottawa Hills FACULTY and Administrators authorized and allowed RONALD STEVENS, a maintenance custodian, to remove students from DISTRICT classrooms (for purposes of sexually abusing them), to excuse students from attending school, and to "meet" with students privately, including at his home during school hours, all without any supervision or documented tutoring plan, curriculum, or legitimate purpose. RONALD STEVENS used this inexplicable authority bestowed upon him by the DISTRICT to sexually abuse young male students, all of whom were minor children at the time.

c.    Ottawa Hills Administrators recommended and pressured the mother of Plaintiff TIMOTHY SPROTT to sign purportedly legal paperwork giving RONALD STEVENS guardianship rights over TIMOTHY SPROTT, a minor DISTRICT student, telling Ms. Sprott that her son would fail and that they could not help him unless she signed the paperwork. Ottawa Hills Administrators authorized RONALD STEVENS, as a DISTRICT employee, to become TIMOTHY SPROTT's guardian.  Such an arrangement between a school maintenance employee and a minor student is unprecedented.

d.    Despite actual and constructive knowledge of RONALD STEVENS' highly inappropriate and worrisome conduct toward and relationships with minor male students, including numerous complaints about RONALD STEVENS' inappropriate conduct and conversations with students in 2017, 2018, and 2019, Ottawa Hills Administrators authorized and allowed RONALD STEVENS to "meet" privately with students in his DISTRICT office during school hours. Ottawa Hills Administrators had actual knowledge that RONALD STEVENS had obscured the windows to his DISTRICT office at the school by covering them from the inside with black paper, having authorized RONALD STEVENS to do so. This ensured that others, including the Defendants and Ottawa Hills Administrators, would and could not see inside RONALD STEVENS' office while he sexually molested students during school hours; and

e.    Ottawa Hills Administrators gave RONALD STEVENS unfettered access to school video surveillance systems.

4.    RONALD STEVENS' abuse of students, including the Plaintiffs, was known to, and facilitated by other DISTRICT employees, including, but not limited to, RONALD STEVENS' wife, KRISTIE STEVENS, a supervisory DISTRICT teacher and employee, who routinely released students from her class into RONALD STEVENS' care during school hours

(for purposes of sexually abusing them), and who later conspired with RONALD STEVENS to destroy related evidence of abuse.

5.      Defendants and other DISTRICT employees knew about and/or recklessly ignored obvious signs, red flags, and evidence of sexual abuse and/or highly inappropriate conduct by RONALD STEVENS and, at a minimum, Defendants and other DISTRICT employees were on notice of likely sexual abuse and/or the high risk of sexual abuse under the circumstances about which they knew, including having authorized the dangerous and inappropriate circumstances that fostered RONALD STEVENS' heinous and prolonged pattern of sexual abuse, but did nothing to prevent or stop it. It was not until one of RONALD STEVENS' victims tried to kill himself and healthcare providers became involved that RONALD STEVENS' years' long conduct at the DISTRICT ultimately was exposed.

6.      RONALD STEVENS was tried and convicted of these heinous crimes, including the sexual molestation and rape of the Plaintiffs and other young male students, for which he was sentenced to 101 years in prison.

7.      As for KRISTIE STEVENS, notwithstanding the obvious concerns over her continued employment given her involvement with RONALD STEVENS and the DISTRICT's actual knowledge that she had conspired with RONALD STEVENS to destroy evidence of abuse (directly violating her mandatory duty, as a DISTRICT schoolteacher, to report abuse under Ohio law), the DISTRICT rehired KRISTIE STEVENS, and later promoted her.

8.      Weeks after RONALD STEVENS' criminal conviction, the DISTRICT authored a publication proclaiming to be one of the "safest" school districts, not just in Northwestern Ohio, but in the entire State and Nation.

## JURISDICTION AND VENUE

9.      This action is brought, in part, pursuant to Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, *et. seq.* as more fully set forth herein.

10.     This is also an action to redress the deprivation of Plaintiffs' constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983.

11.     Additionally, Plaintiffs seek redress for their injuries, damage, and harm under Ohio statutory and common law causes of action, over which this Court has pendant jurisdiction as set forth below.

12.     Subject matter jurisdiction is founded upon 28 U.S.C. § 1331 which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

13.     Subject matter jurisdiction is also founded upon 28 U.S.C. § 1343 which gives district courts original jurisdiction over any civil actions authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States, and any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

14.     Plaintiffs further invoke supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a) to hear and decide claims arising under state law that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

15.     The claims are cognizable under the United States Constitution, 42 U.S.C. §1983, 20 U.S.C. §1681 *et seq.*, and under Ohio Law.

16.     Venue is proper in the United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C. § 1391 (b)(2), in that this is the judicial district in which the events giving rise to the claims occurred.

## PARTIES AND KEY INDIVIDUALS

17.     Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

18.     With the exception of TIMOTHY SPROTT, the names of Plaintiffs who were abused by RONALD STEVENS have been withheld from this Complaint to protect their identities as they are currently minor children.

19.     Plaintiff, TIMOTHY SPROTT, is a resident of Lucas County Ohio, and, at all times relevant, was a student within the DISTRICT. Plaintiff TIMOTHY SPROTT was a minor at the times he was sexually assaulted, abused, and molested by Defendant RONALD STEVENS who was, at all times relevant, employed by the DISTRICT.

20.     Plaintiff, MICHELLE SPROTT, brings this case on behalf of her minor son, J.S., a resident of Lucas County, Ohio, who at all times relevant, was a student within the DISTRICT.

21.     Plaintiffs HAL BURKE and LISA BURKE bring this case on behalf of their minor son B.B., a resident of Lucas County, Ohio, who at all times relevant, was a student within the DISTRICT.

22.     Defendant OTTAWA HILLS LOCAL SCHOOL DISTRICT [herein referred to as "the DISTRICT"] is and was at all times relevant, a public school organized and existing under the laws of the state of Ohio. The DISTRICT receives federal financial assistance and therefore is subject to Title IX of the Educational Amendments of 1972, 20 U.S.C. §1681(a).

23.     Defendant OTTAWA HILLS LOCAL SCHOOL DISTRICT BOARD OF

9

EDUCATION, [herein after referred to as "the BOARD"] is and was at all times relevant, the governing body for the DISTRICT.

24.     The DISTRICT and the BOARD (collectively, the "OTTAWA HILLS Defendants") are located in Lucas County, Ohio, and all the events which are the subject of this lawsuit occurred there.  The OTTAWA HILLS Defendants are liable to the Plaintiffs under 20 U.S.C. § 1681 (Title IX) and 42 U.S.C. § 1983 for not only failing to stop the sexual abuse of the Plaintiffs, of which it had actual or constructive knowledge and had received notice of on multiple separate occasions, but for authorizing, creating, condoning, ratifying, and encouraging certain policies and creating a culture within the DISTRICT that permitted sexual abuse of students by staff members, and for recklessly and repeatedly creating the dangerous situations in which RONALD STEVENS would abuse minor students, including the Plaintiffs. The OTTAWA HILLS Defendants' wrongful conduct includes, but is not limited to, the following:

    a.  Authorizing RONALD STEVENS' highly inappropriate conduct and inappropriate and illegitimate relationships with minor male students within the course and scope of RONALD STEVENS' employment with the DISTRICT;

    b.  Authorizing, creating and promoting inappropriate, illegitimate and highly dangerous and risky relationships and situations between RONALD STEVENS and minor male students, including Plaintiffs, that fostered and/or raised obvious red flags for sexual abuse;

    c.  Ignoring and recklessly disregarding the red flags associated with RONALD STEVENS' conduct toward and relationships with minor male students that demonstrate sexual abuse and otherwise raise the strong suspicion for sexual abuse and harm under minimum industry standards;

    d.  Ignoring complaints regarding RONALD STEVENS' inappropriate, sexual behavior toward and inappropriate relationships with students, and specifically young male students;

    e.  Authorizing, encouraging, and facilitating RONALD STEVENS, a middle-aged male maintenance employee with no teaching or tutoring credentials or certifications, to "tutor" and/or "mentor" young male students, all without any legitimate program, supervision, documentation, evaluation, or plan in place, as is standard and required of legitimate high school tutoring programs;

f.   Authorizing and allowing RONALD STEVENS, a maintenance employee with no education qualifications or training, to routinely and repeatedly excuse and retrieve TIMOTHY SPROTT from DISTRICT classrooms without his mother's knowledge or consent, apparently to "tutor" TIMOTHY, but without any legitimate tutoring program or supervision in place;

g.   Offering, asking, recommending, and/or pressuring Michelle Sprott, TIMOTHY SPROTT'S mother, to execute paperwork giving DISTRICT maintenance employee RONALD STEVENS guardianship rights over her son, TIMOTHY SPROTT, which another DISTRICT employee notarized.

h.   Authorizing, encouraging, and facilitating RONALD STEVENS, a maintenance employee with no teaching credentials or certifications, and who was not a coach of any of the DISTRICT's sports teams, to remove students from class, apparently to "tutor" or "mentor" them in the absence of any legitimate program or supervision;

i.   Authorizing and assigning RONALD STEVENS, a maintenance employee with no teaching credentials or certifications, to monitor TIMOTHY SPROTT during study hall and work as an "aide" in the classroom;

j.   Authorizing, encouraging, and facilitating RONALD STEVENS, a maintenance employee with no teaching credentials or certifications, and who was not a coach of any of the DISTRICT's sports teams, to "meet" privately with minor children students, including in his office with the windows blacked out, for no legitimate reason;

k.   Authorizing and permitting RONALD STEVENS to cover and black out the windows of his office, in which he was authorized and permitted to "meet" privately with students, including minor children;

l.   Authorizing and permitting RONALD STEVENS to engage in sexually explicit interactions with students on social media over the DISTRICT's wireless networks;

m.   Authorizing, condoning, and acquiescing to KRISTIE STEVENS' coverup of RONALD STEVENS' sexual abuse of DISTRICT students by continuing to employ her despite knowledge that she violated her duty, as a DISTRICT schoolteacher, to report suspected sexual abuse under Ohio law; and

n.   Authorizing and providing RONALD STEVENS with unfettered access to the DISTRICT's on-site video surveillance systems.

25.   Defendant RONALD STEVENS (sometimes referred to as "Donnie") was a resident of Ottawa Hills, Lucas County, Ohio, at times relevant to the claims in this Complaint and is currently incarcerated in the Noble Correctional Institution in Caldwell, Noble County, Ohio.

Defendant RONALD STEVENS is liable under State and Federal law for his widespread sexual abuse, molestation, and rape of students within the DISTRICT, including the Plaintiffs. At the time RONALD STEVENS abused the Plaintiffs, he was acting within the course and scope of his employment and/or agency with the OTTAWA HILLS Defendant as a supervisor, holding the title of Operations Manager overseeing custodial duties, grounds maintenance, snow removal, and building maintenance. That Defendant RONALD STEVENS sexually abused and raped minor children, in many instances, is a matter of *res judicata* in the matter of G-4801-CR-0202001186-000, Lucas County Court of Common Pleas. As to those instances, Defendant RONALD STEVENS is estopped from denying corresponding allegations of sexual assault and abuse as alleged herein.

26.     At all times relevant to this Complaint during which Defendant RONALD STEVENS was employed by the OTTAWA HILLS Defendants, he, as a "school employee" was under a duty to report child sexual abuse about which he knew or had reasonable cause to suspect pursuant to R.C. § 2151.421. Defendant RONALD STEVENS, acting within the course and scope of his employment with the OTTAWA HILLS Defendants, repeatedly breached his duty under R.C. § 2151.421 as it relates to Plaintiffs. The OTTAWA HILLS Defendants are vicariously liable for Defendant RONALD STEVENS' breaches under R.C. § 2151.421.

27.     Defendant KRISTIE STEVENS was a resident of Ottawa Hills, Lucas County, Ohio, and was the spouse of Defendant RONALD STEVENS. At all times relevant to this Complaint, Defendant KRISTIE STEVENS, as a "schoolteacher" employed by the OTTAWA HILLS Defendants, is a mandatory reporter under R.C. § 2151.421, under a duty to report child sexual abuse about which she knew or had reasonable cause to suspect. Defendant KRISTIE STEVENS, acting within the course and scope of her employment with the OTTAWA HILLS

Defendants, is liable under R.C. § 2151.421 for her repeated and continued failures to report RONALD STEVENS' sexual abuse of students, including Plaintiffs, to and/or any reasonable suspicions on such abuse, the proper authorities. The OTTAWA HILLS Defendants are vicariously liable for Defendant KRISTIE STEVENS' breach of R.C. § 2151.421. Defendant KRISTIE STEVENS is also liable to the Plaintiffs for violations of their Civil Rights under 42 U.S.C. 1983 and for spoliation of evidence because she aided and abetted Defendant RONALD STEVENS' sexual abuse of the Plaintiffs and intentionally destroyed evidence of RONALD STEVENS' sexual abuse of the Plaintiffs and other students.

28.     Defendant, KEVIN MILLER, [hereinafter referred to as "MILLER"] a resident of New Albany, Ohio, was the DISTRICT's superintendent during much of RONALD STEVENS' abuse, until February of 2019. Defendant MILLER was a key policymaker within the DISTRICT and helped craft and implement the policies, customs, and practices, including as they relate to RONALD STEVENS' employment, authority, supervision, and role at the DISTRICT. Defendant MILLER was one of RONALD STEVENS' direct supervisors and is liable to Plaintiffs under 42 U.S.C. § 1983 for authorizing, knowingly encouraging, condoning, and acquiescing to RONALD STEVENS' sexual abuse of the Plaintiffs, as described in this Complaint. Defendant MILLER also coached a private youth baseball team with RONALD STEVENS, and on information and belief, witnessed RONALD STEVENS' inappropriate conduct and contact with male students, including, but not limited to the massaging of minor children players, close to their genitalia. Based on his observations of RONALD STEVENS, Defendant MILLER should have suspected that DISTRICT students, including the Plaintiffs, were suffering, or faced a threat of suffering, sexual abuse by RONALD STEVENS. Defendant MILLER is liable under R.C. § 2151.421 for failing to report RONALD STEVENS' known and/or reasonably suspected abuse

13

to the appropriate authorities. The OTTAWA HILLS Defendants are vicariously liable for Defendant MILLER'S breaches of R.C. § 2151.421 while acting within the course and scope of his employment with the OTTAWA HILLS Defendants.

29.     Defendant DARCY BROWNE, [hereinafter referred to as "BROWNE"] a resident of Lucas County, Ohio, was a guidance counselor, assistant principal, and a Title IX coordinator within the DISTRICT. Defendant BROWNE was a key policymaker within the DISTRICT and helped craft and implement the policies, customs, and practices, including as they relate to RONALD STEVENS' employment, authority, supervision, and role at the DISTRICT. Defendant BROWNE received, and subsequently dismissed, repeated complaints regarding RONALD STEVENS' inappropriate behavior with students, including the Plaintiffs, and failed to investigate as required by the guidelines as set forth in Title IX. Defendant BROWNE was also instrumental in arranging the illegitimate "tutoring" relationship between Plaintiff TIMOTHY SPROTT and Defendant RONALD STEVENS. Defendant BROWNE was one of RONALD STEVENS' direct supervisors and is liable to Plaintiffs under 42 U.S.C. § 1983 for knowingly encouraging, condoning, and acquiescing to RONALD STEVENS' sexual abuse of the Plaintiffs, as described in this Complaint. Based on her observations of RONALD STEVENS and TIMOTHY SPROTT, Defendant BROWNE should have suspected that DISTRICT students, including the Plaintiffs, were suffering, or faced a threat of suffering, sexual abuse by RONALD STEVENS. Defendant BROWNE is liable under R.C. § 2151.421 for failing to report RONALD STEVENS' known and/or reasonably suspected abuse to the appropriate authorities. The OTTAWA HILLS Defendants are vicariously liable for Defendant BROWNE's breaches of R.C. § 2151.421 while acting within the course and scope of her employment with the OTTAWA HILLS Defendants.

30.     Defendant, JACKIE PATTERSON, [hereinafter referred to as "PATTERSON"] a resident of Lucas County, Ohio, was a vice principal within the DISTRICT. Defendant PATTERSON was a key policymaker within the DISTRICT and helped craft and implement the policies, customs, and practices, including as they relate to RONALD STEVENS' employment, authority, supervision, and role at the DISTRICT. Defendant Patterson received, and subsequently dismissed, repeated complaints regarding RONALD STEVENS' inappropriate behavior with students, including the Plaintiffs. Defendant PATTERSON was also instrumental in arranging the "tutoring" and "guardianship" relationships between Plaintiff TIMOTHY SPROTT and RONALD STEVENS. Defendant PATTERSON was one of RONALD STEVENS' direct supervisors and is liable to Plaintiffs under 42 U.S.C. § 1983 for knowingly authorizing, encouraging, condoning, and acquiescing to RONALD STEVENS' sexual abuse of the Plaintiffs, as described in this Complaint. Based on her observations of RONALD STEVENS and TIMOTHY SPROTT, Defendant PATTERSON should have suspected that DISTRICT students, including the Plaintiffs, were suffering, or faced a threat of suffering, sexual abuse by RONALD STEVENS. Defendant PATTERSON is liable under R.C. § 2151.421 for failing to report RONALD STEVENS' known and/or reasonably suspected abuse to the appropriate authorities. The OTTAWA HILLS Defendants are vicariously liable for Defendant PATTERSON'S breaches of R.C. § 2151.421 while acting within the course and scope of her employment with the OTTAWA HILLS Defendants.

31.     Defendant BENJAMIN McMURRAY, [hereinafter referred to as "McMURRAY"] a resident of Lucas County, Ohio, was a principal within the DISTRICT. Defendant McMURRAY was a key policymaker within the DISTRICT and helped craft and implement the policies, customs, and practices, including as they relate to RONALD STEVENS'

employment, authority, supervision, and role at the DISTRICT. Defendant McMURRAY received, and subsequently dismissed, repeated complaints regarding RONALD STEVENS' inappropriate behavior with students, including the Plaintiffs. Defendant McMURRAY was also instrumental in arranging the "tutoring" and "guardianship" relationships between TIMOTHY SPROTT and RONALD STEVENS. Defendant McMURRAY was one of RONALD STEVENS' direct supervisors and is liable to Plaintiffs under 42 U.S.C. § 1983 for knowingly authorizing, encouraging, condoning, and acquiescing to RONALD STEVENS' sexual abuse of the Plaintiffs, as described in this Complaint. Based on his observations of RONALD STEVENS and TIMOTHY SPROTT, Defendant McMURRAY should have suspected that DISTRICT students, including the Plaintiffs, were suffering, or faced a threat of suffering, sexual abuse by RONALD STEVENS. Defendant McMURRAY is liable under R.C. § 2151.421 for failing to report RONALD STEVENS' known and/or reasonably suspected abuse to the appropriate authorities. The OTTAWA HILLS Defendants are vicariously liable for Defendant McMURRAY'S breaches of R.C. § 2151.421 while acting within the course and scope of his employment with the OTTAWA HILLS Defendants.

32.     Defendant, ROBERT GNEPPER, [hereinafter referred to as "GNEPPER"], a resident of Lucas County, Ohio, was a member of the School BOARD within the DISTRICT. Defendant GNEPPER witnessed Defendant RONALD STEVENS at TIMOTHY SPROTT's house, during school hours, and commented, on information and belief, "That boy [referring to RONALD STEVENS] had better be careful, or he's going to get himself in trouble." Defendant GNEPPER never reported Defendant RONALD STEVENS to the proper authorities. Defendant GNEPPER was one of RONALD STEVENS' direct supervisors and is liable to Plaintiffs under 42 U.S.C. § 1983 for knowingly authorizing, encouraging, condoning, and acquiescing to

RONALD STEVENS' sexual abuse of the Plaintiffs, as described in this Complaint. Based on his observations of Defendant RONALD STEVENS, Defendant GNEPPER suspected or should have suspected that DISTRICT students, including the Plaintiffs, were suffering, or faced a threat of suffering, sexual abuse by Defendant RONALD STEVENS. Defendant GNEPPER is liable under R.C. § 2151.421 for failing to report Defendant RONALD STEVENS' known and/or reasonably suspected abuse to the appropriate authorities. The OTTAWA HILLS Defendants are vicariously liable for Defendant GNEPPER'S breaches of R.C. § 2151.421 while acting within the course and scope of his directorship with the BOARD.

33.    Defendant, ADAM FINESKE, [hereinafter referred to as "FINESKE"], a resident of Lucas County, Ohio, was the superintendent for DISTRICT. Defendant FINESKE told HAL BURKE that the DISTRICT "had too much on its plate to deal with this" [referring to the allegations that RONALD STEVENS had sexually abused young male students at the DISTRICT], and that he "didn't sign up for this." Defendant FINESKE also stated to Hal Burke, "We knew this was coming. We should have gotten rid of this guy [RONALD STEVENS] a long time ago." This is evidence that Defendant FINESKE knew of RONALD STEVENS' inappropriate contact and conduct with young male students within the DISTRICT, or at a minimum, that he suspected such inappropriate contact and conduct had been occurring. Defendant FINESKE was one of RONALD STEVENS' direct supervisors and is liable to Plaintiffs under 42 U.S.C. § 1983 for knowingly authorizing, encouraging, condoning, and acquiescing to RONALD STEVENS' sexual abuse of the Plaintiffs, as described in this Complaint. Based on his observations of Defendant RONALD STEVENS, Defendant FINESKE knew or should have known that DISTRICT students, including the Plaintiffs, were suffering, or faced a threat of suffering, sexual abuse by Defendant RONALD STEVENS. Defendant

FINESKE is liable under R.C. § 2151.421 for failing to report Defendant RONALD STEVENS' known and/or reasonably suspected abuse to the appropriate authorities. The OTTAWA HILLS Defendants are vicariously liable for Defendant FINESKE's breaches of R.C. § 2151.421 while acting within the course and scope of his directorship with the OTTAWA HILLS Defendants.

34.     Defendants MILLER, BROWNE, PATTERSON, McMURRAY, GNEPPER, and FINESKE are sometimes collectively referred to herein as the ADMINISTRATION Defendants.

35.     The ADMINISTRATION Defendants, at all times relevant, were supervisors, managers and otherwise in charge of overseeing OTTAWA HILLS' employees, including Defendant RONALD STEVENS, Defendant KRISTIE STEVENS, and the FACULTY DEFENDANTS.

36.     Defendant NICOLE SILVERS, [hereinafter referred to as "SILVERS"], a resident of Lucas County, Ohio, was a schoolteacher within the DISTRICT. Defendant SILVERS permitted RONALD STEVENS, a maintenance employee with no teaching credentials or certifications, and who was not a coach of any of the DISTRICT's sports teams, to repeatedly remove and retrieve Plaintiff, TIMOTHY SPROTT, from class. Based on her observations of RONALD STEVENS and TIMOTHY SPROTT, Defendant SILVERS should have suspected that DISTRICT students, including the Plaintiffs, were suffering, or faced a threat of suffering, sexual abuse by RONALD STEVENS. Defendant SILVERS is liable under R.C. § 2151.421 for failing to report RONALD STEVENS' known and/or reasonably suspected abuse to the appropriate authorities. The OTTAWA HILLS Defendants are vicariously liable for Defendant SILVERS' breaches of R.C. § 2151.421 while acting within the course and scope of her employment with the OTTAWA HILLS Defendants.

18

37.     Defendant JAMES KINCAID, [hereinafter referred to as "KINCAID"], a resident of Lucas County, Ohio, was a schoolteacher within the DISTRICT. Defendant KINCAID permitted RONALD STEVENS, a maintenance employee with no teaching credentials or certifications, and who was not a coach of any of the DISTRICT's sports teams, to repeatedly remove and retrieve Plaintiff, TIMOTHY SPROTT, from class. Based on his observations of RONALD STEVENS and TIMOTHY SPROTT, Defendant KINCAID should have suspected that DISTRICT students, including the Plaintiffs, were suffering, or faced a threat of suffering, sexual abuse by RONALD STEVENS. Defendant Kincaid is liable under R.C. § 2151.421 for failing to report RONALD STEVENS' known and/or reasonably suspected abuse to the appropriate authorities. The OTTAWA HILLS Defendants are vicariously liable for Defendant KINCAID'S breaches of R.C. § 2151.421 while acting within the course and scope of his employment with the OTTAWA HILLS Defendants.

38.     Defendant KRISTIN JOHNSON, [hereinafter referred to as "JOHNSON"] a resident of Lucas County, Ohio, was a schoolteacher within the DISTRICT. Defendant JOHNSON permitted RONALD STEVENS, a maintenance employee with no teaching credentials or certifications, and who was not a coach of any of the DISTRICT's sports teams, to repeatedly remove and retrieve Plaintiff, TIMOTHY SPROTT, from class. Based on her observations of RONALD STEVENS and Plaintiff TIMOTHY SPROTT, Defendant JOHNSON should have suspected that DISTRICT students, including the Plaintiffs, were suffering, or faced a threat of suffering, sexual abuse by RONALD STEVENS. Defendant JOHNSON is liable under R.C. § 2151.421 for failing to report RONALD STEVENS' known and/or reasonably suspected abuse to the appropriate authorities. The OTTAWA HILLS Defendants are vicariously liable for Defendant JOHNSON's breaches of R.C. § 2151.421 while acting within the course and scope of

her employment with the OTTAWA HILLS Defendants.

39.     Defendant KAY COCKE, [hereinafter referred to as "COCKE"] a resident of Lucas County, Ohio, was a schoolteacher within the DISTRICT. Defendant COCKE permitted RONALD STEVENS, a maintenance employee with no teaching credentials or certifications, and who was not a coach of any of the DISTRICT's sports teams, to repeatedly retrieve and remove Plaintiff, TIMOTHY SPROTT, from class. Based on her observations of RONALD STEVENS and TIMOTHY SPROTT, Defendant COCKE should have suspected that DISTRICT students, including the Plaintiffs, were suffering, or faced a threat of suffering, sexual abuse by RONALD STEVENS. Defendant COCKE is liable under R.C. § 2151.421 for failing to report RONALD STEVENS' known and/or reasonably suspected abuse to the appropriate authorities. The OTTAWA HILLS Defendants are vicariously liable for Defendant COCKE's breaches of R.C. § 2151.421 while acting within the course and scope of her employment with the OTTAWA HILLS Defendants.

40.     Defendant, GERRY DAVIS, [hereinafter referred to as "DAVIS"] a resident of Lucas County, Ohio, was a schoolteacher within the DISTRICT. Defendant DAVIS permitted RONALD STEVENS, a maintenance employee with no teaching credentials or certifications, and who was not a coach of any of the DISTRICT's sports teams, to repeatedly remove and retrieve Plaintiff, TIMOTHY SPROTT, from class. Based on his observations of RONALD STEVENS and TIMOTHY SPROTT, Defendant DAVIS should have suspected that DISTRICT students, including the Plaintiffs, were suffering, or faced a threat of suffering, sexual abuse by RONALD STEVENS. Defendant DAVIS is liable under R.C. § 2151.421 for failing to report RONALD STEVENS' known and/or reasonably suspected abuse to the appropriate authorities. The OTTAWA HILLS Defendants are vicariously liable for Defendant DAVIS' breaches of R.C. §

2151.421 while acting within the course and scope of his employment with the OTTAWA HILLS Defendants.

41.     Defendant, ELIZABETH PUSKALA, [hereinafter referred to as "PUSKALA"], a resident of Lucas County, Ohio, was a schoolteacher within the DISTRICT. Defendant PUSKALA permitted RONALD STEVENS, a maintenance employee with no teaching credentials or certifications, and who was not a coach of any of the DISTRICT's sports teams, to repeatedly remove and retrieve, or excuse Plaintiff, TIMOTHY SPROTT, from class. Based on her observations of RONALD STEVENS and TIMOTHY SPROTT, Defendant PUSKALA should have suspected that DISTRICT students, including the Plaintiffs, were suffering, or faced a threat of suffering, sexual abuse by RONALD STEVENS. Defendant PUSKALA is liable under R.C. § 2151.421 for failing to report RONALD STEVENS' known and/or reasonably suspected abuse to the appropriate authorities. The OTTAWA HILLS Defendants are vicariously liable for Defendant PUSKALA'S breaches of R.C. § 2151.421 while acting within the course and scope of her employment with the OTTAWA HILLS Defendants.

42.     Defendant, JULIE VISSER, [hereinafter referred to as "VISSER"], a resident of Lucas County, Ohio, was a schoolteacher within the DISTRICT. Defendant VISSER permitted RONALD STEVENS, a maintenance employee with no teaching credentials or certifications, and who was not a coach of any of the DISTRICT's sports teams, to repeatedly remove and retrieve Plaintiff, TIMOTHY SPROTT, from class. Based on her observations of RONALD STEVENS and TIMOTHY SPROTT, Defendant VISSER should have suspected that DISTRICT students, including the Plaintiffs, were suffering, or faced a threat of suffering, sexual abuse by RONALD STEVENS. Defendant VISSER is liable under R.C. § 2151.421 for failing to report RONALD STEVENS' known and/or reasonably suspected abuse to the appropriate authorities. The

21

OTTAWA HILLS Defendants are vicariously liable for Defendant VISSER'S breaches of R.C. § 2151.421 while acting within the course and scope of her employment with the OTTAWA HILLS Defendants.

43.     Defendant, DARRIN BROADWAY, [hereinafter referred to as "BROADWAY"], a resident of Lucas County, Ohio, was a schoolteacher within the DISTRICT. Defendant BROADWAY received, and subsequently dismissed, repeated complaints regarding RONALD STEVENS' inappropriate behavior with students, including the Plaintiffs. Based on his observations of RONALD STEVENS, Defendant BROADWAY should have suspected that DISTRICT students, including the Plaintiffs, were suffering, or faced a threat of suffering, sexual abuse by RONALD STEVENS. Defendant BROADWAY is liable under R.C. § 2151.421 for failing to report RONALD STEVENS' known and/or suspected abuse to the appropriate authorities. The OTTAWA HILLS Defendants are vicariously liable for Defendant BROADWAY'S breaches of R.C. § 2151.421 while acting within the course and scope of his employment with the OTTAWA HILLS Defendants.

44.     Defendant, NOREEN HANLON, [hereinafter referred to as "HANLON"], a resident of Lucas County, Ohio, was a schoolteacher within the DISTRICT. Defendant HANLON also received, and subsequently dismissed, at least one complaint regarding RONALD STEVENS inappropriate behavior with students. Based on her direct knowledge of RONALD STEVENS' inappropriate conduct, Defendant HANLON should have reasonably suspected that DISTRICT students, including the Plaintiffs, were suffering, or faced a threat of suffering, sexual abuse by RONALD STEVENS. Defendant HANLON is liable under R.C. § 2151.421 for failing to report RONALD STEVENS' known and/or reasonably suspected abuse to the appropriate authorities. The OTTAWA HILLS Defendants are vicariously liable for Defendant HANLON'S breaches of

R.C. § 2151.421 while acting within the course and scope of his employment with the OTTAWA HILLS Defendants.

45.     Defendant, ABIGAIL DeWIRE, [hereinafter referred to as Defendant "DeWIRE"], was a schoolteacher within the DISTRICT. Defendant DeWIRE had specific knowledge of RONALD STEVENS' inappropriate behavior with students and complained to other school officials regarding RONALD STEVENS' inappropriate behavior with students but did not present her complaints and reasonable suspicions to the proper authorities as required under Ohio law. After Defendant DeWIRE presented her complaints to school officials, those complaints were ignored, and Defendant DeWIRE knew her complaints were ignored. Based on her observations of RONALD STEVENS, Defendant DeWIRE knew and suspected that DISTRICT students, including the Plaintiffs, were suffering, or faced a threat of suffering, sexual abuse by RONALD STEVENS. Defendant DeWIRE is liable under R.C. § 2151.421 for failing to report RONALD STEVENS' known and/or reasonably suspected abuse to the appropriate authorities. The OTTAWA HILLS Defendants are vicariously liable for Defendant DeWIRE'S breaches of R.C. § 2151.421 while acting within the course and scope of her employment with the OTTAWA HILLS Defendants.

46.     Defendant, LAUREN HURST, [hereinafter referred to as "HURST"], a resident of Lucas County, Ohio, was a schoolteacher within the DISTRICT. Based on her observations of RONALD STEVENS and TIMOTHY SPROTT, Defendant HURST suspected that DISTRICT students, including the Plaintiffs, were suffering, or faced a threat of suffering, sexual abuse by RONALD STEVENS. In fact, Defendant HURST specifically complained to school officials that TIMOTHY SPROTT's performance in her class was suffering and, on information and belief, expressed concerns regarding TIMOTHY SPROTT's relationship with DISTRICT maintenance

worker RONALD STEVENS. However, despite this specific knowledge and her reasonable suspicion that Plaintiff, TIMOTHY SPROTT, was suffering, or faced a threat of suffering, sexual abuse or other harm by RONALD STEVENS, Defendant HURST did not report RONALD STEVENS' known and/or reasonably suspected abuse to the appropriate authorities. Defendant HURST is liable under R.C. § 2151.421 for failing to report RONALD STEVENS to the appropriate authorities. The OTTAWA HILLS Defendants are vicariously liable for Defendant HURST'S breaches of R.C. § 2151.421 while acting within the course and scope of her employment with the OTTAWA HILLS Defendants.

47.     Defendants SILVERS, KINCAID, JOHNSON, COCKE, DAVIS, PUSKALA, VISSER, BROADWAY, HANLON, DeWIRE, and HURST, are sometimes collectively referred to herein as the FACULTY Defendants.

48.     The OTTAWA HILLS Defendants are vicariously liable for the acts of Defendant RONALD STEVENS, who, at all times relevant, was acting within the course and scope of his employment and/or agency with the OTTAWA HILLS Defendants.

49.     The OTTAWA HILLS Defendants are vicariously liable for the acts and/or omissions of Defendant KRISTIE STEVENS, who, at all times relevant, was acting within the course and scope of her employment and/or agency with the OTTAWA HILLS Defendants.

50.     The OTTAWA HILLS Defendants are vicariously liable for the acts and/or omissions of the ADMINISTRATION Defendants, who, at all times relevant, were acting within the course and scope of their employment and/or agency with the OTTAWA HILLS Defendants.

51.     The OTTAWA HILLS Defendants are vicariously liable for the acts and/or omissions of the FACULTY Defendants, who, at all times relevant, were acting within the course and scope of their employment and/or agency with the OTTAWA HILLS Defendants.

## SPECIFIC FACTUAL ALLEGATIONS
## <u>TIMOTHY SPROTT</u>

52.      Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

53.      Plaintiff, TIMOTHY SPROTT, was born on March 10, 2002.

54.      At all times relevant hereto, Plaintiff, TIMOTHY SPROTT, attended Ottawa Hills School DISTRICT schools.

55.      When TIMOTHY SPROTT was 15 years old, he needed assistance in English class. The ADMINISTRATION Defendants suggested that RONALD and KRISTIE STEVENS should help and tutor TIMOTHY SPROTT. At first, KRISTIE STEVENS, a certified schoolteacher, began tutoring TIMOTHY SPROTT.

56.      Eventually Defendant KRISTIE STEVENS allowed RONALD STEVENS, a school maintenance employee with no educational training or certifications, to "tutor" TIMOTHY SPROTT in her stead. After RONALD STEVENS began informally "tutoring" TIMOTHY SPROTT, the ADMINISTRATION Defendants asked, recommended, and/or pressured Ms. Sprott to allow RONALD STEVENS to continue "tutoring" TIMOTHY SPROTT, even though he had no educational training or certifications, and further pressured her to grant RONALD STEVENS guardianship rights over TIMOTHY SPROTT.

57.      Defendant RONALD STEVENS was not a schoolteacher or school official with any legitimate educational interest in TOMOTHY SPROTT'S scholastic records under the Family Educational Rights and Privacy Act ("FERPA"). Accordingly, the OTTAWA HILLS Defendants required and facilitated written permission from Michelle Sprott, including, eventually, a form granting DISTRICT maintenance employee RONALD STEVENS guardianship rights over TIMOTHY SPROTT.

25

58.     Under the guise of tutoring TIMOTHY SPROTT, Defendant RONALD STEVENS began habitually sexually abusing TIMOTHY SPROTT.

59.     Defendant RONALD STEVENS first abused TIMOTHY SPROTT in 2017, when TIMOTHY SPROTT was 15 years old.

60.     Defendant RONALD STEVENS sexually abused TIMOTHY SPROTT approximately 200-300 times from 2017 to 2019.

61.     During this period, Defendant RONALD STEVENS orally raped TIMOTHY SPROTT approximately 150 times and used sex toys on TIMOTHY SPROTT'S genitals approximately 150 times.

62.     Defendant RONALD STEVENS also regularly touched TIMOTHY SPROTT'S genitals with his hands, masturbated in front of TIMOTHY SPROTT, pressured TIMOTHY SPROTT to record and send to him pictures and videos of TIMOTHY SPROTT masturbating, and touched TIMOTHY SPROTT'S buttocks while he was walking through the halls at the DISTRICT'S Junior/Senior High School.

63.     This sexual abuse occurred at RONALD STEVENS' offices in the DISTRICT'S Elementary School and Junior/Senior High School, the DISTRICT'S Junior/Senior High School boys' locker room, RONALD and KRISTIE STEVENS' home, and TIMOTHY SPROTT'S home.

64.     On many occasions in which RONALD STEVENS abused TIMOTHY SPROTT at the STEVENS' residence, Defendant KRISTIE STEVENS was present in the home. On information and belief, Defendant KRISTIE STEVENS knew and/or had a reasonable suspicion that RONALD STEVENS was sexually abusing TIMOTHY SPROTT, and aided and abetted RONALD STEVENS' continued sexual abuse of TIMOTHY SPROTT, including, by not reporting suspected abuse under R.C. § 2151.421.

65.     TIMOTHY SPROTT told RONALD STEVENS to stop abusing him on multiple occasions, but RONALD STEVENS nevertheless continued abusing TIMOTHY SPROTT.

66.     At no time was RONALD STEVENS' sexual abuse of TIMOTHY SPROTT consensual.

67.     High school students cannot legally consent to sexual interactions/contact with school employees as a matter of Ohio law.

**SPECIFIC FACTUAL ALLEGATIONS**
**J.S., A MINOR**

68.     Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

69.     Plaintiff J.S. was born on December 13, 2005.

70.     RONALD STEVENS began abusing J.S. in February of 2019, when J.S. was 13 years old.

71.     RONALD STEVENS touched J.S.'s genitals with his hands, including underneath his clothes. RONALD STEVENS also pressured J.S. to record and send him pictures and/or video of J.S.'s genitals.

72.     While at RONALD and KRISTIE STEVENS' home in 2019, RONALD STEVENS moved his hand up J.S.'s leg and touched his penis underneath his clothes. RONALD STEVENS then rubbed and stroked J.S.'s penis.

73.     RONALD STEVENS also shaved J.S.'s pubic hair.

74.     RONALD STEVENS abused J.S. in his car on school grounds and at RONALD and KRISTIE STEVENS' home. On information and belief, Defendant KRISTIE STEVENS was at home during the sexual abuse of J.S. and knew and/or had a reasonable suspicion that RONALD STEVENS was sexually abusing J.S., and aided and abetted RONALD STEVENS' continued

sexual abuse of J.S., including, by not reporting suspected abuse under R.C. § 2151.421.

75.     RONALD STEVENS' sexual abuse of J.S. was nonconsensual.

## SPECIFIC FACTUAL ALLEGATIONS
## B.B., A MINOR

76.     Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

77.     B.B. was born on January 3, 2006.

78.     RONALD STEVENS began abusing B.B. during the start of the 2019 school year, when B.B. was 13 years old.

79.     During sleepovers at RONALD AND KRISTIE STEVENS' home, RONALD STEVENS would claim he wanted to help B.B. stretch before bed. While "stretching" B.B.'s leg, RONALD STEVENS would move his hands up B.B.'s leg and touch his penis underneath his clothes. RONALD STEVENS then rubbed and stroked B.B.'s penis.

80.     Also, during sleepovers at RONALD AND KRISTIE STEVENS' home, RONALD STEVENS would touch and massage B.B.'s buttocks.

81.     On information and belief, Defendant KRISTIE STEVENS was at home during the sexual abuse of B.B. and knew and/or had a reasonable suspicion that RONALD STEVENS was sexually abusing B.B., and aided and abetted RONALD STEVENS' continued sexual abuse of B.B., including, by not reporting suspected abuse under R.C. § 2151.421.

82.     RONALD STEVENS abused B.B. in this fashion approximately 5-10 times.

83.     RONALD STEVENS' abuse of B.B. was nonconsensual.

## COMMON FACTUAL ALLEGATIONS

84.     Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

85.     At all times relevant, all Defendants were acting under the color of law, to wit, under color of statutes ordinances, regulations, customs, and usages of the State of Ohio and/or Ottawa Hills.

86.     The OTTAWA HILLS Defendants oversee two schools in the Ottawa Hills community – an elementary school and a junior/senior high school.

87.     In August of 2001, Defendant RONALD STEVENS was hired by the OTTAWA HILLS Defendants as a Custodian. Defendant RONALD STEVENS had achieved a high school diploma, but had no prior training, certifications, or experience in education.

88.     In February of 2007, the OTTAWA HILLS Defendants promoted Defendant RONALD STEVENS to Maintenance Person.

89.     Upon information and belief, Defendant KRISTIE STEVENS was hired by the OTTAWA HILLS Defendants in or about 2008 as a schoolteacher and has since been promoted to a supervisory position as a "gifted intervention specialist."

90.     At all times relevant, Defendants RONALD STEVENS and KRISTIE STEVENS lived in the same household located on West Bancroft Street in Ottawa Hills.

91.     At all relevant times, Defendant RONALD STEVENS maintained an office within the DISTRICT at both its Elementary School and Junior/Senior High School in Ottawa Hills, Ohio.

92.     In January of 2017, the DISTRICT promoted Defendant RONALD STEVENS to Operations Manager. "The Operations Team is responsible for maintaining all [DISTRICT] facilities, inside and out. This includes custodial duties, grounds maintenance, snow removal, and building maintenance."[1]

_____

[1] https://www.ohschools.org/about-us/technology/operations, last visited August 14, 2023.

93.     At no point during Defendant RONALD STEVENS' employment with the DISTRICT did he have any formal job duties or responsibilities relating to the education, instruction, or supervision of students, nor did he have the education, training, certifications, or qualifications required to educate, tutor, instruct, or supervise students attending the OTTAWA HILLS Defendants' schools, including as a coach, which he was not. Defendant RONALD STEVENS' sole job at the school related to building maintenance and custodial duties.

94.     At all times relevant, the OTTAWA HILLS Defendants and ADMINISTRATION Defendants had the responsibility and duty to ensure that the FACULTY Defendants, including Defendant KRISTIE STEVENS, were properly trained in identifying and properly reporting inappropriate conduct as required by Title IX and suspected abuse as required by R.C. § 2151.421.

95.     At all times relevant, the OTTAWA HILLS Defendants and ADMINISTRATION Defendants had the responsibility and duty, under minimum industry standards, to implement proper policies, procedures, and programs to prevent and reduce the risk of sexual abuse of DISTRICT students, including abuse by DISTRICT staff. The OTTAWA HILLS and ADMINSRTATION Defendants recklessly failed to implement and enforce minimum industry standards to prevent and reduce the risk of sexual abuse of DISTRICT students.

96.     During his employment with the OTTAWA HILLS Defendants, Defendant RONALD STEVENS repeatedly and habitually sexually assaulted, abused, and molested Plaintiffs by engaging in nonconsensual sexual touching, assault, and harassment, including on school DISTRICT grounds during school hours.

### The DISTRICT's Culture, Policies, Practices, and Customs Authorized and Permitted Inappropriate, Unsupervised Relationships and Contact with Students

97.     While Defendant RONALD STEVENS was working for the OTTAWA HILLS Defendants in the Maintenance and Custodial Services Department, there existed a culture within the DISTRICT that permitted maintenance and custodial staff to have inappropriate, unsupervised relationships and contact with minor students under circumstances where sexual abuse was likely to, did, and should have been known to occur.

98.     The DISTRICT, BOARD, ADMINISTRATION, and FACULTY Defendants were all aware of this culture within the DISTRICT's schools that permitted maintenance and custodial staff to have inappropriate, unsupervised contact with students both on and off campus.

99.     In August of 2014, for example, a male custodian employed by the OTTAWA HILLS Defendants criminally abused a female student in a private area of the high school, on Defendant DISTRICT's premises. The custodian was criminally charged for this behavior, but the OTTAWA HILLS Defendants allowed him to resign.

100.     On information and belief, Defendant RONALD STEVENS was aware of this male custodian's inappropriate conduct and contact with students while in unsupervised areas of the school but never reported this abuse as required.

101.     The OTTAWA HILLS and ADMINISTRATION Defendants took no action to prevent further abuse of their students by the maintenance and custodial staff or to otherwise implement minimum best practices to prevent such abuse and/or situations and environments that place students at risk for such abuse. Furthermore, the OTTAWA HILLS and ADMINISTRATION Defendants took no action to inform the parents of students regarding this incident. The OTTAWA HILLS and ADMINISTRATION Defendants, through their appointed officials, employees, agents and/or representatives, knew that there was a clear and persistent

31

pattern of sexual assault and ratified the behavior and conduct of the maintenance and/or custodial personnel, thus permitting and/or being recklessly indifferent to a custom, policy and/or practice for maintenance and/or custodial staff to have direct contact with minor students under circumstances and in situations that put students at risk for sexual abuse, and to effectuate sexually inappropriate conduct, including harassment, assault, and rape. Indeed, RONALD STEVENS' sexual abuse of DISTRICT students was permitted to occur immediately following the known sexual abuse of a minor student by a fellow maintenance worker at the DISTRICT on school grounds.

102.    Rather than properly investigating the matter and implementing minimum industry standards and requirements to prevent such conduct and protect students, the OTTAWA HILLS and ADMINISTRATION Defendants, according to Defendant DeWIRE "brushed [this incident] under the rug," paving the way for further abuse, including, but not limited to, the abuse detailed in this Complaint. In doing so, the OTTAWA HILLS and ADMINISTRATION Defendants, authorized, permitted, condoned, ratified, and/or encouraged the custodians and/or maintenance personnel to continue to have improper contact with students and continue sexually abusing students at the DISTRICT, and were directly responsible for creating the conditions conducive for such abuse to continue. The OTTAWA HILLS Defendants' customs, policies, and/or practices in this regard made it substantially certain that students' constitutional rights would be violated, and they were. These customs, policies, and/or procedures proximately caused the violations of Plaintiffs' constitutional rights as alleged herein.

103.    The OTTAWA HILLS and ADMINISTRATION Defendants' reaction to this male custodian's inappropriate conduct, including their refusal to take action to prevent similar conduct, and their refusal to inform parents and students of the incident, show their adoption,

ratification, and acquiescence to this conduct, which included permitting maintenance staff to have unsupervised contact with students, paving the way for Defendant RONALD STEVENS' abuse of students, including the Plaintiffs.  The reaction is evidence of these Defendants' custom, policy, and/or practice of allowing or otherwise not preventing sexual abuse of students.

104.    Additionally, the OTTAWA HILLS and ADMINISTRATION Defendants recklessly failed to properly train and supervise the FACULTY Defendants to observe, detect, and report staff members' inappropriate sexual or other behavior with students in order to be in compliance with Title IX and Ohio law, a violation and failure which resulted in various FACULTY Defendants repeatedly allowing Defendant RONALD STEVENS' to remove minor students from class to have unsupervised contact with those students, during which he sexually abused them, paving the way for Defendant RONALD STEVENS' sexual abuse of students, including the Plaintiffs, both on and off campus.

105.    The OTTAWA HILLS and ADMINSTRATION Defendants recklessly failed to supervise Defendant RONALD STEVENS in his role as a maintenance worker. These Defendants' reckless failure to supervise Defendant RONALD STEVENS was a direct and proximate cause of the sexual abuse referenced in this Complaint.

106.    Despite this incident in August 2014, in which a custodial/maintenance staff member engaged in inappropriate conduct with a student in an unsupervised area of the school, the OTTAWA HILLS and ADMINISTRATION Defendants authorized and allowed Defendant RONALD STEVENS, another maintenance worker, to cover the windows of one of his offices with black paper, so that he could have unsupervised contact with minor students during which no one could see what was taking place. Defendant RONALD STEVENS' other office had no windows at all. There is no legitimate educational purpose for a middle-aged maintenance worker

to routinely have private closed door "meetings" with young boys in a room outfitted with blacked out windows. And yet this persisted at the DISTRICT; it was routine.

107.    Upon information and belief, an I.T. professional expressed concern to the OTTAWA HILLS and ADMINISTRATION Defendants regarding Defendant RONALD STEVENS' blacked-out office windows, concerns the Defendants dismissed without appropriate investigation or inquiry. The OTTAWA HILLS and ADMINISTRATION Defendants looked the other way and thus, authorized, condoned, and encouraged such behavior to continue.

108.    Additionally, upon information and belief, Defendant RONALD STEVENS was authorized and permitted to have unfettered access to the DISTRICTS' on-site security cameras and software systems, including the monitoring of footage and placement of security cameras.

### Defendant RONALD STEVENS Begins Inappropriate and Worrisome Behavior with Students About Which the Defendants are Aware

109.    In 2015, shortly after a DISTRICT maintenance worker sexually abused a minor student on school grounds, Defendant, RONALD STEVENS, a DISTRICT maintenance worker, began inappropriately interacting with and messaging minor students on social media.

110.    In 2016, Defendant KRISTIE STEVENS repeatedly pulled a fourth-grade male student out of class to send him to RONALD STEVENS' office to "meet" privately with Defendant RONALD STEVENS, despite him not having any educational training and/or certifications. Additionally, around this same time, Defendant RONALD STEVENS would pull Plaintiff's Minor, B.B., out of class to purportedly practice baseball.

111.    In October of 2017, Michelle Sprott met with ADMINISTRATION Defendants PATTERSON, McMURRAY, and BROWNE, regarding concerns of potential bullying of her son, TIMOTHY SPROTT, at school. Ms. Sprott asked if she could sit in on some of TIMOTHY SPROTT's classes to observe and monitor. Defendant BROWNE responded, "No." Defendant

PATTERSON suggested that RONALD STEVENS should formally help and mentor TIMOTHY SPROTT, as he was already helping TIMOTHY SPROTT with English homework in conjunction with Defendant KRISTIE STEVENS. Defendant RONALD STEVENS is not an English teacher or tutor.

112.     At this time, Ms. Sprott was unaware that Defendant RONALD STEVENS was not qualified to educate or supervise students at the school. Furthermore, Ms. Sprott was unaware of any prior issues at the OTTAWA HILLS Defendants' schools relating to maintenance and custodial staff having inappropriate, unsupervised contact with students.

113.     Beginning in 2017, Defendant RONALD STEVENS engaged in Snapchat communications with certain Plaintiffs and other young boys enrolled at the OTTAWA HILLS Defendants' schools.

114.     Defendant RONALD STEVENS sent Snapchat messages to certain Plaintiffs and other young boys discussing sex, masturbation, and other highly inappropriate subjects for a middle-aged nonparent male maintenance employee to be having with minor students, and would send and solicit inappropriate, sexually explicit photographs and videos.

115.     In or around November of 2017, Defendant RONALD STEVENS began sexually abusing Plaintiff TIMOTHY SPROTT, by touching his genitals and raping him.

**The First Known Complaint Regarding RONALD STEVENS**

116.     On or around November 3, 2017, Defendant RONALD STEVENS took several male students, including Plaintiff, TIMOTHY SPROTT, but not STEVENS' own sons, out on a late-night car ride, in which he played sexually explicit music for the minor boys and engaged in other inappropriate behavior. One of the boys recorded a video of the interaction.

117.     On or about November 6, 2017, one boy's parent discovered the video her son

had taken days before during the late-night car ride with Defendant RONALD STEVENS.

118.    On November 16, 2017, that parent complained to the OTTAWA HILLS and ADMINISTRATION Defendants regarding what was perceived to be Defendant RONALD STEVENS' inappropriate conduct and contact with young male students and presented these Defendants with: (1) copies of Snapchat messages between Defendant RONALD STEVENS and DISTRICT students, including certain Plaintiffs; and (2) a video depicting Defendant RONALD STEVENS driving late at night with students in his car.

119.    On November 17, 2017, Defendant McMURRAY advised the parent that he and Defendant PATTERSON had met with Defendant RONALD STEVENS and suggested he use better judgment regarding "boundaries." Furthermore, Defendant McMURRAY relayed to the parent that he and Defendant PATTERSON had instructed Defendant RONALD STEVENS to stop communicating with the boys on Snapchat.

120.    However, despite Defendant RONALD STEVENS' inappropriate messages and behavior with these young boys, Defendant McMURRAY defended Defendant RONALD STEVENS when speaking with this parent and justified STEVENS' conduct. Defendant McMURRAY reasoned that Defendant RONALD STEVENS was "mentoring" and "tutoring" these boys. Upon hearing this, the parent became very upset because no consent had been given for any such arrangement, about which the parent was even unaware. Defendants McMURRAY and PATTERSON created and/or increased the danger and risk of harm to the Plaintiffs and others, by advocating for Defendant RONALD STEVENS' continued, albeit illegitimate and entirely unsupervised or formalized "mentoring and tutoring program," in reckless disregard for their students' safety, thereby increasing the risk that Plaintiffs would be exposed to Defendant RONALD STEVENS' abuse both on and off school grounds.

121.     The OTTAWA HILLS and ADMINISTRATION Defendants took no other action to investigate this parent's complaints. These Defendants did not interview the involved students, did not document the incident in Defendant RONALD STEVENS' personnel file, did not issue Defendant RONALD STEVENS any formal or written warning or reprimand, provided no training, and, most importantly, did not inform, and withheld this information from, the parents of the other involved students, such as Ms. Sprott, about the incident. Additionally, the OTTAWA HILLS and ADMINISTRATION Defendants did not review any applicable guidelines or appropriately investigate this conduct in accordance with the regulations and requirements set forth by Title IX, and in doing so explicitly and implicitly condoned the continued off campus interactions, under the guise of a non-existent and/or illegitimate and/or recklessly ill-advised "mentoring and tutoring" program, leading to further sexual assaults, molestation and harassment of DISTRICT students on and off school grounds.

122.     Defendant RONALD STEVENS exited Snapchat only to re-engage the young boys, the very next day, under a different username, where he continued his inappropriate behavior and communications with minor students. Defendant RONALD STEVENS also continued off-school interactions, with permission and the authority of the OTTAWA HILLS and ADMINISTRATION Defendants under the guise of "mentoring and tutoring" and with the OTTAWA HILLS and ADMINISTRATION Defendants' backing and support.

123.     No further attempt was made by the OTTAWA HILLS and ADMINISTRATION Defendants to follow up with or monitor Defendant RONALD STEVENS' behavior to ensure his compliance with the suggestion that he use better judgment regarding "boundaries" with young boys.

124.     In fact, the OTTAWA HILLS and ADMINISTRATION Defendants told the

complaining parents to voice any future concerns to the police, as opposed to the school. As such, the OTTAWA HILLS and ADMINISTRATION Defendants knew, were on notice of and/or should have known that these concerns at least potentially warranted law enforcement involvement yet failed to investigate and implement proper guidelines for their employees and/or agents, including Defendant RONALD STEVENS himself, to adhere to in order to prevent further inappropriate and/or sexual conduct from continuing.

### The Defendants Recklessly Put the Plaintiffs in Danger and Failed to Warn and Protect Them

125.    Later in November of 2017, the OTTAWA HILLS and ADMINISTRATION Defendants, through Defendants BROWNE, KRISTIE STEVENS, and PATTERSON, suggested to Ms. Sprott that Defendant RONALD STEVENS should formally tutor TIMOTHY SPROTT in English and mentor him. At this time, Ms. Sprott was unaware of the earlier complaint regarding RONALD STEVENS' inappropriate Snapchat messages with her son or the late-night car ride, nor was she aware that the OTTAWA HILLS and ADMINISTRATION Defendants had direct knowledge of Defendant RONALD STEVENS' inappropriate conduct and failed to properly investigate the complaint. Additionally, Ms. Sprott was unaware that the OTTAWA HILLS and ADMINISTRATION Defendants permitted and supported this "tutoring and mentoring" to occur off campus, outside of school hours, rendering Plaintiffs less safe than they would have been while in class. Likewise, given the suggestion by the OTTAWA HILLS and ADMINISRTATION Defendants, Ms. Sprott had no reason to believe that RONALD STEVENS lacked any certifications, licensure, or qualifications to serve as a tutor or mentor.

126.    Around this time, Defendant PATTERSON recommended and pressured Ms. Sprott to allow Defendant RONALD STEVENS, a maintenance worker with no teaching credentials, to have access to Plaintiff TIMOTHY SPROTT's scholastic records. DISTRICT

employees, including administrative assistants, also authorized and allowed Defendant RONALD STEVENS to provide information regarding TIMOTHY SPROTT's whereabouts, such as whether he would be late for school, and would authorize and allow Defendant RONALD STEVENS to check TIMOTHY SPROTT out of school, which led to sexual assaults, molestation, harassment, and rape, off of school property. These DISTRICT employees never double-checked with Ms. Sprott regarding Defendant RONALD STEVENS' representations about TIMOTHY SPROTT's whereabouts. That is, the DISTRICT's maintenance worker was authorized and permitted to dictate TIMOTHY SPROTT'S day-to-day schedule and whereabouts, utilizing this unprecedented authority and lack of supervision to habitually abuse TIMOTHY SPROTT.

127.    At no time was Defendant RONALD STEVENS qualified under Ohio law or administrative rules or under the minimum applicable industry standards to act as a tutor at a junior high or high school.

128.    At no time was there any semblance or trappings of a legitimate tutoring program or initiative whereby Defendant RONALD STEVENS was tutoring TIMOTHY SPROTT in or out of school. There was no written plan, curriculum, schedule, progress reports or notes, goals, objectives, or any of the other necessary documents and materials that accompany a legitimate tutoring initiative or program.

129.    In early 2018, TIMOTHY SPROTT began doing worse in school with Defendant RONALD STEVENS as his "tutor," because he was being habitually and routinely sexually assaulted and abused by an adult male figure adorned with the authority and legitimacy bestowed upon him by the DISTRICT and OTTAWA HILLS and ADMINISTRATION Defendants as part of TIMOTHY SPROTT's public education. Defendant HURST discussed her concerns regarding

TIMOTHY SPROTT's poor performance in English with Defendant PATTERSON. On information and belief, on at least one occasion, Defendant HURST expressed her concerns regarding TIMOTHY SPROTT's relationship with Defendant RONALD STEVENS to the DISTRICT, BOARD, and ADMINSTRATION Defendants.

130.    Additionally, TIMOTHY SPROTT told his biology teacher, FACULTY Defendant PUSKALA, that he was unable to attend labs because "he needed to meet with Donnie." Defendant PUSKALA failed to report this improper and unexcused absence, and/or was not properly trained in identifying such an inappropriate action. Rather, the policy, custom and practice of a maintenance worker having the authority to privately "meet" with a young boy who should otherwise be in biology class, prevailed.

131.    In February of 2018, the OTTAWA HILLS Defendants, through Defendants BROWNE and PATTERSON, also recommended and pressured Ms. Sprott into signing a "temporary custody agreement" in favor of Defendant RONALD STEVENS, which these Defendants, acting within the course and scope of their employment with the DISTRICT, had prepared. These Defendants told Ms. Sprott that if she did not sign the paperwork, then the school could not help her son and that he would fail his classes. No other option was offered to Ms. Sprott, aside from having Defendant RONALD STEVENS, a maintenance employee, tutor her son. In pressuring Ms. Sprott into signing this "temporary custody agreement," these Defendants knew and/or should have known that such actions would authorize and allow Defendant RONALD STEVENS to continue his unprecedented control over and inappropriate relationship with TIMOTHY SPROTT both on and off campus grounds and both during and outside of regular school hours.

132.    There is no legitimate education-based reason to recommend to a student's parent

that a school maintenance worker be afforded temporary custody of her child in connection with school-related activities and the student's public education, to which he has a clearly established right.

133.     Rather than investigating the prior complaints against Defendant RONALD STEVENS, Defendants BROWNE and PATTERSON facilitated Defendant RONALD STEVENS' ability to continue, accelerate, and exacerbate his sexual abuse of minor students, such as Plaintiffs, on school grounds during school hours and in private settings outside of school hours.

134.     During this school year, FACULTY Defendant DAVIS allowed Defendant RONALD STEVENS to remove TIMOTHY SPROTT from class multiple times per week, effectively depriving TIMOTHY SPROTT of the public education to which he was entitled (so RONALD STEVENS could sexually abuse him). Defendant DAVIS knew or should have known based on the circumstances that it was inappropriate for anyone, even a tutor, much less a maintenance worker, to remove a student from class multiple times per week. Defendant DAVIS failed to report this behavior, which would lead a reasonable person to reasonably suspect that TIMOTHY SPROTT was being abused, to the proper authorities.

135.     FACULTY Defendant PUSKALA repeatedly allowed TIMOTHY SPROTT to miss labs because he was "meeting" with RONALD STEVENS, as well, effectively depriving TIMOTHY SPROTT of the public education to which he was entitled (so RONALD STEVENS could sexually abuse him). Defendant PUSKALA knew or should have known based on the circumstances that it was inappropriate for anyone, even a tutor, much less a maintenance worker, to repeatedly prevent a student from attending labs. Defendant PUSKALA failed to report this behavior, which would lead a reasonable person to suspect that TIMOTHY SPROTT was being

abused, to the proper authorities.

136.    At the start of the 2018 school year, Defendant GNEPPER observed RONALD STEVENS' car at the Sprott residence during school hours while TIMOTHY SPROTT was home (but both were supposed to be in/at the school), and sent a text message stating, on information and belief, "That boy [referring to RONALD STEVENS or potentially TIMOTHY SPROTT] had better be careful, or he's gonna get himself into trouble." Defendant GNEPPER knew or should have known based on the circumstances that it was inappropriate for a school maintenance employee to be at a student's home when his parents were not home during school hours. Defendant GNEPPER failed to report this behavior, which would lead a reasonable person to reasonably suspect that TIMOTHY SPROTT was being abused, to the proper authorities. Defendant GNEPPER never reported this information to Ms. Sprott.

**The Second Known Complaint Regarding RONALD STEVENS**

137.    In August of 2018, Ms. Sprott met with Defendant BROWNE privately to express her belief that something was not right with Defendants RONALD STEVENS and KRISTIE STEVENS. She specifically said that RONALD STEVENS' relationship with TIMOTHY SPROTT seemed abusive and controlling. She further stated that, in reaction to TIMOTHY SPROTT's relationship with Defendant RONALD STEVENS, Defendant KRISTIE STEVENS acted like a "jealous girlfriend." Defendant BROWNE suggested that Ms. Sprott come to meet with her the next day.

138.    The next day, Ms. Sprott met with Defendant BROWNE again and reiterated that something was not right about TIMOTHY SPROTT's relationship with Defendant RONALD STEVENS. Ms. Sprott told Defendant BROWNE that Defendant RONALD STEVENS had been telling TIMOTHY SPROTT what to do and not do, and that he always seemed to be working to

get TIMOTHY SPROTT alone. Ms. Sprott told Defendant BROWNE that during a recent baseball trip to Tennessee, Defendant RONALD STEVENS did not want TIMOTHY SPROTT socializing with the other children, wanted TIMOTHY SPROTT to spend the night with him, and wanted to take TIMOTHY SPROTT alone for a drive up the mountain where they were staying. Ms. Sprott objected to these demands, and Defendant RONALD STEVENS became upset. Defendant KRISTIE STEVENS also became upset during this exchange and yelled at Ms. Sprott, claiming that TIMOTHY SPROTT's relationship with Defendant RONALD STEVENS was "destroying" her family. Ms. Sprott did not authorize private, out-of-school interactions, yet the OTTAWA HILLS and ADMINISTRATION Defendants knew that Defendant RONALD STEVENS was engaging in the very behavior that Ms. Sprott expressly rejected, and they failed to notify her of such conduct despite her concerns and wishes.

139.    Ms. Sprott also told Defendant BROWNE that Defendant RONALD STEVENS had been monitoring TIMOTHY SPROTT's social media conversations with other children, had been monitoring his phone, and had placed tracking devices on his car, monitoring his movements off school property. Ms. Sprott told Defendant BROWNE, in no uncertain terms, that Defendant RONALD STEVENS' relationship with TIMOTHY SPROTT seemed abusive. Defendant BROWNE's response was, "Well, a lot of people do that."

140.    Ms. Sprott then told Defendant BROWNE that she did not want Defendants RONALD STEVENS or KRISTIE STEVENS to have any further contact with TIMOTHY SPROTT, or Minor Plaintiff, J.S. In response, Defendant BROWNE stated that Defendant RONALD STEVENS was "good for TIMOTHY," and that Ms. Sprott would be doing TIMOTHY SPROTT a "disservice" if she prohibited Defendant RONALD STEVENS from spending time with TIMOTHY SPROTT.  Defendant BROWNE explicitly urged and advocated

for Defendant RONALD STEVENS' continued interaction with minor students, and in particular TIMOTHY SPROTT.  In doing so, she created the conditions conducive for continued sexual assault, harassment, and molestation, of Plaintiffs, on and off school property.

141.    Through this conversation with Ms. Sprott, Defendant BROWNE received actual knowledge that TIMOTHY SPROTT was being abused. Defendant BROWNE failed to report Ms. Sprott's allegations to the proper authorities and failed to take any action to prevent further abuse.

142.    At all times relevant, and during this conversation with Ms. Sprott, Defendant BROWNE was one of the DISTRICT's Title IX coordinators, vested with the authority and responsibility to investigate all sexual harassment complaints in accordance with the procedures set forth in the staff and student handbooks.

143.    After this conversation, the OTTAWA HILLS and ADMINISTRATION Defendants, despite Ms. Sprott's protestations, took no action to prevent Defendant RONALD STEVENS from contacting either TIMOTHY SPROTT, or Plaintiff's Minor, J.S.; the abuse of TIMOTHY SPROTT continued, including on school property, during school hours, and the abuse of other young boys, including J.S. and B.B., began.

### The Third Known Complaint Regarding RONALD STEVENS

144.    At all times relevant, and upon information and belief, Defendant RONALD STEVENS was taking TIMOTHY SPROTT off school property to sexually abuse, molest, and rape him with the express and implicit approval of the OTTAWA HILLS and ADMINISTRATION Defendants, as they had facilitated RONALD STEVENS' status as temporary custodian and guardian of TIMOTHY SPROTT and otherwise recklessly failed to supervise RONALD STEVENS.

145.     On October 8, 2018, after Ms. Sprott's conversation with Defendant BROWNE, the OTTAWA HILLS and ADMINISTRATION Defendants allowed Defendant RONALD STEVENS to excuse TIMOTHY SPROTT from school that day with a handwritten note stating, "Please excuse Tim Sprott October 8, 2018 for an appointment." Plaintiff TIMOTHY SPROTT did not have an appointment that day and, instead, was being sexually abused by Defendant RONALD STEVENS instead of being at school. Additionally, OTTAWA HILLS and the ADMINISTRATION Defendants never requested documentation after the alleged "appointment" to verify such a request, ignoring the improper conduct, and thus tacitly encouraged such behavior to continue and/or otherwise recklessly failed to supervise RONALD STEVENS.

146.     On October 17, 2018, a substitute administrative assistant at the school contacted Ms. Sprott to inform her that Plaintiff TIMOTHY SPROTT was not at school. Ms. Sprott called both Defendant RONALD STEVENS and TIMOTHY SPROTT, but neither answered. Ms. Sprott went to Defendant RONALD STEVENS' house, where she found TIMOTHY SPROTT's car in the driveway. She knocked on the doors and windows but received no response. She then went back to the school, where Defendant RONALD STEVENS appeared and suggested that TIMOTHY SPROTT probably fell asleep at his home during lunch.

147.     That same day, Ms. Sprott met with Defendant BROWNE again to complain about the fact that her son's car was at Defendant RONALD STEVENS' home and that he was not in school. In response, Defendant BROWNE stated that TIMOTHY SPROTT probably fell asleep because he was stressed about upcoming state testing. During this exchange, TIMOTHY SPROTT appeared at school.

148.     Up to this point, Ms. Sprott had no idea that Defendant RONALD STEVENS

had been removing TIMOTHY SPROTT from class and school grounds. The Defendants had withheld that information from her. Ms. Sprott learned that TIMOTHY SPORTT had missed many days of school and that she had not been notified. She told Defendant BROWNE that she did not want Defendant RONALD STEVENS removing her son from class or school grounds anymore and that she did not want TIMOTHY SPROTT leaving school during school hours for any reason.

149.     After these complaints from Ms. Sprott, Defendant BROWNE, rather than inquiring about the improper conduct, pressured Ms. Sprott to execute a "Temporary Guardianship Agreement," which the OTTAWA HILLS and/or ADMINISTRATION Defendants prepared and later improperly notarized after Ms. Sprott signed it and left the premises.  In preparing this document, these Defendants ignored Ms. Sprott's concerns, and thus condoned and actively encouraged the inappropriate behavior to continue.

150.     By pressuring Ms. Sprott to execute this agreement, following numerous complaints regarding Defendant RONALD STEVENS' inappropriate conduct with students, including the Plaintiffs, the OTTAWA HILLS and ADMINISTRATION Defendants, and Defendant BROWNE in particular, recklessly placed TIMOTHY SPROTT in danger and substantially increased the risk that TIMOTHY SPROTT would continue to be sexually abused by Defendant RONALD STEVENS. The OTTAWA HILLS and ADMINISTRATION Defendants were deliberately indifferent to the complaints and obvious evidence of inappropriate conduct and condoned, ratified, or encouraged the custodian and/or maintenance personnel, such as Defendant RONALD STEVENS, to continue his abusive and inappropriate relationship with minor students, as a matter of policy or custom or practice.

151.     Despite Ms. Sprott's complaints to the OTTAWA HILLS and

ADMINISTRATION Defendants, and in particular Defendant BROWNE, these Defendants failed to take any action to prevent further abuse of the Plaintiffs by Defendant RONALD STEVENS, and further failed to investigate the improper conduct and complaints of Ms. Sprott, and instead, facilitated the continued abuse of TIMOTHY SPROTT. In fact, the OTTAWA HILLS and ADMINISTRATION Defendants facilitated the entry of the "Temporary Guardian Agreement" explicitly putting TIMOTHY SPROTT in further danger of continued sexual assault, molestation, rape, and harassment by Defendant RONALD STEVENS in his private capacity.

### The Fourth Known Complaint Regarding RONALD STEVENS

152.     In December of 2018, Defendant DeWIRE, a former student at the DISTRICT turned FACULTY member, met with Defendants HANLON and PATTERSON to complain about Defendant RONALD STEVENS' suspicious behavior.

153.     Defendant DeWIRE told Defendants HANLON and PATTERSON that Defendant RONALD STEVENS "was creeping on one of [her] girlfriends when [they] were students [at Ottawa Hills.]" and further relayed that "Donnie made a lot of people uncomfortable…" Defendant DeWIRE had direct knowledge of Defendant RONALD STEVENS' inappropriate conduct with former students, while she was a student of the DISTRICT, and as a schoolteacher took no further action to prevent the continued inappropriate conduct towards current students, including the Plaintiffs. Furthermore, Defendant DeWIRE failed to report RONALD STEVENS' sexually inappropriate conduct and/or reasonably suspected abuse to the proper authorities as she was required to do under Ohio law.

154.     After this meeting with Defendant DeWIRE, Defendants HANLON and/or PATTERSON told Defendants BROADWAY and McMURRAY about Defendant DeWIRE's statements and concerns about Defendant RONALD STEVENS.

155.     According to Defendant DeWIRE, she "was listened to, but no change was made or pursued."  Defendant DeWIRE recognized that her concerns fell on deaf ears and were being ignored, yet, as a mandated reporter, failed to report her suspicions or concerns as required, thus allowing the continued abuse and sexual assault of the Plaintiffs and others by Defendant RONALD STEVENS.

156.     Reflecting on this conversation after news of RONALD STEVENS' sexual molestation and rape of the Plaintiffs became public in 2019, Defendant DeWIRE remarked to Defendant HANLON: "Pedophiles are among us and this is real." "It's our responsibility as adults to talk to kids and prevent this. The cycle of abuse needs to end. It's frustrating because I came to you and [Defendant PATTERSON] because I'm comfortable with both of you and I was hoping you might talk to [Defendant McMURRAY] about how this is a big issue and change needs to happen. It's frustrating because this was preventable, and I literally talked to you about this."

157.     Defendants HANLON, PATTERSON, McMURRAY and BROADWAY failed to act on or investigate Defendant DeWIRE's concerns regarding Defendant RONALD STEVENS, whose abuse of the Plaintiffs was ongoing at that time, both on and off school grounds. Furthermore, Defendants HANLON, PATTERSON, McMURRAY, BROADWAY, and DeWIRE failed to report RONALD STEVENS' conduct, which would cause a reasonable person to suspect he was abusing students, to the proper authorities.

158.     As a direct and proximate result of Defendants HANLON, PATTERSON, McMURRAY, BROADWAY, and DeWIRE's, failures to report Defendant RONALD STEVENS' conduct to the proper authorities, or to take action to prevent further abuse of students rather than facilitate it, the Plaintiffs continued to be sexually abused, molested, and raped by

Defendant RONALD STEVENS.

## RONALD STEVENS' Abuse of the Plaintiffs Intensifies

159.     From 2017 through 2019, Defendant RONALD STEVENS sexually abused and/or raped TIMOTHY SPROTT nearly every other day, often on school property, during school hours.

160.     Between February and December of 2019, Defendant RONALD STEVENS molested both J.S. and B.B., among others.

161.     Due to the continued mental and physical abuse, and repeated rapes, TIMOTHY SPROTT attempted to commit suicide in or about November of 2019.

162.     Prior to TIMOTHY SPROTT disclosing Defendant RONALD STEVENS' abuse to Ms. Sprott in November of 2019, FACULTY Defendants SILVERS, KINCAID, JOHNSON, COCKE, and VISSER, all allowed Defendant RONALD STEVENS to repeatedly remove TIMOTHY SPROTT from class without any stated or apparently legitimate reason. These FACULTY Defendants knew or should have known based on the circumstances that it was inappropriate for anyone, even a tutor, much less a maintenance worker, to repeatedly remove a student from class. These FACULTY Defendants failed to report this behavior, which would lead a reasonable person to suspect that TIMOTHY SPROTT was being abused, to the proper authorities.

163.     The OTTAWA HILLS and ADMINISTRATION Defendants authorized and permitted Defendant RONALD STEVENS to remove other boys, including Plaintiffs TIMOTHY SPROTT, J.S., and B.B., from teachers' classrooms – including, most notably, that of Defendant KRISTIE STEVENS. Under Ohio law, due to the number of absences the Plaintiffs incurred as a result of Defendants RONALD and KRISTIE STEVENS removing them from class, the

Defendants had a duty to take action to address the Plaintiffs' truancy pursuant to O.R.C. 3321.191(e).

164.    Recommending and participating in placing Plaintiff TIMOTHY SPROTT under the guardianship of a school maintenance employee with no teaching credentials, who was known by the DISTRICT to have already engaged in inappropriate and sexualized conduct with young boys, was reckless and substantially likely to, and did, result in injury, damage, and harm to TIMOTHY SPROTT.

165.    By authorizing and allowing Defendant RONALD STEVENS, under the circumstances known to them at the time, to "mentor" and "tutor" the Plaintiffs, in the absence of any legitimate program, guidelines, or supervision, to remove them from class, and become TIMOTHY SPROTTS' guardian, the OTTAWA HILLS, ADMINISTRATION, and FACULTY Defendants created and/or increased the danger and risk of harm to the Plaintiffs and others, in reckless disregard for their students' safety, thereby increasing the risk that Plaintiffs would be exposed to Defendant RONALD STEVENS' abuse.

166.    At all times relevant, the Plaintiffs were safer before the OTTAWA HILLS, ADMINISTRATION and FACULTY Defendants allowed Defendant RONALD STEVENS to remove them from class.

167.    At all times relevant, the Plaintiffs were safer before the OTTAWA HILLS, ADMINISTRATION, and FACULTY Defendants allowed Defendant RONALD STEVENS to mentor them both on and off school grounds.

168.    At all times relevant, the Plaintiffs, and in particular TIMOTHY SPROTT, were safer before the OTTAWA HILLS, ADMINISTRATION, and FACULTY Defendants, facilitated Defendant RONALD STEVENS' legal guardianship over Plaintiff TIMOTHY

SPROTT.

169.    Upon removing boys, including Plaintiffs from class, Defendant RONALD

STEVENS, would:

a.    Direct the boys to meet RONALD STEVENS in a designated location later in
the day, to be abused, often simply texting "spot" as an instruction;

b.    Escort the boys directly to one of RONALD STEVENS' clandestine offices
at the DISTRICT, to be abused; or

c.    Transport the boys off school property during school hours, to be abused.

170.    The access to and authority over the minor boys the DISTRICT'S maintenance

worker was afforded, over the course of years, is shocking and unprecedented.

171.    Releasing students from class in the middle of a school day into the care of

Defendant RONALD STEVENS violated DISTRICT policies and procedures and made the

students less safe than when they were in class. By continually allowing the repeated removal of

minor students from class, the OTTAWA HILLS and ADMINISTRATION Defendants

authorized, acquiesced and/or condoned such a behavior, and thus ratified the policy.

172.    The ADMINISTRATION and FACULTY Defendants regularly observed

Defendant RONALD STEVENS in the hallway with students, including Plaintiffs, in the middle

of a school day when these students should have been in class.

173.    The ADMINISTRATION and FACULTY Defendants also observed Defendant

RONALD STEVENS transporting boys, including Plaintiffs, off school property during school

hours – again, when these students should have been in class.

174.    Instead of suspending, investigating, or reporting Defendant RONALD

STEVENS to the appropriate authorities, or limiting RONALD STEVENS ability to interact with

minor students, and in particular the Plaintiffs, the OTTAWA HILLS, ADMINISTRATION and

FACULTY Defendants authorized and facilitated the continued sexual abuse and exploitation of

51

minors. In doing so, the OTTAWA HILLS, ADMINISTRATION, and FACULTY Defendants condoned, ratified, or encouraged Defendant RONALD STEVENS to continue and escalate his behavior, and recklessly created the conditions conducive for continued sexual abuse and exploitation. Due to these actions, Defendant RONALD STEVENS was able to:

  a. Provide boys, including Plaintiffs, condoms on school property, during school hours;

  b. Provide certain Plaintiffs with "Plan B" pills;

  c. Shave certain Plaintiffs' pubic hair;

  d. Have regular "sleepovers" with minor male students, including certain Plaintiffs, at RONALD and KRISTIE STEVENS' home, in which RONALD STEVENS would offer and on occasion provide these male students, including certain Plaintiffs, with melatonin and sometimes alcohol, and give them "massages" that culminated in molestation and/or rape;

  e. Use masturbation devices on these minor male students, including certain Plaintiffs, at his home or in his DISTRICT office during school hours;

175. After TIMOTHY SPROTT attempted suicide, following years of abuse by the DISTRICT'S maintenance worker, Ms. Sprott discovered text messages between TIMOTHY SPROTT and RONALD STEVENS that showed that Defendant RONALD STEVENS had been sexually and emotionally abusing her son, TIMOTHY SPROTT.

176. Ms. Sprott brought these text messages to the attention of Defendant BROWNE, who stated, "This doesn't prove anything." Defendant BROWNE then stated that, even if TIMOTHY SPROTT and RONALD STEVENS were having a sexual relationship, TIMOTHY SPROTT was of the age of consent and that any potential sexual relationship between them would not be any of the school's business. Defendant BROWNE, as the title IX Coordinator for Defendant OTTAWA HILLS, recklessly, willfully and/or wantonly disregarded her duties and responsibilities to investigate these claims and violated her duty under R.C. § 4121.421.

177. Defendant BROWNE'S response to clear evidence of a sexual relationship

52

between a minor student and a school maintenance employee is evidence of a custom, practice or policy at the DISTRICT by which sexual relationships between school employees and minor students were not prohibited, adequately prevented, or otherwise investigated and/or covered up or ignored, and further evidence that she condoned and ratified RONALD STEVENS' inappropriate conduct and sexual contact with minor students, and as Title IX Coordinator for Defendant OTTAWA HILLS was done so in such a manner as to demonstrate a reckless disregard of a substantial risk that serious injury would result to the Plaintiffs, and in particular, TIMOTHY SPROTT. Furthermore, Defendants BROWNE'S response is prima facie evidence of the OTTAWA HILLS and ADMINISTRATION Defendants' policy of permitting and encouraging school employees to engage in sexual relationships with minor students.

178.    Defendant RONALD STEVENS was arrested on December 23, 2019, on allegations of sexual abuse of the DISTRICT's students, including Plaintiffs TIMOTHY SPROTT, J.S. and B.B.

179.    After TIMOTHY SPROTT'S suicide attempt and revelations about RONALD STEVENS, J.S., B.B., and others disclosed that RONALD STEVENS had been sexually abusing them. In or about January of 2020, Plaintiff HAL BURKE and other parents met with the OTTAWA HILLS and ADMINISTRATION Defendants to demand that the Defendants take appropriate action with respect to RONALD STEVENS. Once again, representative of their customs and practices, the OTTAWA HILLS and ADMINISTRATION Defendants were dismissive. Defendant FINESKE told HAL BURKE that the DISTRICT "had too much on its plate to deal with this" and that he "didn't sign up for this." Defendant FINESKE also stated to Hal Burke, "We knew this was coming. We should have gotten rid of this guy a long time ago." This is evidence that Defendant FINESKE knew of RONALD STEVENS' inappropriate contact and conduct with

young male students within the DISTRICT, or at a minimum, that he suspected such inappropriate contact and conduct.

180.    Following Defendant RONALD STEVENS' arrest, certain Plaintiffs felt ostracized and were constructively forced from the DISTRICT, after having been provided no support.

181.    Following Defendant RONALD STEVENS' arrest, Defendant RONALD STEVENS and KRISTIE STEVENS spoke daily for hours by telephone, when Defendant RONALD STEVENS was incarcerated, and discussed RONALD STEVENS' sexual abuse victims via coded conversation (*i.e.*, creating ambiguous nicknames to refer to victims, and using numbers to refer to tasks).

182.    The purpose of these conversations was to have Defendant KRISTIE STEVENS destroy evidence relating to the abuse of victims of Defendant RONALD STEVENS, including Plaintiffs.

183.    During these conversations, RONALD and KRISTIE STEVENS referenced coded letters in each other's possession. RONALD STEVENS instructed, and KRISTIE STEVENS agreed, that the contents of these letters were never to be disclosed, even under threat of torture, and that each letter was to be destroyed; RONALD STEVENS was to eat his letter while KRISTIE STEVENS was to burn hers.

184.    The actions taken by RONALD and KRISTIE STEVENS against Plaintiffs were both willful and malicious.

185.    Despite knowledge of Defendant KRISTIE STEVENS' conduct in this regard, the OTTAWA HILLS and ADMINISTRATION Defendants continued her employment with the DISTRICT, which is evidence of a custom and practice of condoning criminal behavior and failing

to protect students.

186.     In September of 2021, RONALD STEVENS was tried on sexual abuse charges.

187.     During trial, RONALD and KRISTIE STEVENS had out-of-court conversations discussing what certain witnesses had testified to, in direct violation of the presiding judge's separation of witnesses order.

188.     On September 23, 2021, Defendant RONALD STEVENS was found guilty of thirty-one felony counts of sexual abuse and/or rape of the DISTRICT'S students, including Plaintiffs, and on October 12, 2021, was sentenced to 101 years in prison.

189.     Much of RONALD STEVEN's sexual abuse, including rapes, occurred on school property, during school hours; other sexual abuse, including rapes, occurred at the STEVENS household, where Defendant KRISTIE STEVENS also resided.

190.     Upon information and belief, Defendant KRISTIE STEVENS had actual knowledge and/or a reasonable suspicion of and/or was willfully blind to the heinous abuses perpetrated by Defendant RONALD STEVENS upon young boys, including Plaintiffs TIMOTHY SPROTT, J.S., and B.B.

191.     Upon information and belief, the OTTAWA HILLS and ADMINISTRATION Defendants became aware that Defendant KRISTIE STEVENS knew of or reasonably suspected Defendant RONALD STEVENS' abuses, that her actions had served to facilitate the abuses, and that she had conspired with Defendant RONALD STEVENS to destroy evidence of the abuses. To date, upon information and belief, the OTTAWA HILLS and ADMINISTRATION Defendants have failed to report Defendant KRISTIE STEVENS to the proper authorities, and/or terminate her employment, and/or investigate her actions pursuant to Title IX or otherwise.

192.     In fact, after Defendant RONALD STEVENS' arrest, and despite its knowledge

of Defendant KRISTIE STEVENS' actions and involvement, the OTTAWA HILLS and ADMINISTRATION Defendants renewed Defendant KRISTIE STEVENS' contract and subsequently promoted her.

193.    By continuing to employ and then promote Defendant KRISTIE STEVENS, the OTTAWA HILLS and ADMINISTRATION Defendants have condoned, ratified, and acquiesced to Defendants RONALD and KRISTIE STEVENS' conduct, which included sexually abusing students and then destroying the evidence of that abuse.

194.    By continuing to employ Defendant BROWNE, commending her conduct, and then by allowing her to retire, the OTTAWA HILLS and ADMINISTRATION Defendants have condoned, ratified, and acquiesced to Defendant BROWNE's conduct, which included facilitating the sexual abuse of students.

195.    Notwithstanding the OTTAWA HILLS and ADMINISTRATION Defendants' knowledge of Defendant RONALD STEVENS' rampant abuse and rape of DISTRICT students, including on school property, during school hours, and Defendant RONALD STEVENS' related conviction, the OTTAWA HILLS and ADMINISTRATION Defendants subsequently published a newsletter claiming to be one of the "safest" school districts not only in Northwest Ohio, but in the entire State and Nation, and claimed it was proud of what happened in the DISTRICT's classrooms.

As a direct and proximate result of Defendants' collective wrongful, reckless, tortious, and criminal behavior described herein, Plaintiffs are entitled to recover economic, non-economic, and punitive damages, plus interest, costs, and attorney's fees, all as further discussed herein, and as will be offered as proof at trial.

## FIRST CLAIM FOR RELIEF
### Violation of 20 U.S.C. § 1681, *et seq.* Against the OTTAWA HILLS and ADMINISTRATION Defendants
### (Title IX)

196.    Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs.

197.    Plaintiffs are "persons" under 20 U.S.C. § 1681(a), *et seq.*

198.    Plaintiffs were students at the Defendants' schools at the time of the assaults.

199.    Plaintiffs were subject to unlawful discrimination on the basis of sex.

200.    20 U.S.C. § 1681(a) states: "No person in the United States shall on the basis of sex, be...subject to discrimination under any education program or activity receiving Federal financial assistance…"

201.    The Defendants receive federal financial assistance for their education programs and are therefore subject to the provisions of Title IX of the Education Act of 1972, 20 U.S.C. 1681(a), et seq.

202.    At all times relevant, the OTTAWA HILLS and ADMINISTRATION Defendants were "appropriate persons" under Title IX.

203.    The Defendants employed and exercised control over Defendant RONALD STEVENS and his provision of "tutoring" and "mentoring" of minor students at all times throughout his employment with the DISTRICT.

204.    RONALD STEVENS' provision of "tutoring" and "mentorship" to Plaintiffs, at all times under the supervision and control of the Defendants, constituted part of an education program or activity receiving Federal financial aid or assistance.

205.    RONALD STEVENS' sexual assaults were carried out under the guise of legitimate tutoring and mentoring as part of a program offered by the Defendants.

206.     Reports of RONALD STEVENS' inappropriate conduct were made to employees who were designated as mandatory reporters and who had authority to institute corrective measures as outlined in this Complaint.

207.     Defendant OTTAWA HILLS and the ADMINISTRATION Defendants had actual knowledge of the sexually explicit and inappropriate conduct committed by another Ottawa Hills Custodian, as well as Defendant RONALD STEVENS.

208.     The OTTAWA HILLS and ADMINISTRATION Defendants failed to carry out their duties to investigate and take corrective action under Title IX following the complaints of sexual assault, abuse, and molestation in or around 2017-2019.

209.     The OTTAWA HILLS and ADMINISTRATION Defendants acted with deliberate indifference to known acts of inappropriate sexual assault, abuse, and molestation on its premises by:

a.     Failing to take appropriate remedial action following the prior sexual abuse by another member of the janitorial staff;

b.     Failing to conduct an appropriate investigation of prior complaints pertaining to RONALD STEVENS, and/or ensuring that RONALD STEVENS maintained appropriate boundaries;

c.     Failing to place any report of parents' concerns in RONALD STEVENS' personnel file, and not issuing him any reprimand;

d.     Authorizing and permitting RONALD STEVENS to have his office windows blacked out, in spite of concerns voiced by other DISTRICT employees;

e.     Authorizing and permitting RONALD STEVENS to remove students,

including certain Plaintiffs, from their classes in violation of DISTRICT policy;

f.     Failing to end the abuse;

g.     Failing to stop RONALD and KRISTIE STEVENS from contacting certain Plaintiffs despite the requests of Ms. Sprott;

h.     Failing to conduct an independent investigation of allegations of inappropriate conduct/abuse;

i.     Failing to offer supportive measures, including counseling and related services, to the affected boys, including TIMOTHY SPROTT, J.S., and B.B.;

j.     Dismissing Hal Burke's concerns and responding that the DISTRICT "has too much on its plate to deal with this."

k.     Renewing KRISTIE STEVENS' contract and in fact promoting her even though her actions served to facilitate the abuse, she failed to report known or suspected abuse, and she conspired with RONALD STEVENS to destroy evidence of the abuse; and

l.     Defending such renewal by citing concern for potential wrongful termination litigation expenses – this being communicated to parents whose children had been sexually abused and/or raped by RONALD STEVENS due in part to facilitation from KRISTIE STEVENS.

m.     Acting and failing to act as outlined in the allegations included within this Complaint, all of which said allegations are incorporated herein by reference.

210.    Defendants' responses were clearly unreasonable in light of the known circumstances, as RONALD STEVENS continued to sexually assault students at the school until he was arrested by the Ottawa Hills Police Department in December of 2019.

211.    Defendants' failures to promptly and appropriately investigate, respond to, or remedy the sexual assaults after they received notice on multiple occasions between 2017 and 2019 subjected Plaintiffs to further harassment as well as a sexually hostile environment — effectively denying them all access to educational opportunities at the DISTRICT'S schools.

212.    Plaintiffs were therefore excluded from and denied the benefits of access to educational opportunities provided by the DISTRICT'S schools, and such deprivation amounts to unlawful discrimination.

213.    Plaintiffs were deprived of educational opportunities and benefits including, without limitation, an education free from sexual assault.

214.    Such deprivation was severe and pervasive.

215.    As a direct and/or proximate result Defendants' Title IX violations, actions and/or inactions, Plaintiffs have suffered and continue to suffer pain and suffering, pain of mind and body, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, fright, grief, humiliation, loss of enjoyment of life, post-traumatic stress disorder resulting in physically manifested injuries including anxiety, depressions, sleep disorders, nightmares, psychological injuries, and physical injuries. Plaintiffs have been prevented and will continue to be prevented from performing their daily activities and obtaining the full enjoyment of life and have sustained and continue to sustain a loss of earnings and earning capacity; and have required and/or will require treatment, therapy, counseling, and hospitalization to address the mental anguish and despair caused by Defendants' actions.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered in their favor against the OTTAWA HILLS Defendants for:

a.  Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiffs for the harms and losses they suffered, including physical and emotional injuries, in an amount exceeding $100,000,000;

b.  Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

c.  All such other relief to which the Plaintiffs are entitled and/or the Court deems equitable.

### SECOND CLAIM FOR RELIEF
**Violation of 42 U.S.C. § 1983 Against the OTTAWA HILLS Defendants for Failure to Train and Supervise and for Unconstitutional Customs, Policies, and Practices Causing Constitutional Violations**
**(*Monell* Liability)**

216.    Plaintiffs restate and incorporate here all previously stated and later stated allegations.

217.    42 U.S.C. § 1983 provides a method for vindicating violations federal rights.

218.    Plaintiffs are protected by rights under Federal law and the United States Constitution including, but not limited to: equal protection under the law, due process, and the right of access to the courts.

219.    At all relevant times, the OTTAWA HILLS, ADMINISTRATION, and FACULTY Defendants, including RONALD and KRISTIE STEVENS, were acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs, and usages of the State of Ohio and/or the OTTAWA HILLS Defendants. At all relevant times, said Defendants were also employed by the OTTAWA HILLS Defendants and acting within the course and scope of their employment with the OTTAWA HILLS Defendants.

220.    Acting under color of law, these Defendants deprived Plaintiffs of federally protected rights including, but not limited to: U.S. Const. Amend. 1 (right to petition to the Government for redress of grievances); U.S. Const. Amend. 4 (right to be secure in person); U.S. Const. Amend. 5 (due process); U.S. Const. Amend. 14 (due process and incorporation of Bill of Rights to apply to states); 20 U.S.C. § 1681 et seq.; and 42 U.S.C. § 18116.

221.    Plaintiffs, as minor male students of OTTAWA HILLS' schools, are members of a protected class under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

222.    Defendants have no rational basis for treating Plaintiffs differently from other similarly situated students or survivors of RONALD STEVEN's abuse, on the basis of sex.

223.    Plaintiffs enjoy the constitutionally protected Due Process right to be free from the invasion of bodily integrity through sexual assault, abuse, or molestation.

224.    The acts as alleged above amount to a violation of these clearly established constitutionally protected rights, of which reasonable persons in the Defendants' positions should have known.

225.    The OTTAWA HILLS Defendants have the ultimate responsibility and authority to train and supervise their employees, agents, and/or representatives in the appropriate manner of detecting, reporting, and preventing sexual abuse, assault, and molestation and as a matter of acts, custom, policy, and/or practice, failed to do so with deliberate indifference.

226.    As a matter of custom, policy, and/or practice, the OTTAWA HILLS Defendants had the ultimate responsibility and authority to investigate complaints against their employees, agents, and representatives from all individuals including, but not limited to Plaintiffs, students,

visitors, faculty, staff, or other employees, agents, and/or representatives, and failed to do so with deliberate indifference.

227.    The OTTAWA HILLS Defendants had a duty to prevent sexual assault, abuse, and molestation on their campus and premises, that duty arising under the above-referenced constitutional rights, as well as established rights pursuant to the United States Constitution and Title IX.

228.    The OTTAWA HILLS Defendants, acting under the color of law, invited, tolerated, and authorized a pervasive custom of tolerance and inaction toward abuse that directly and proximately caused the deprivation of Plaintiffs' constitutional right to personal security and bodily integrity by among other things, the following:

    a.    Failing to take appropriate remedial action following the prior sexual abuse by another member of the janitorial staff, which occurred on school property, during school hours;

    b.    Failing to investigate parents' concerns of RONALD STEVENS' boundary issues; specifically, the OTTAWA HILLS Defendants failed to interview involved students, failed to notify students' parents, and failed to adequately address RONALD STEVENS' conduct;

    c.    Failing to take any action after the parents' concerns to ensure that RONALD STEVENS was actually using "better judgment";

    d.    Failing to investigate Ms. Sprott's complaints and/or to honor her repeated requests that RONALD and KRISTIE STEVENS be prohibited from having contact with TIMOTHY SPROTT and J.S.;

    e.    Dismissing Hal Burke's concerns as to RONALD STEVENS by responding that

the DISTRICT has "too much on its plate to deal with this";

    f.    Permitting RONALD STEVENS, a public-school maintenance employee, to maintain blacked-out office windows, notwithstanding other DISTRICT employees' concerns with respect to same;

    g.    Failing to question or investigate RONALD STEVENS and/or involved students, including certain Plaintiffs, when observed by administration in the halls after RONALD STEVENS had removed them from their classrooms in the middle of a school day, in violation of DISTRICT policy, such inaction constituting an implicit and/or overt ratification of this conduct;

    h.    Upon information and belief, not reporting the abuse or suspected abuse, as required by law, by RONALD STEVENS and/or the previous janitorial staff member, and the related wrongful actions of KRISTIE STEVENS; and

    i.    Acting and failing to act as outlined in the allegations included within this Complaint, all of which said allegations are incorporated herein by reference.

229.    The OTTAWA HILLS Defendants' customs and deliberate indifference allowed RONALD STEVENS to engage in and further the abuse of TIMOTHY SPROTT, J.S., and B.B., and resulted in the deprivation of their constitutional rights directly and proximately causing their injuries.

230.    As a direct and proximate result of the customs and policies described herein, which violate the Fourth and Fourteenth Amendments and are otherwise implemented in a manner such that constitutional violations are substantially certain and likely to occur, the Plaintiffs' Fourth and Fourteenth Amendment rights were violated and they were forced to suffer and endure extreme

deprivations of their liberty, severe physical, mental, and emotional pain and suffering, all in amounts to be proven at trial.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered in their favor against the OTTAWA HILLS Defendants, jointly and severally, for:

    a. Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiffs for the harms and losses they suffered, including physical and emotional injuries, in an amount exceeding $100,000,000;

    b. Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

    c. All such other relief to which the Plaintiffs are entitled and/or the Court deems equitable.

### THIRD CLAIM FOR RELIEF
**Violation of 42 U.S.C. § 1983 Against the OTTAWA HILLS Defendants,
ADMINISTRATION Defendants, FACULTY Defendants, and KRISTIE STEVENS
(State Created Danger)**

231.    Plaintiffs incorporate and reallege the preceding paragraphs as if expressly rewritten herein.

232.    Pursuant to the Fourteenth Amendment of the United States Constitution, at all times relevant hereto, Plaintiffs had the clearly established right to be free from danger created and/or increased by the Defendants.

233.    At all times relevant hereto, the OTTAWA HILLS, ADMINISTRATION, and FACULTY Defendants, as well as KRISTIE STEVENS, were acting under the color of state law and created and/or increased a state-created danger by substantially increasing the risk of harm to the Plaintiffs, and in reckless disregard to Plaintiffs' safety, thereby increasing the risk that Plaintiffs would be exposed to RONALD STEVENS' private acts of sexual abuse, molestation, and rape.

234.     The actions of the Defendants described herein, which created and/or increased the risk that the Plaintiffs would be sexually abused, molested, and/or raped by RONALD STEVENS off school grounds and outside of school hours, were all performed under the color of state law and were objectively unreasonable and performed knowingly, deliberately, and indifferently to Plaintiffs' and in reckless disregard for their safety.

235.     The following actions taken by the Defendants created the danger and increased the risk of harm that the Plaintiffs and other students would be exposed to sexual abuse, molestation, and rape by RONALD STEVENS off school grounds and outside of school hours:

a.     The OTTAWA HILLS and ADMINISTRATION Defendants permitted RONALD STEVENS to have blacked out office windows, notwithstanding concerns voiced by other DISTRICT employees and contractors.

b.     The OTTAWA HILLS, ADMINISTRATION, and FACULTY Defendants permitted RONALD STEVENS to remove students, including certain Plaintiffs, from their classes during the school day, in violation of DISTRICT policy.

c.     The OTTAWA HILLS, ADMINISTRATION, and FACULTY Defendants permitted RONALD STEVENS to escort students, including certain Plaintiffs, to his office(s) where he would perpetrate abuse.

d.     The OTTAWA HILLS, ADMINISTRATION, and FACULTY Defendants permitted RONALD STEVENS to transport students, including certain Plaintiffs, from school property, during school hours, where he would perpetrate abuse.

e.     The OTTAWA HILLS and ADMINISTRATION Defendants, as well as KRISTIE STEVENS, suggested that TIMOTHY SPROTT be tutored by

66

RONALD STEVENS, notwithstanding multiple known complaints regarding RONALD STEVENS' inappropriate behavior toward students and the fact that RONALD STEVENS had no teaching credentials.

    f.    The OTTAWA HILLS and ADMINISTRATION Defendants, as well as KRISTIE STEVENS, recommended, prepared, and pressured Ms. Sprott into signing paperwork that placed RONALD STEVENS in a guardianship position over TIMOTHY SPROTT.

    g.    KRISTIE STEVENS aided and abetted RONALD STEVENS' sexual abuse, molestation, and rape of the Plaintiffs as described in this Complaint.

    h.    Acting and failing to act as outlined in the allegations included within this Complaint, all of which said allegations are incorporated herein by reference.

236.    These actions were performed by the OTTAWA HILLS, ADMINISTRATION, and FACULTY Defendants, as well as KRISTIE STEVENS, notwithstanding its knowledge of RONALD STEVENS' boundary issues and inappropriate conduct with young, male students.

237.    These actions specifically placed the Plaintiffs at risk of sexual abuse; sexual abuse that occurred hundreds of times, almost every other day, for more than two years.

238.    These Defendants knew or should have known that its actions specifically endangered TIMOTHY SPROTT, J.S., and B.B., and in any event, such actions were egregious and shock the conscience.

239.    As a direct and proximate result of the reckless actions taken by these Defendants, as described herein, which violate the Fourth and Fourteenth Amendments and are otherwise implemented in a manner such that constitutional violations are substantially certain and likely to occur, the Plaintiffs' Fourth and Fourteenth Amendment rights were violated and

they were forced to suffer and endure extreme deprivations of their liberty, severe physical, mental, and emotional pain and suffering, all in amounts to be proven at trial.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered in their favor against these Defendants, jointly and severally, for:

a. Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiffs for the harms and losses they suffered, including physical and emotional injuries, in an amount exceeding $100,000,000;

b. Punitive damages against the ADMINISTRATION and FACULTY Defendants, as well as KRISTIE STEVENS, in an amount that will serve to adequately punish and deter the acts and omissions the Defendants alleged herein;

c. Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

d. All such other relief to which the Plaintiffs are entitled and/or the Court deems equitable.

## FOURTH CLAIM FOR RELIEF
### 42 U.S.C. § 1983 Civil Rights Violations Against Defendants RONALD and KRISTIE STEVENS
### (Denial of Substantive Due Process in Violation of the Fourteenth Amendment)

240. Plaintiffs restate and incorporate here all previously stated and later stated allegations.

241. This cause of action arises directly from RONALD STEVENS' sexual abuse of the Plaintiffs as described herein, and therefore, is subject to the statute of limitations set forth in Ohio Rev. Code § 2305.111(C).

242. Plaintiffs have the constitutional right to substantive due process, including the right to personal security and bodily integrity.

243. Plaintiffs further have the substantive due process right to be free from arbitrary government conduct that lacks all socially redeeming value.

244. The sexual abuse, molestation, and rape committed by Defendant RONALD STEVENS, which was condoned and encouraged by Defendant KRISTIE STEVENS as described herein, deprived Plaintiffs of the right to personal security and bodily integrity.

245. At all times relevant, Defendant KRISTIE STEVENS, acting under the color of law, knew of, aided, and abetted RONALD STEVENS' sexual abuse, molestation, and rape of the Plaintiffs by facilitating his wrongful conduct and helping his cover up his wrongful conduct by destroying evidence.

246. The relationship between Plaintiffs and the Defendants was not voluntary. Plaintiffs were required by law to attend school.

247. The wrongful conduct of Defendant RONALD and KRISTIE STEVENS described above, which was authorized, condoned, and acquiesced to by the ADMINISTRATION Defendants, was intentional, malicious, and arbitrary conduct in violation of Plaintiffs' clearly established rights under the due process clause of the Fourteenth Amendment. Said conduct lacked any legitimate or rational government purpose.

248. The wrongful and arbitrary conduct of Defendants RONALD and KRISTIE STEVENS was extreme, outrageous, and shocks the conscience.

249. As a direct and proximate result of Defendants' conduct described herein, Plaintiffs have suffered and will continue to suffer severe physical, mental, and emotional pain and suffering, all in amounts to be proven at trial.

250. At all times relevant, Defendants RONALD and KRISTIE STEVENS were acting under color of law and within the scope of their employment and official duties as employees, teacher, and/or administrators employed by the OTTAWA HILLS Defendants. Accordingly, pursuant to Ohio Revised Code § 2744.07, the OTTAWA HILLS Defendants must indemnify

Defendants RONALD and KRISTIE STEVENS for their conduct alleged herein in this Claim for

Relief.

      **WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendants

RONALD and KRISTIE STEVENS, jointly and severally, for:

      a.  Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiffs for the harms and losses they suffered, including physical and emotional injuries, in an amount exceeding $100,000,000;

      b.  Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment;

      c.  Punitive damages; and

      d.  All such other relief to which the Plaintiffs are entitled and/or the Court deems equitable.

### FIFTH CLAIM FOR RELIEF
**Violation of 42 U.S.C. § 1983 Against Defendants RONALD and KRISTIE STEVENS**
**(Denial of Equal Protection in Violation of the Fourteenth Amendment)**

249.    Plaintiffs reallege and incorporate by reference the allegations contained in the

previous paragraphs.

250.    This cause of action arises directly from RONALD STEVENS' sexual abuse of the

Plaintiffs as described herein, and therefore, is subject to the statute of limitations set forth in Ohio

Rev. Code § 2305.111(C).

251.    Plaintiffs have the constitutional right to equal protection under the law and the

right to be free from discrimination on the basis of his disabilities.

252.    Without any lawful or rational basis, Defendants RONALD and KRISTIE

STEVENS treated Plaintiffs differently than other similarly situated students on the basis of their

sex.

253.  The sexual abuse, molestation, and rape committed by Defendant RONALD STEVENS, which was condoned and encouraged by Defendant KRISTIE STEVENS as described herein, was discriminatory in nature. The Defendants singled Plaintiffs out for mistreatment because of their sex.

254.  At all times relevant, Defendant KRISTIE STEVENS, acting under the color of law, knew of, aided, and abetted RONALD STEVENS' sexual abuse, molestation, and rape of the Plaintiffs by facilitating his wrongful conduct and helping his cover up his wrongful conduct by destroying evidence.

255.  The relationship between Plaintiffs and the Defendants was not voluntary. Plaintiffs were required by law to attend school.

256.  As such, the wrongful conduct of Defendant RONALD and KRISTIE STEVENS described above was intentional, malicious, and discriminatory conduct in violation of Plaintiffs' clearly established rights under the Equal Protection clause of the Fourteenth Amendment. Said conduct lacked any legitimate or rational government purpose.

257.  The wrongful and discriminatory conduct of Defendant RONALD and KRISTIE STEVENS was extreme and outrageous and shocks the conscience.

258.  As a direct and proximate result of Defendants' conduct described herein, Plaintiffs have suffered and will continue to suffer severe physical, mental, and emotional pain and suffering, all in amounts to be proven at trial.

259.  At all times relevant, the Defendants were acting under color of law and within the scope of their employment and official duties as employees, teacher, and administrators employed by the OTTAWA HILLS Defendants.  Accordingly, pursuant to Ohio Revised Code § 2744.07,

the OTTAWA HILLS Defendants must indemnify Defendants RONALD and KRISTIE STEVENS for their conduct alleged herein in this Claim for Relief.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendants RONALD and KRISTIE STEVENS, jointly and severally, for:

a.  Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiffs for the harms and losses they suffered, including physical and emotional injuries, in an amount exceeding $100,000,000;

b.  Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment;

c.  Punitive damages; and

d.  All such other relief to which the Plaintiffs are entitled and/or the Court deems equitable.

**SIXTH CLAIM FOR RELIEF**
**Violation of 42 U.S.C. § 1983 Against Defendant RONALD and KRISTIE STEVENS**
**(Excessive Force and Unlawful Seizure in Violation of the Fourth Amendment)**

260.  Plaintiff repeats and realleges each and every allegation set forth in each and every preceding paragraph as if fully rewritten herein.

261.  From 2017 to 2019, Defendant RONALD STEVENS, acting under the color of law, used unnecessary, unreasonable, outrageous, and excessive force on the Plaintiffs, who were children, in violation of their clearly established rights guaranteed by the Fourth Amendment to the United States Constitution, when he repeatedly sexually abused, molested and raped them.

262.  The relationship between Plaintiffs and Defendant RONALD STEVENS was not voluntary. Plaintiffs were required by law to attend school.

263.     Defendant RONALD STEVENS caused Plaintiffs significant physical and emotional injuries when he sexually abused, molested, and raped them as described in this Complaint.

264.     At all times relevant, Defendant KRISTIE STEVENS, acting under the color of law, knew of, aided, and abetted RONALD STEVENS' sexual abuse, molestation, and rape of the Plaintiffs by facilitating his wrongful conduct and helping his cover up his wrongful conduct by destroying evidence.

265.     Defendant RONALD STEVENS' uses of unnecessary, unreasonable, outrageous, and excessive force at the aforementioned time and place constitute wanton, willful, reckless, unjustifiable, and malicious conduct warranting the imposition of exemplary punitive damages.

266.     As a direct and proximate result of Defendants' conduct described herein, Plaintiffs have suffered and will continue to suffer severe physical, mental, and emotional pain and suffering, all in amounts to be proven at trial.

267.     At all times relevant, Defendants RONALD and KRISTIE STEVENS were acting under color of law and within the scope of their employment and official duties as a maintenance employee employed by the OTTAWA HILLS Defendants. Accordingly, pursuant to Ohio Revised Code § 2744.07, the OTTAWA HILLS Defendants must indemnify Defendants RONALD and KRISTIE STEVENS for his conduct alleged herein in this Claim for Relief.

**WHEREFORE,** Plaintiffs respectfully pray for judgment against Defendant RONALD and KRISTIE STEVENS, jointly and severally, for:

      a.   Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate Plaintiffs for the harms and losses he suffered, including physical and emotional injuries, in an amount exceeding $100,000,000;

b. Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions of Defendants alleged herein;

c. Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

d. All such other relief to which the Plaintiff is entitled and/or the Court deems equitable.

**SEVENTH CLAIM FOR RELIEF**
**42 U.S.C. § 1983 Civil Rights Violation Against the ADMINISTRATION DEFENDANTS**
**(Supervisory Liability)**

268. Plaintiffs incorporate and reallege the preceding paragraphs as if expressly rewritten herein.

269. The ADMINISTRATION Defendants are persons under 42 U.S.C. § 1983, and at all times relevant hereto, were acting under the color of state law.

270. TIMOTHY SPROTT, J.S., and B.B., as male schoolchildren, had constitutional rights pursuant to the 4th and 14th Amendments to personal security, bodily integrity, and the right to be free from sexual abuse at the hands of a public-school employee.

271. At all times relevant, the ADMINISTRATION Defendants, directly supervised and oversaw the actions of RONALD STEVENS.

272. The ADMINISTRATION Defendants failed to train and/or control RONALD STEVENS and are responsible for RONALD STEVENS' abuse.

273. The ADMINISTRATION Defendants had actual knowledge of, or were willfully blind to, the abuse perpetrated by RONALD STEVENS which deprived young, male students, including Plaintiffs, of their constitutional rights.

274. The ADMINISTRATION Defendants' response to that knowledge was deliberately indifferent and severely inadequate by among other things, the following:

a. Failing to prohibit RONALD STEVENS from engaging in

74

inappropriate relationships with young, male students despite concerns from other employees and parents;

b.      Failing to place any record of these concerns in RONALD STEVENS' personnel file;

c.      Requiring RONALD STEVENS be a temporary guardian to TIMOTHY SPROTT;

d.      Dismissing parents' complaints and instructing them to follow up with the police instead of the DISTRICT directly;

e.      Permitting RONALD STEVENS to remove students, including certain Plaintiffs, from their classes during school;

f.      Failing to stop RONALD STEVENS from having contact with TIMOTHY SPROTT and J.S. notwithstanding specific requests from their mother, Ms. Sprott;

g.      Telling parents, including Hal Burke, that the DISTRICT has "too much on its plate to deal with this";

h.      Failing to terminate RONALD STEVENS, and rehiring and promoting KRISTIE STEVENS despite its knowledge of her actions and involvement; and

i.      Failing to report either RONALD STEVENS and/or KRISTIE STEVENS to the State.

j.      Acting and failing to act as outlined in the allegations included within this Complaint, all of which said allegations are incorporated herein by reference.

275.    The ADMINISTRATION Defendants' actions and failures described throughout this Complaint constituted the facilitation and active encouragement of the unconstitutional conduct of RONALD and KRISTIE STEVENS.

276.    The ADMINISTRATION Defendants' conduct and failures to act as described in this Complaint resulted in RONALD STEVENS' continued sexual abuse of Plaintiffs.

277.    As a direct and proximate result thereof, Plaintiffs have suffered physical, mental, and emotional injury and damages in an amount to be proven at trial, and will continue to suffer damages into the future. Certain Plaintiffs also incurred medical bills, and will incur counseling expenses in the future as a result of the severe trauma suffered at the hands of RONALD STEVENS.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered in their favor against the ADMINISTRATION Defendants, jointly and severally, for:

a.  Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiffs for the harms and losses they suffered, including physical and emotional injuries, in an amount exceeding $100,000,000;

b.  Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions the Defendants alleged herein;

c.  Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

d.  All such other relief to which the Plaintiffs are entitled and/or the Court deems equitable.

<u>**EIGHTH CLAIM FOR RELIEF**</u>
**Sexual Battery Against RONALD STEVENS**
**(State Law Claim)**

278.    Plaintiffs incorporate and reallege the preceding paragraphs as if expressly rewritten herein.

279.    RONALD STEVENS sexually abused and/or raped TIMOTHY SPROTT

hundreds of times, with much of this abuse occurring on school property, during school hours.

280.     RONALD STEVENS sexually abused J.S. approximately three times.

281.     RONALD STEVENS sexually abused B.B. approximately five to ten times.

282.     Much of the abuse committed against TIMOTHY SPROTT, J.S., and B.B. also occurred at the home of the DISTRICT's employee, KRISTIE STEVENS, while she was home.

283.     RONALD STEVENS intended to sexually abuse and/or rape TIMOTHY SPROTT, and to sexually abuse J.S. and B.B.

284.     The abuses suffered by TIMOTHY SPROTT, J.S., and B.B. were both harmful and offensive  causing them to have sustained physical and emotional trauma as well as other injuries.

285.     As a result of these abuses, TIMOTHY SPROTT attempted to commit suicide in or about  November of 2019.

286.     As a direct and proximate result thereof, Plaintiffs have suffered physical, mental, and emotional injury and damages in an amount to be proven at trial, and will continue to suffer damages into the future. Certain Plaintiffs also incurred medical bills, and will incur counseling expenses in the future as a result of the severe trauma suffered at the hands of RONALD STEVENS.

287.     RONALD STEVENS' conduct was willful, wanton, and in complete disregard for Plaintiffs' rights such that punitive damages are warranted.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered in their favor against RONALD STEVENS for:

    a.  Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiffs for the harms and losses they suffered, including physical and emotional injuries, in an amount exceeding $100,000,000;

b. Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions the Defendants alleged herein;

c. Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

d. All such other relief to which the Plaintiffs are entitled and/or the Court deems equitable.

## NINTH CLAIM FOR RELIEF
### Civil Recovery for Criminal Acts Against RONALD STEVENS
### (State Law Claim)

288.    Plaintiffs incorporate and reallege the preceding paragraphs as if expressly rewritten herein.

289.    RONALD STEVENS sexually abused and/or raped TIMOTHY SPROTT, J.S., and B.B. in violation of R.C. § 2907.02 and R.C. § 2907.05.

290.    RONALD STEVENS was convicted of 31 related felony counts, including sexual abuse and rape, on September 23, 2021.

291.    RONALD STEVENS' actions proximately caused Plaintiffs' damages in an amount to be proven at trial, and Plaintiffs will continue to suffer damages into the future.

292.    Plaintiffs are entitled to recovery of their full damages under R.C. § 2307.60.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered in their favor against RONALD STEVENS for:

a. Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiffs for the harms and losses they suffered, including physical and emotional injuries, in an amount exceeding $100,000,000;

b. Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions the Defendants alleged herein;

c. Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

    d.   All such other relief to which the Plaintiffs are entitled and/or the Court deems equitable.

### TENTH CLAIM FOR RELIEF

**Failure to Report Suspected Abuse of a Minor Pursuant to O.R.C. § 2151.421
Against The ADMINISTRATION Defendants, FACULTY Defendants, KRISTIE
STEVENS, and RONALD STEVENS
(State Law Claim)**

293.    Plaintiffs incorporate and reallege the preceding paragraphs as if expressly rewritten herein.

294.    The ADMINISTRATION Defendants, FACULTY Defendants, KRISTIE STEVENS, and RONALD STEVENS had actual knowledge of, or reasonable cause to suspect, RONALD STEVENS' sexual abuse of TIMOTHY SPROTT, J.S., and B.B.

295.    As employees of the OTTAWA HILLS Defendants, the ADMINISTRATION Defendants, FACULTY Defendants, KRISTIE STEVENS, and RONALD STEVENS had and continue to have a duty to report abuses under O.R.C. § 2151.421, yet these Defendants have failed to report RONALD STEVENS' abuses of TIMOTHY SPROTT, J.S., B.B., and others. Further, KRISTIE STEVENS undermined the very intent of the reporting statute, by conspiring with RONALD STEVENS to destroy evidence of abuse.

296.    As and proximate result of these Defendants' failures to report known or suspected abuse of minors to the proper authorities, Plaintiffs were continually sexually abused, molested, and raped, causing physical, mental, and emotional injuries and damage in amounts to be proven at trial. The Plaintiffs will continue to suffer these damages into the future.

297.    The ADMINISTRATION Defendants, FACULTY Defendants, KRISTIE STEVENS, and RONALD STEVENS are liable for Plaintiffs' compensatory and exemplary damages pursuant to O.R.C. § 2151.421(N).

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered in their favor against the ADMINISTRATION Defendants, FACULTY Defendants, KRISTIE STEVENS, and RONALD STEVENS for:

    a.  Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiffs for the harms and losses they suffered, including physical and emotional injuries, in an amount exceeding $100,000,000;

    b.  Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions the Defendants alleged herein;

    c.  Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

    d.  All such other relief to which the Plaintiffs are entitled and/or the Court deems equitable.

## ELEVENTH CLAIM FOR RELIEF
**Reckless Hiring, Training, and Supervision Against the OTTAWA HILLS Defendants
(State Law Claim)**

298.    Plaintiffs incorporate and reallege the preceding paragraphs as if expressly rewritten herein.

299.    At all times relevant hereto, the OTTAWA HILLS Defendants employed RONALD STEVENS as a maintenance employee. At no point was RONALD STEVENS qualified to work as a teacher or tutor.

300.    The OTTAWA HILLS Defendants, through their administrators and Board members, had a duty to use reasonable care in hiring, supervising, and retaining RONALD STEVENS.

301.    RONALD STEVENS was not qualified to work at the DISTRICT because of his sexual abuse, molestation, and rape of students, including the Plaintiffs. Furthermore, RONALD STEVENS was not qualified to work as a teacher or tutor within the DISTRICT, as he had no education, training, or certifications in teaching or tutoring.

302.     The OTTAWA HILLS Defendants, through their administration, knew that RONALD STEVENS was not qualified to work for the OTTAWA HILLS Defendants as a maintenance employee, let alone as a teacher or tutor. The OTTAWA HILLS Defendants, through their employees, had actual and/or constructive knowledge that RONALD STEVENS was sexually abusing students, as described throughout this Complaint.

303.     By continuing to employ RONALD STEVENS, failing to supervise RONALD STEVENS' contacts with students, and engaging RONALD STEVENS to tutor students, including the Plaintiffs, the OTTAWA HILLS Defendants were reckless and consciously disregarded a substantial risk of harm to the Plaintiffs.

304.     As a direct and proximate result of the OTTAWA HILLS Defendants' reckless failures to hire, retain, and supervise RONALD STEVENS, the Plaintiffs suffered, and continue to suffer, physical, mental, and emotional injuries in amounts to be proven at trial.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered in their favor against the OTTAWA HILLS Defendants for:

a.  Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiffs for the harms and losses they suffered, including physical and emotional injuries, in an amount exceeding $100,000,000;

b.  Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

c.  All such other relief to which the Plaintiffs are entitled and/or the Court deems equitable.

### TWELFTH CLAIM FOR RELIEF
**Spoliation Against RONALD STEVENS and KRISTIE STEVENS**
**(State Law Claim)**

305.     Plaintiffs incorporate and reallege the preceding paragraphs as if expressly

rewritten herein.

306.    Following RONALD STEVENS' arrest, RONALD and KRISTIE STEVENS had a coded phone conversation where they used pseudonyms to refer to victims and numbers to refer to tasks, and referenced a coded letter that outlined who each pseudonym referred to, and what specific task each number referred to.

307.    These tasks were requested by RONALD STEVENS and agreed to be performed by KRISTIE STEVENS for the purpose of destroying evidence relating to victims, including certain Plaintiffs.

308.    RONALD and KRISTIE STEVENS conspired that neither would discuss the contents of their communication, even under threat of torture.

309.    Upon information and belief, RONALD and KRISTIE STEVENS actually destroyed evidence relating to victims, including certain Plaintiffs.

310.    Upon information and belief, this evidence was willfully destroyed by RONALD and KRISTIE STEVENS notwithstanding their knowledge of the pending criminal litigation and probable civil litigation involving Plaintiffs.

311.    Upon information and belief, RONALD STEVENS ate his coded letter.

312.    Upon information and belief, KRISTIE STEVENS burned her coded letter.

313.    The coded letters and other evidence were destroyed prior to Plaintiffs having had an opportunity to inspect them, thereby disrupting Plaintiffs' case against all Defendants.

314.    As a proximate result thereof, Plaintiffs are entitled to compensatory and punitive damages.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered in their favor against RONALD and KRISTIE STEVENS for:

a. Compensatory damages, including legal fees and costs, in an amount that will fully and fairly compensate the Plaintiffs for the harms and losses they suffered, including physical and emotional injuries, in an amount exceeding $100,000,000;

b. Punitive damages in an amount that will serve to adequately punish and deter the acts and omissions the Defendants alleged herein;

c. Costs of suit and reasonable attorneys' fees and interest, both pre-judgment and post-judgment; and

d. All such other relief to which the Plaintiffs are entitled and/or the Court deems equitable.

<u>**THIRTEENTH CLAIM FOR RELIEF**</u>
**Declaratory Judgment/Unconstitutionality of O.R.C. 2315.18(B)(2) As Applied**
**(State Law Claim)**

315.    Plaintiffs incorporate each preceding paragraph by reference as if fully rewritten herein.

316.    Ohio Revised Code 2315.18(B)(2) purports to limit the amount recoverable for noneconomic loss in a claim for childhood sexual abuse.

317.    Specifically, the statute purports to limit the amount of noneconomic loss a plaintiff may recover to two hundred fifty thousand dollars or an amount that is equal to three times the plaintiff's economic loss, whichever is greater, up to a maximum of three hundred thousand dollars. If the plaintiff suffered a catastrophic injury (as defined in the statute), then there is no limit to the amount of recoverable noneconomic damages.

318.    As a result of Defendants' wrongdoing, as alleged above, Plaintiffs suffered permanent and severe psychological injuries.

319.    Under the statute, Plaintiffs' recoverable noneconomic loss is limited to two hundred fifty to three hundred fifty thousand dollars for each Plaintiff for each episode of abuse.

320.    O.R.C. 2315.18(B)(2), insofar as it imposes a limit on the amount Plaintiffs may recover for noneconomic losses for permanent and severe psychological injuries suffered during each discrete episode of abuse, is unconstitutional under the Ohio Constitution and U.S. Constitution. *See Brandt v. Pompa,* Slip Opinion No. 2022-Ohio-4525.

321.    O.R.C. 2315.18(B)(2), as applied, violates Plaintiffs' rights protected by the Ohio Constitution and U.S. Constitution, including:

     a.  The right to a trial by jury under Section 5, Article I, Ohio Constitution;

     b.  The right to "opens courts" and "right to a remedy" under Section 16, Article I, Ohio Constitution;

     c.  The separation of powers, under Section 32, Article II, Ohio Constitution;

     d.  The right to due process of law under Section 16, Article I, Ohio Constitution; and Amendment XIV, Section 1, U.S. Constitution; and

     e.  The right to equal protection and Section 2, Article I, Ohio Constitution.

**WHEREFORE**, Plaintiffs respectfully pray for declaratory judgment declaring Revised Code 2315.18(B)(2) unconstitutional as applied to Plaintiffs.

## <u>JURY DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, a trial by jury is demanded on all the issues presented herein.

Respectfully submitted,

*/s/ Nicholas A. DiCello*
Nicholas A. DiCello (Ohio Bar No. 0075745)
Jeremy A. Tor (Ohio Bar No. 0091151)
Michael P. Lewis (Ohio Bar No. 0099621)

Spangenberg Shibley & Liber LLP
1001 Lakeside Avenue East, Suite 1700
Cleveland, OH 44114
Telephone: 216-696-3232 | Fax: 216-696-3924
ndicello@spanglaw.com
jtor@spanglaw.com
mlewis@spanglaw.com


*/s/ James J. Harrington, IV*
James J. Harrington, IV (Michigan Bar No. P65351)
Milica Filipovic (Michigan Bar No. P80189)
*(Motion to Appear Pro Hac Vice Forthcoming)*
Fieger, Fieger, Kenney & Harrington, PC
19390 West 10 Mile Road
Southfield, MI 48075
Telephone: 248-355-5555
Facsimile: 248-355-5148
j.harrington@fiegerlaw.com
m.filipovic@fiegerlaw.com

**Attorneys for Plaintiffs Timothy Sprott and Michelle Sprott as parent and natural guardian of minor J.S.**


*/s/ D. Casey Talbott*
D. Casey Talbott (Ohio Bar No. 0046767)
Nicholas W. Bartlett (Ohio Bar No. 0100990)
Eastman & Smith Ltd
One Seagate, 27th Floor
P.O. Box 10032
Toledo, Ohio 43699-0032
Telephone:  419.247.1845
Facsimile:  419.247.1777
dctalbott@eastmansmith.com
nwbartlett@eastmansmith.com

**Attorneys for Plaintiff Hal and Lisa Burke as parent and natural guardian of minor B.B.**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 14th day of August 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System. Copies will be served upon counsel of record and may be obtained through the Court's CM/ECF Systems.

<u>/s/ Nicholas A. DiCello</u>
Nicholas A. DiCello (0075745)

**Attorney for Plaintiffs Timothy Sprott and Michelle Sprott as parent and natural guardian of minor J.S.**

86