IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY SPROTT, et al.,** | * | Case No. 3:22-cv-146 |
| | * | |
| Plaintiffs | * | Judge James R. Knepp, II |
| v. | * | |
| | * | **ANSWER OF DEFENDANTS** |
| **OTTAWA HILLS LOCAL SCHOOL** | * | **OTTAWA HILLS LOCAL SCHOOL** |
| **DISTRICT, et al.,** | * | **DISTRICT, OTTAWA HILLS** |
| | * | **LOCAL SCHOOL DISTRICT** |
| Defendants. | * | **BOARD OF EDUCATION, KEVIN** |
| | * | **MILLER, DARCY BROWNE,** |
| | * | **JACKIE PATTERSON, BENJAMIN** |
| | * | **MCMURRAY, ROBERT GNEPPER,** |
| | * | **ADAM FINESKE, NICOLE SILVERS,** |
| | * | **JAMES KINKAID, KRISTIN** |
| | * | **JOHNSON, KAY COCKE, GERRY** |
| | * | **DAVIS, ELIZABETH PUSKALA,** |
| | * | **JULIE VISSER, DARRIN** |
| | * | **BROADWAY, NOREEN HANLON,** |
| | * | **ABIGAIL DEWIRE, AND LAUREN** |
| | * | **HURST** |
| | * | |

* * * * * * * *

Defendants Ottawa Hills Local School District, Ottawa Hills Local Board of Education,

Kevin Miller, Darcy Browne, Jackie Patterson, Benjamin McMurray, Robert Gnepper, Adam

Fineske, Nicole Silvers, James Kincaid, Kristin Johnson, Kay Cocke, Gerry Davis, Elizabeth

Puskala, Julie Visser, Darrin Broadway, Noreen Hanlon, Abigail DeWire, and Lauren Hurst,

(collectively "Defendants" unless otherwise indicated)[1] hereby state for their Answer to

Plaintiffs' First Amended Complaint ("Complaint") as follows.[2]

---

[1] The term "Defendants" used herein does not include Ronald "Donnie" Stevens or Kristie Stevens.

[2] By elaborating below on some of their selected denials or responses herein, Defendants do not intend to indicate that this elaboration constitutes the entirety of the reasons why particular allegations are false.  Rather, any

1.      Defendants lack personal knowledge of the allegations set forth in the first sentence of Paragraph 1 of the Complaint, and, therefore they cannot admit, and thus deny, those allegations.   Defendants deny all allegations of the second sentence of Paragraph 1 of the Complaint, including the allegations which say that "much of the abuse occurred on School District property."

Further pleading, while none of the Defendants has personal knowledge of the acts of abuse allegedly committed by Defendant Ronald "Donnie" Stevens,[3] Plaintiffs' allegation that "much of the abuse" involving Plaintiffs took place on school property is a false narrative, established to be false by the Plaintiffs' and other students' sworn testimony given at the criminal trial of Donnie Stevens.

Specifically, Plaintiff BB testified at Donnie Stevens' criminal trial that there were eight acts of abuse involving him, all of which took place at the Stevens home, off campus, during sleepovers.  Plaintiff JS testified at the criminal trial that just two acts of abuse took place involving him.  He testified that one occurred in a car at his girlfriend's house, and the other occurred in the Stevens house -- both off campus.  Plaintiff Timothy Sprott testified at the criminal trial that, while some acts happened on school grounds, in fact multiple acts of abuse involving him actually took place at the Sprott house in Plaintiff Timothy Sprott's own bedroom, and at the Stevens house in Defendant Donnie Stevens' bedroom, in the Stevens living room, and in the Stevens basement.  He testified that sexual acts occurred "throughout the day" and "throughout the night" at the Stevens house, and "several times a week" at the Stevens house off-

_____

elaboration is presented simply to illustrate some of the reasons (but certainly not all) as to why the narrative set forth in the Amended Complaint is false.  Defendants reserve the right to raise all arguments and present all evidence during these proceedings which has any tendency to negate any of the allegations contained in the Complaint.

[3] Ronald Stevens is commonly also known as Donnie Stevens.  He may be referred to by either name throughout this Answer.

school premises during the open lunch break.  Timothy Sprott also testified that Donnie Stevens

used sex devices on him, but those devices were kept in a bedroom closet at the Stevens house,

and in a safe located in Tim Sprott's bedroom at the Sprott house -- not on school grounds.  He

also testified that he did not think anybody ever saw the acts of abuse because he and Donnie

"were always in private."

> 2. Defendants deny the allegations of the Paragraph 2 of the Complaint.

Further pleading, Defendants state that none of the allegations of the first sentence of

Paragraph 2 of the Complaint pertain to any of the Defendants specifically.   Those allegations

are improper because they seek to impose a broad, absolute "vigilance" rule upon school districts

and their employees to protect students from sexual abuse perpetrated by employees even when,

as is true in this case, no employee of the Board of Education had knowledge that Donnie

Stevens may have been committing acts of sexual abuse involving students.  Plaintiffs'

allegations in this sentence are based on the unreasonable presumption, one which the law does

not apply, that a school district can monitor all of their employees' conduct, on and off campus,

at all times.

Defendants also specifically deny the allegations of the second sentence of Paragraph 2

of the Complaint because those allegations improperly refer to the "Defendants" (plural) in the

collective.   Each Defendant is entitled to an individualized presentation of claims against them.

There is no legal basis to impose "liability by association."   Plaintiffs also wrongfully seek to

attribute and impute all knowledge held by any Defendant to each Defendant individually.

There is also no legal basis to impute "knowledge by association." The allegations of the second

and third sentences of Paragraph 2 do not specify any particular "red-flags and complaints" or to

whom they were made, and so those allegations do not put any of the Defendants on fair notice of what any of them supposedly did wrong.

3.    Defendants deny the allegations of Paragraph 3, including all subparts.

Further pleading, with regard to the allegations of Paragraph 3(a), the allegations that the Administrators "authorized, permitted and encouraged" Donnie Stevens to tutor or mentor young boys fails to specify what particular "young boys" (including Plaintiffs BB and JS) the Administrators supposedly "authorized, permitted, and encouraged" Donnie Stevens to "tutor or "mentor," or which "Administrators" allegedly did so.   Again, Defendants have not been put on fair notice of the allegations against them.   In fact, Defendant Donnie Stevens had no involvement in the academics of Plaintiff BB and Plaintiff JS, and none of the Defendants authorized, permitted or encouraged any such arrangements.

As to Plaintiff Tim Sprott, his mother, Plaintiff Michelle Sprott, testified at the criminal that *she* authorized Donnie to fully participate with Tim's school work and *she* signed two guardianship agreements "essentially to allow Donnie to have access to Tim's schooling."  She explained under oath that she did this because she "trusted him. We were like family friends." Plaintiffs and their counsel are in possession of the trial transcript and the guardianship documents she signed which contradict the allegations of Paragraph 3(a).

The allegations of Paragraph 3(a) are also inconsistent with e-mail evidence in the possession of Plaintiffs' counsel before the Amended Complaint was filed showing that the faculty at Ottawa Hills High School was specifically advised in writing by High School Assistant Principal Defendant, Jackie Patterson, on December 4, 2017 that the school *did not* "at this time have permission from Tim's mother, Michelle Sprott, to discuss any matters related to Tim with Donnie. . . . I wanted to make sure that all are aware that discussing Tim's academic progress or

lack thereof could potentially put you at risk of being found in violation of FERPA (the Family Educational Rights and Privacy Act.)."   In addition, the allegations of Paragraph 3(a) are denied because none of the Defendants were the recipients of "complaints" indicating that Donnie Stevens was engaged in improper sexual activity in 2017, 2018 or 2019 with "students" generally, or with any of the named Plaintiffs in particular.

Further pleading, with regard to the allegations of Paragraph 3(b) and 3(c), none of the Defendants "authorized and allowed" Donnie Stevens to "remove students" generally or the Plaintiffs in particular, from District classrooms "for purposes of sexually abusing them." These allegations do not specify a single instance, nor identify a particular Defendant, who supposedly "authorized and allowed" removal of any student for the purpose of sexually abusing him. Plaintiffs have failed to put each of the Defendants on fair notice of the factual basis for these inflammatory accusations.

None of the Defendants have "authorized and allowed" students generally, or any of the Plaintiffs in particular, to "meet privately" with Donnie Stevens at his home during school hours. To the contrary, upon information and belief, the only Plaintiff who may have been at the Stevens home during school hours was Timothy Sprott, and that was because his mother gave custody and guardianship of her son to Donnie Stevens, an arrangement she further documented in February 2018 when she signed a custody document for her son Tim giving Donnie Stevens permission to care for him in the Stevens home.

Further pleading as to Paragraph 3(c), Michelle Sprott, not any of the Defendants, conceived of the idea, and then established an arrangement, giving Donnie Stevens authority to help her son Tim academically.  On December 4, 2017, she sent an email to the High School Principal and Vice Principal stating:  "Please allow Donnie and or Christy Stevens full access to

any of Timothy Sprott's scholastics, including but not limiting homework, test scores, study guides, conferences with Teachers moving forward."  On February 14, 2018, she affirmed in a written document that she gave Donnie Steven permission to "consent to or otherwise obtain . . . educational or other services" he might need.  On November 9, 2018, Michelle Sprott affirmed again in still another document that she gave Donnie Stevens permission "to make educational decisions for my child/children." None of the Defendants "pressured" Michelle Sprott to send the email or to sign these documents.  Rather, Michelle Sprott's testimony at the criminal trial indicates that *she* initiated the communications making known her desire that Donnie Stevens be involved academically with her son, and that she later documented those desires more formally in the February 14 and November 9, 2018 agreements she signed.  Further, she provided her e-mail to the police prior to the Stevens trial, telling the police it was the original consent form *she provided* to the school.

Further pleading and with regard to the allegations of Paragraph 3(d) asserting that Ottawa Hills Administrators authorized Donnie Stevens to cover and obscure the windows of his office, in fact, testimony was given at the criminal trial by a maintenance mechanic that the mechanic purchased the tint for the windows, and that it was placed on the window, "because when there's a class in the gym room, we could not hold meetings without students appearing in the window," and the tint was placed on the windows "because it just kind of deterred them [students] from coming up and knocking on the window and interrupting our meetings."

4.      Defendants deny the allegations of Paragraph 4 of the Complaint.

5.      Defendants deny the allegations of Paragraph 5 of the Complaint.

6.     In response to Paragraph 6 of the Complaint Defendants admit that Ronald Stevens was tried and convicted of crimes, and was sentenced to prison, but deny specific knowledge of the details of the conviction and sentence.

7.     Defendants deny the allegations of Paragraph 7 of the Complaint.  Further pleading, Defendants state that none of them have personal knowledge of Kristie Stevens' "involvement" with Donnie Stevens beyond the general fact that it was commonly known they were a married couple.   None of Defendants had personal knowledge that she may have "conspired" with him to destroy evidence of abuse.   Defendants further state that Kristie Stevens was not "rehired" (as she was a tenured teacher on a continuing contract), and deny that she was "promoted" by the District.  To the contrary, after Donnie Stevens' arrest, Kristie Stevens was immediately placed on administrative leave, and barred from school grounds.   She later was placed in a remote job position called "Gifted Intervention Specialist," but she had no professional contact of any sort with any students, including any of the student/Plaintiffs.

8.     The allegations of Paragraph 8 of the Complaint refer to a publication allegedly authored by the District, but a copy of the document has not been attached to the Complaint, nor been specifically identified as an item produced in discovery.  Therefore, Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint and on that basis deny same.

9.     The allegations of Paragraph 9 of the Complaint assert that this action is brought under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, *et. seq.*  Defendants admit that Plaintiffs seek to bring claims under Title IX but deny that any valid claim of liability against any Defendant can be made under Title IX.

10.     The allegations of Paragraph 10 of the Complaint assert that this action is brought under 42 U.S.C. § 1983 and under the Fourteenth Amendment.   Defendants admit that Plaintiffs seek to bring claims under Section 1983 and the Fourteenth Amendment but deny that any valid claim of liability against any Defendant can be made under Section 1983 and the Fourteenth Amendment.

11.     The allegations of Paragraph 11 of the Complaint assert that this action is brought under Ohio statutory and common law.   Defendants admit that Plaintiffs seek to bring claims under Ohio statutory and common law but deny that any valid claim of liability against any Defendant can be made under Ohio statutory and common law.

12.     Defendants admit the allegations of Paragraph 12 of the Complaint.

13.     Defendants admit the allegations of Paragraph 13 of the Complaint.

14.     Responding to Paragraph 14 of the Complaint, Defendants do not oppose Plaintiff's invocation of the Court's supplemental jurisdiction.

15.     Responding to Paragraph 15 of the Complaint, Defendants deny that some or all of the claims being asserted against some or all of the Defendants are "cognizable" under 42 U.S.C. § 1983, 20 U.S.C. § 1681, and/or under Ohio law.

16.     Defendants admit that venue is proper in this Court.

17.     Defendants incorporate their admissions, denials and responses to Paragraphs 1-16 as if fully rewritten herein.

18.     In Paragraph 18 of the Complaint, Plaintiffs assert that they have chosen to withhold the names of certain of the minor Plaintiffs to "protect their identities," but since those individuals testified publicly at the criminal trial of Donnie Stevens, their identities have already been disclosed.   Therefore, while Defendants do not object to this designation and believe that

8

doing so is consistent with FERPA, protection of the minor Plaintiffs' identities is likely futile for other reasons.

19. Defendants lack knowledge sufficient to form a belief as to Plaintiff Timothy Sprott's current residence and deny the allegations of sentence 1 of Paragraph 19 on that basis. As to the second sentence of Paragraph 19, Defendants admit that Timothy Sprott was a minor during the time period he alleges he was abused by Donnie Stevens, and admit that during that time period, Donnie Stevens was employed by the Ottawa Hills Local Schools Board of Education. Any further allegations inconsistent with this statement are denied.

20. Defendants lack knowledge sufficient to form a belief as to the current residence of J.S., but admit that Plaintiff Michelle Sprott is bringing the action on his behalf, and admit that J.S. was a student with the District during the time period of the events alleged in the Complaint.

21. Defendants admit the allegations of Paragraph 21 of the Complaint.

22. Defendants deny the allegations of Paragraph 22 of the Complaint. Further pleading, Defendants state that a school district is a territory rather than a legal entity. Pursuant to R.C. § 3313.17, a school district's board of education is designated as the "body politic and corporate, and, as such, capable of suing and being sued," but a school district is not.

23. Defendants admit the allegations of Paragraph 23 of the Complaint.

24. Defendants admit the allegations of the first sentence of Paragraph 24 of the Complaint concerning the location of the Board and the District. Defendants deny each and every other allegation of Paragraph 24 of the Complaint, and all of its subparts (a) through (n). Defendants specifically deny that any of them committed any of the wrongful conduct alleged in Paragraph 24, and any and all of its subparts.

25.     Defendants admit the allegations of the first sentence of Paragraph 25 of the Complaint.  Defendants deny the remaining allegations of Paragraph 25 of the Complaint, and specifically deny that Defendant Ronald "Donnie" Stevens "was acting within the course and scope of his employment and/or agency with the Ottawa Hills Defendant. . ." when the alleged acts of abuse of took place.

26.     The allegations of the first sentences of Paragraph 26 of the Complaint are legal conclusions concerning Ronald "Donnie" Stevens' status and duties to report child abuse under R.C. §2151.421.  Defendants admit those allegations only to the extent that they are an accurate recitation of established Ohio law, but deny those allegations to the extent they are not. Defendants deny the allegations of the second sentence of Paragraph 26 of the Complaint because, if Donnie Stevens breached a statutory reporting duty, he was not acting within the course and scope of his employment in doing so.  Defendants deny the allegations of the third sentence of Paragraph 26 of the Complaint because the Ottawa Hills Defendants are not vicariously liable for any alleged breaches of statutory duty which may have been committed by Donnie Stevens.

27.     Defendants admit the allegations of the first sentence of Paragraph 27 of the Complaint.  The allegations of the second sentence of Paragraph 27 of the Complaint are legal conclusions concerning Kristie Stevens' status and duties to report child abuse under R.C. § 2151.421.  Defendants admit those allegations only to the extent that they are an accurate recitation of established Ohio law, but deny those allegations to the extent they are not. Defendants deny the allegations of the third sentence of Paragraph 27 of the Complaint because, if Kristie Stevens breached a statutory reporting duty, she was not acting within the course and scope of her employment in doing so.  Defendants deny the allegations of the fourth sentence of

Paragraph 27 of the Complaint because the Ottawa Hills Defendants are not vicariously liable for any alleged breaches of statutory duty which may have been committed by Kristie Stevens. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations contained in the fifth sentence of Paragraph 27 of the Complaint, and on that basis deny same.

28.     Defendants deny all allegations of Paragraph 28 of the Complaint except that Defendants admit that Kevin Miller is currently a resident of New Albany, Ohio, he was the Superintendent of the Ottawa Hills Local School District until February 19, 2019; he was Donnie Stevens' supervisor for some period of time; and that he assisted the Board of Education in crafting and implementing certain policies and practices.   All allegations of this Paragraph not specifically admitted are denied.

29.     Defendants deny all allegations of Paragraph 29 of the Complaint except that Defendants admit that Darcy Browne was employed by the Ottawa Hills Board of Education  as a K-8 guidance counselor, and later, as an assistant principal, and later (and only substantially *after* Donnie Stevens' arrest) as a Title IX coordinator.  All allegations of this Paragraph not specifically admitted are denied.

30.     Defendants deny all allegations of Paragraph 30 of the Complaint, except that Defendants admit that Jackie Patterson helped implement certain policies and practices.

31.     Defendants deny all allegations of Paragraph 31 of the Complaint except that Defendants admit that Benjamin McMurray is a resident of Lucas County, Ohio, that he was and is a principal within the Ottawa Hills Local School District, and that he assisted the Board of Education and Superintendent in crafting and implementing certain policies and practices.   All allegations of Paragraph 31 of the Complaint not specifically admitted are denied.

32.     Defendants deny all allegations of Paragraph 32 of the Complaint, except that Defendants admit that Robert Gnepper is a resident of Lucas County, Ohio, and was and is a member of the School Board.

33.     Defendants deny all allegations of Paragraph 33 of the Complaint, except that Defendants admit Adam Fineske became Superintendent in August 2019, is the current Superintendent for the Ottawa Hills Local School District, and that he is a resident of Lucas County, Ohio.

34.     Defendants deny that the composition of Defendants identified in Paragraph 34 of the Complaint can and should be referred to as the "Administration Defendants," and specifically deny that the attempt to refer to any group of Defendants collectively is proper.  Collective liability is legally unauthorized and improper.  Each Defendant is entitled to an individualized identification of the claims against them and the evidence upon which they are based. Knowledge and liability may not be imputed or imposed by virtue of a particular Defendant's association with other Defendants.

35.     Defendants deny the allegations of Paragraph 35 of the Complaint.

36.     Defendants deny all allegations of Paragraph 36 of the Complaint except the allegations that Nicole Silvers was employed by the Ottawa Hills Board of Education as a school teacher and is a resident of Lucas, County, Ohio.

37.     Defendants deny all allegations of Paragraph 37 of the Complaint except the allegations that James Kinkaid[4] was employed by the Ottawa Hills Board of Education as a school teacher and is a resident of Lucas, County, Ohio.

---

[4] Mr. Kinkaid's name is incorrectly spelled in the Complaint as "Kincaid."

38.    Defendants deny all allegations of Paragraph 38 of the Complaint except the allegations that Kristin Johnson was employed by the Ottawa Hills Board of Education as a school teacher and is a resident of Lucas, County, Ohio.

39.    Defendants deny all allegations of Paragraph 39 of the Complaint except the allegation that Kay Cocke was employed by the Ottawa Hills Board of Education.

40.    Defendants deny all allegations of Paragraph 40 of the Complaint except the allegations that Gerry Davis was employed by the Ottawa Hills Board of Education as a school teacher.

41.    Defendants deny all allegations of Paragraph 41 of the Complaint except the allegations that Elizabeth Puskala was employed by the Ottawa Hills Board of Education as a school teacher and is a resident of Lucas, County, Ohio.

42.    Defendants deny all allegations of Paragraph 42 of the Complaint except the allegation that Julie Visser was employed by the Ottawa Hills Board of Education as a school teacher.

43.    Defendants deny all allegations of Paragraph 43 of the Complaint except the allegations that Darrin Broadway was employed by the Ottawa Hills Board of Education as a school teacher.

44.    Defendants deny all allegations of Paragraph 44 of the Complaint except the allegations that Noreen Hanlon was employed by the Ottawa Hills Board of Education as a school teacher and is a resident of Lucas, County, Ohio.

45.    Defendants deny the allegations of Paragraph 45 of the Complaint.

46.     Defendants deny all allegations of Paragraph 46 of the Complaint except the allegations that Lauren Hurst was employed by the Ottawa Hills Board of Education as a school teacher and is a resident of Lucas, County, Ohio.

47.     Defendants deny that the composition of Defendants identified in Paragraph 47 of the Complaint can and should be referred to as the "Faculty Defendants," and specifically deny that the attempt to refer to any group of Defendants collectively is proper.  Collective liability is legally unauthorized and improper.  Each Defendant is entitled to an individualized identification of the claims against them and the evidence upon which they are based.  Knowledge and liability may not be imputed or imposed by virtue of a Defendant's association with other Defendants.

48.     Defendants deny the allegations of Paragraph 48 of the Complaint.

49.     Defendants deny the allegations of Paragraph 49 of the Complaint.

50.     Defendants deny the allegations of Paragraph 50 of the Complaint.

51.     Defendants deny the allegations of Paragraph 51 of the Complaint.

52.     Defendants incorporate their admissions, denials and responses to Paragraphs 1-51 of the Complaint as if fully rewritten herein.

53.     Upon information and belief, Defendants admit the allegations of Paragraph 53 of the Complaint.

54.     Defendants admit that Timothy Sprott was enrolled as a student at Ottawa Hills Local School District during the time period of the events alleged in the Complaint.

55.     Defendants deny the allegations of Paragraph 55 of the Complaint.

56.     Defendants deny the allegations of Paragraph 56 of the Complaint.

57.     Defendants deny the allegations of Paragraph 57 of the Complaint, except that they admit Ronald "Donnie Stevens" was not a school teacher or a school "official."   Further

pleading, Defendants state that Michelle Sprott was an often absent parent, and it was she, not any of the Defendants, who decided to allow Donnie Stevens to have guardianship and custody rights over her son.

58. Defendants lack knowledge sufficient to form a belief as to the "guises" Donnie Stevens used to "habitually abuse Timothy Sprott," and therefore deny the allegations of Paragraph 58 of the Complaint.

59. Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 59 of the Complaint, and on that basis deny same.

60. Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 60 of the Complaint, and on that basis deny same.

61. Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 61 of the Complaint, and on that basis deny same.

62. Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 62 of the Complaint, and on that basis deny same. Defendants specifically deny that any of them ever saw Donnie Stevens engage in any of the acts set forth in this paragraph, including the allegation that Donnie touched Timothy Sprott's buttocks while walking through school halls.

63. Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 63 of the Complaint, and on that basis deny same.

64. Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 64 of the Complaint, and on that basis deny same.

65. Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 65 of the Complaint, and on that basis deny same.

66.     Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 66 of the Complaint, and on that basis deny same.

67.     The allegations of Paragraph 67 of the Complaint are legal conclusions. Defendants admit those allegations only to the extent that they are an accurate recitation of established Ohio law, but deny those allegations to the extent they are not.

68.     Defendants incorporate their admissions, denials and responses to Paragraphs 1-67 as if fully rewritten herein.

69.     Upon information and belief, Defendants admit the allegations of Paragraph 69 of the Complaint.

70.     Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 70 of the Complaint, and on that basis deny same.

71.     Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 71 of the Complaint, and on that basis deny same.

72.     Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 72 of the Complaint, and on that basis deny same.

73.     Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 73 of the Complaint, and on that basis deny same.

74.     Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 74 of the Complaint, and on that basis deny same.

75.     Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 75 of the Complaint, and on that basis deny same.

76.     Defendants incorporate their admissions, denials and responses to Paragraphs 1-75 as if fully rewritten herein.

77.     Upon information and belief, Defendants admit the allegations of Paragraph 77 of the Complaint.

78.     Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 78 of the Complaint, and on that basis deny same.

79.     Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 79 of the Complaint, and on that basis deny same.

80.     Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 80 of the Complaint, and on that basis deny same.

81.     Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 81 of the Complaint, and on that basis deny same.

82.     Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 82 of the Complaint, and on that basis deny same.

83.     Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 83 of the Complaint, and on that basis deny same.

84.     Defendants incorporate their admissions, denials and responses to Paragraphs 1-83 as if fully rewritten herein.

85.     Defendants deny the allegations of Paragraph 85 of the Complaint.

86.     The allegations of Paragraph 86 of the Complaint are denied.  Further pleading, the word "oversee" is a vague word that does not precisely, and may inaccurately, describe the role and responsibility of any of the Defendants with regard to the two school buildings referred to in that paragraph.  Defendants admit, however, that the District includes an elementary school and a junior/senior high school.

87.      Defendants admit that the Ottawa Hills Board of Education issued a Non-Teaching Limited Contract to Ronald "Donnie Stevens" on August 3, 2001 as a custodian, and that his resume reflected experience in the business world and trades, but deny all allegations of Paragraph 87 broader than or inconsistent with this statement.

88.      Defendants admit the allegations of Paragraph 88 of the Complaint.

89.      Defendants admit that Kristie Stevens was hired in 2008 as a school teacher.   All other allegations of Paragraph 89 are denied.  Further pleading, the transfer of Kristie Stevens to the position of gifted intervention specialist was not a "promotion," and in fact, was undertaken as part of the school's effort to foreclose direct contact with students as part of the supportive services provided to students after Donnie Stevens' arrest.

90.       Upon information and belief, Defendants admit the allegations set forth in Paragraph 90 of the Complaint.

91.      Responding to Paragraph 91 of the Complaint, Defendants admit that Donnie Stevens had and used an office at the elementary school building, but deny that he "maintained" an office at the high school building.  All allegations of this Paragraph 91 not specifically admitted are denied.

92.      Defendants admit that Donnie Stevens was placed in the position of Operations Manager, but do not admit the date of that placement as set forth in Paragraph 92 of the Complaint.  Defendants admit that the Operations team performs the functions set forth in Paragraph 92 of the Complaint.

93.      Defendants admit the allegations of Paragraph 93 of the Complaint.  Further pleading, Defendants state that at no time, during his tenure as an employee of the Ottawa Hills Board of Education, was Donnie Stevens authorized in his capacity as an employee to educate,

tutor, instruct, supervise or instruct students.  To the extent that Donnie Stevens tutored, instructed or supervised any child, he did so only in his private capacity as a parent, or in his private capacity as the guardian and custodian of Tim Sprott, in accordance with the written directives of Michelle Sprott, or in his private capacity as a coach of a private baseball team which was unaffiliated with the school.

94.     Defendants admit that Ottawa Hills' faculty members including Kristie Sevens were properly trained in identifying suspected child abuse and inappropriate conduct as the law may require.  All allegations of Paragraph 94 of the Complaint not specifically admitted by the foregoing statement are denied.

95.     Defendants deny the allegations of Paragraph 95 of the Complaint.

96.     Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 96 of the Complaint, and on that basis deny same.

97.     Defendants deny the allegations of Paragraph 97 of the Complaint.

98.     Defendants deny the allegations of Paragraph 98 of the Complaint.

99.     Defendants deny the allegations of Paragraph 99 of the Complaint in that they incorrectly state what happened in July (not August) 2014 concerning former Ottawa Hills custodial employee Dennis Clere.  Further pleading, Defendants state that Mr. Clere was placed on administrative leave on July 3, 2014, barred from school grounds and District events, barred from having contact or communications with students, and his keys were confiscated when it was brought to the attention of the former Superintendent that the Ottawa Hills Police Department was conducting an investigation of allegations that had been reported to the police. Later on July 31, 2024, the Ottawa Hills Police advised the administration that Mr. Clere had been charged with a misdemeanor of contributing to the delinquency of a minor.  Even though

19

the administration did not then have possession of the police department's report (as the report was not a public record), and even though the misdemeanor charge had not been resolved and Mr. Clere was entitled to a legal presumption of innocence, he was nevertheless immediately asked to resign or face termination proceedings, and he did so.  The incident was reported to all District parents.

100.    Defendants lack knowledge sufficient to form a belief as to the allegations set forth in Paragraph 100 of the Complaint, and on that basis deny same.

101.    Defendants deny the allegations of Paragraph 101 of the Complaint.  Further pleading, Defendants state that Plaintiffs and/or their counsel is in possession of written communications proving that parents were informed of the incident.

102.    Defendants deny the allegations of Paragraph 102 of the Complaint.   Further pleading, Defendants state that at the time the Clere incident occurred, Defendant DeWire was a student, and not an employee or vendor of the Board of Education, and she had no personal knowledge of the facts of the Clere incident, and no personal knowledge of the administration or the Board of Education's response to it.

103.    Defendants deny the allegations of Paragraph 103 of the Complaint.

104.    Defendants deny the allegations of Paragraph 104 of the Complaint.

105.    Defendants deny the allegations of Paragraph 105 of the Complaint.

106.    Defendants deny the allegations of Paragraph 106 of the Complaint.

107.    Defendants deny the allegations of Paragraph 107 of the Complaint.

108.    Defendants deny the allegations of Paragraph 108 of the Complaint.

109.    Defendants deny the allegations of Paragraph 109 of the Complaint.  Further pleading, Defendants state that certain of them became informed in late 2017 that Mr. Stevens, in

his capacity as a parent whose children attend the Ottawa Hills Schools and in his capacity as the guardian and custodian of Timothy Sprott whose mother authorized Donnie Stevens to interact with her son, had on one occasion engaged in social media with his own child[ren], and/or certain of their friends, and/or Timothy Sprott.

110.    Defendants lack knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 of the Complaint, and on that basis deny same.

111.    Defendants deny the allegations of Paragraph 111 of the Complaint.

112.    Defendants deny the allegations of Paragraph 112 of the Complaint.

113.    Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 113 of the Complaint and on that basis deny same.

114.    Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 114 of the Complaint and on that basis deny same.

115.    Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 115 of the Complaint and on that basis deny same.

116.    Defendants lack knowledge of the allegations set forth in Paragraph 116 of the Complaint, and on that basis deny same.

117.    Defendants lack personal knowledge of the allegations set forth in Paragraph 117 of the Complaint, and on that basis deny same.  Further pleading, Defendants state that the parent referred to in this paragraph advised the school that she discovered a video on her son's phone involving Donnie Stevens being in a car with his son and some of his friends.

118.    The allegations of Paragraph 118 of the Complaint are denied because they refer to the "Administration Defendants" collectively, and not all of the Defendants referred to as the Administration Defendants were involved in the communications with the parent referred to in

Paragraph 118 of the Complaint.  Moreover, the allegations are denied because they misrepresent the true nature of the concerns expressed by the parent which in no way suggested the possibility of sexual abuse.

119.     All Defendants except Defendant McMurray lack knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 119 of the Complaint, and deny those allegations on that basis.  Defendant McMurray admits that, at some point but on a date which he presently does not recall, he communicated a second time with the parent referred to in Paragraph 119 of the Complaint, and shared information with her concerning the directives which had been given to Donnie Stevens concerning the need for him to maintain boundaries and avoid the use of social media with students, even though he was a parent and in that role was positioned to potentially  interact with students who were his own children's friends in various ways.

120.     Defendants deny the allegations of Paragraph 120 of the Complaint.

121.     Defendants deny the allegations of Paragraph 121 of the Complaint.  Further pleading, Defendants state that the allegations of Paragraph 121 are all related to a so-called "incident," when that is not an accurate description of the "concern" raised by the parent referred to in this paragraph.  The concern had nothing to do with possible sexual abuse, but instead was related to social media, music with questionable lyrics, and the absence of Michelle Sprott when the parent understood her son to be at the Sprott home.  The allegations are also denied in that they improperly imply that the parent's concern was not properly investigated and addressed by the school, when in fact, it was evaluated and addressed by the Principal and Assistant Principal and was investigated by the police, which identified no criminal wrongdoing by Donnie Stevens. The allegations also improperly assert that information was "withheld" from parents, when, in

fact, the only parent who raised the concern was kept informed and encouraged to speak with the police.  The allegations also improperly imply that Donnie Stevens was not called to account for his conduct when, in fact, superiors discussed and counseled him about issues implicated by the matter.  Finally, the allegations also specifically assert that information about her son being in the presence of Donnie Stevens late at night was "withheld" from Michelle Sprott when, in fact, she testified at the criminal trial that Mr. Stevens had free access to the Sprott home, and she was fully-informed that her son spent free time with Donnie Stevens, and did so with her knowledge and consent.

122.    Defendants deny the allegations of Paragraph 122 of the Complaint.

123.    Defendants deny the allegations of Paragraph 123 of the Complaint.

124.    Defendants deny the allegations of Paragraph 124 of the Complaint.  Further pleading, those allegations wrongly imply that school officials informed the parent that further "complaints" should only be addressed to the police, when in fact the suggestion that further "complaints" be brought to the police was not intended to exclude also bringing them to school officials. The police actually did not inform school officials that any criminal or other misconduct occurred involving Donnie Stevens despite investigating the parent's concern.

125.    Defendants deny the allegations of Paragraph 125 of the Complaint.

126.    Defendants deny the allegations of Paragraph 126 of the Complaint.

127.    Defendants admit that Donnie Stevens was not a certified teacher but otherwise deny the allegations of Paragraph 127 of the Complaint.  Further pleading, Defendants state that no school official ever selected Donnie Stevens to engage in tutoring activities involving Timothy Sprott; rather, Michelle Sprott trusted Donnie Stevens to be involved in her son's life, and she gave him express permission to have access to his educational records.  Parents have the

right to engage private individuals or family friends to assist students with their academic work, but those assistants can only have access to a student's academic records if express parental permission is given, as Michelle Sprott did in this case.

128.     Defendants deny the allegations of Paragraph 128 of the Complaint. These allegations are built on the false premise that school officials put a tutoring program in place at its instigation which authorized Donnie Stevens to be a formal tutor for Timothy Sprott. That never happened.

129.     Defendants deny the allegations of the first sentence of Paragraph 129 of the Complaint. Upon information and belief, Defendants Hurst and Patterson admit that they may have discussed Timothy Sprott's poor academic performance in English with each other at one or more times, and may have discussed Michelle Sprott's choice of selecting Donnie Stevens to assist her son with his academic work, but those Defendants deny that these discussions included any talk about Donnie Stevens having an inappropriate sexual, harassing, or abusive relationship with Timothy Sprott. All allegations of Paragraph 129 of the Complaint not specifically admitted are denied.

130.     Defendants deny the allegations of Paragraph 130 of the Complaint.

131.     Defendants deny the allegations of Paragraph 131 of the Complaint.

132.     The allegations of Paragraph 132 of the Complaint are denied. They are founded on the false premise that Defendants Browne and Patterson recommended that Michelle Sprott grant temporary custody and/or guardianship of her son to Donnie Stevens in connection with school-based educational activities, which is an utterly false factual predicate. Thus, while it is generally true that there are no educational-based reasons for a maintenance worker to be afforded temporary custody of a child, that is not what happened in this case. Michelle Sprott is

the person who chose to give custody of her son to Donnie Stevens, not any of the Defendants. The allegations of Paragraph 132 of the Complaint are, therefore, misleading and false, and cannot be admitted.

133.    Defendants deny the allegations of Paragraph 133 of the Complaint.

134.    Defendants deny the allegations of Paragraph 134 of the Complaint.

135.    Defendants deny the allegations of Paragraph 135 of the Complaint.

136.    Defendants deny the allegations of Paragraph 136 of the Complaint.  Further pleading, Defendants state that the supposed text-message referred to in this Paragraph has not been produced to Defendants by Plaintiffs, notwithstanding the fact that the allegations of this Paragraph supposedly quote it.

137.    Defendants deny the allegations of Paragraph 137 of the Complaint.

138.    Defendants deny the allegations of Paragraph 138 of the Complaint.

139.    Defendants deny the allegations of Paragraph 139 of the Complaint.

140.    Defendants deny the allegations of Paragraph 140 of the Complaint.

141.    Defendants deny the allegations of Paragraph 141 of the Complaint.

142.    Defendants deny the allegations of Paragraph 142 of the Complaint.

143.    Defendants deny the allegations of Paragraph 143 of the Complaint.

144.    Defendants deny the allegations of Paragraph 144 of the Complaint.

145.    Defendants deny the allegations of Paragraph 145 of the Complaint, except that Defendants admit Timothy Sprott's student file contains a handwritten note purportedly signed by Ronald Stevens which states:  "Please excuse Tim Sprott October 8, 2018 for an appointment."  Further pleading, Defendants state that as of October 8, 2018, Michelle Sprott had signed and submitted to the school a Temporary Custody Agreement by which she informed

the school that she gave "permission to Mr./Mrs. Stevens to. . . apply for, consent to, or otherwise obtain any medical treatment, social, educational or other services that the children may need."

146. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 146 of the Complaint and on that basis deny same. Further pleading, Defendants state that Timothy Sprott's student file actually contains a "Readmit Pass" form completed by the Attendance Administrative Assistant noting an excused absence for Tim Sprott.

147. Defendants deny the allegations of Paragraph 147 of the Complaint.

148. Defendants deny the allegations of Paragraph 148 of the Complaint.

149. Defendants deny the allegations of Paragraph 149 of the Complaint.

150. Defendants deny the allegations of Paragraph 150 of the Complaint.

151. Defendants deny the allegations of Paragraph 151 of the Complaint.

152. Defendants deny the allegations of Paragraph 152 of the Complaint.

153. Defendants deny the allegations of Paragraph 153 of the Complaint.

154. Defendants deny the allegations of Paragraph 154 of the Complaint.

155. Defendants deny the allegations of Paragraph 155 of the Complaint.

156. Defendants deny the allegations of Paragraph 156 of the Complaint because when read in context with the allegations of the Complaint, they imply that Defendant DeWire was speaking about Donnie Stevens when she was not. Defendants admit only that some of the language contained in paragraph 156 of the Complaint is found in a message she sent.

157. Defendants deny the allegations of Paragraph 157 of the Complaint.

158. Defendants deny the allegations of Paragraph 158 of the Complaint.

159.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 159 of the Complaint, and on that basis deny same.

160.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 160 of the Complaint, and on that basis deny same.

161.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 161 of the Complaint, and on that basis deny same.

162.     Defendants deny the allegations of Paragraph 162 of the Complaint.

163.     Defendants deny the allegations of Paragraph 163 of the Complaint.

164.     Defendants deny the allegations of Paragraph 164 of the Complaint.

165.     Defendants deny the allegations of Paragraph 165 of the Complaint.

166.     Defendants deny the allegations of Paragraph 166 of the Complaint.

167.     Defendants deny the allegations of Paragraph 167 of the Complaint.

168.     Defendants deny the allegations of Paragraph 168 of the Complaint.

169.     Defendants deny the allegations of Paragraph 169 of the Complaint.

170.     Defendants deny the allegations of Paragraph 170 of the Complaint.

171.     Defendants deny the allegations of Paragraph 171 of the Complaint.

172.     Defendants deny the allegations of Paragraph 172 of the Complaint.

173.     Defendants deny the allegations of Paragraph 173 of the Complaint.

174.     Defendants deny the allegations of Paragraph 174 of the Complaint, including all subparts.

175.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 175 of the Complaint, and on that basis deny same.

176.     Defendants deny the allegations of Paragraph 176 of the Complaint.  Further pleading, Defendants state that Darcy Browne was not the Title IX Coordinator at this time, nor at any time prior to Ronald Stevens' arrest.  Moreover, in the only meeting which Darcy Browne had with Michelle Sprott about her son in which Donnie Stevens was mentioned, Michelle Sprott did not inform Defendant Browne that she suspected an inappropriate relationship between her son Timothy and Ronald Stevens.  To the contrary, she intentionally concealed the information she shared with medical personnel about that topic from Ms. Browne, and instead, led Ms. Browne to believe that an intra-family dispute, unrelated to issues of possible abuse, existed.

177.     Defendants deny the allegations of Paragraph 177 of the Complaint.

178.     Upon information and belief, Defendants admit the allegations of Paragraph 178 of the Complaint.

179.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity the allegations of the first sentence of Paragraph 179 of the Complaint, and on that basis deny same. Defendants admit that Plaintiff Hal Burke had a meeting with certain school officials in January 2020, but otherwise deny all other remaining allegations of Paragraph 179 of the Complaint.

180.     Defendants deny the allegations of Paragraph 180 of the Complaint.

181.     Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 181 of the Complaint, and on that basis deny same.

182.     Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 182 of the Complaint, and on that basis deny same.

183. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 183 of the Complaint, and on that basis deny same.

184. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 184 of the Complaint, and on that basis deny same.

185. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 185 of the Complaint, and on that basis deny same.

186. Defendants admit the allegations of Paragraph 186 of the Complaint.

187. Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 187 of the Complaint, and on that basis deny same.

188. Upon information and belief, Defendants admit the allegations of Paragraph 188 of the Complaint.

189. Defendants deny the allegations of Paragraph 189 of the Complaint to the effect that "much" of Ronald Stevens' abuse occurred on school property during school hours. Further pleading, Defendants state that testimony at the criminal trial established that neither Plaintiff J.S. nor B.B. was abused on school property or during school hours. The testimony of Timothy Sprott established that the abuse occurred largely at the Sprott house in Plaintiff Timothy Sprott's own bedroom, and at the Stevens house in Defendant Donnie Stevens' bedroom, in the Stevens living room, and in the Stevens basement. He testified that sexual acts occurred

"throughout the day" and "throughout the night" at the Stevens house, and "several times a week" at the Stevens house during the lunch break, not during school instructional time.

190.    Defendants lack personal knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 190 of the Complaint, and on that basis deny same.

191.    Defendants deny the allegations of Paragraph 191 of the Complaint.

192.    Defendants deny the allegations of Paragraph 192 of the Complaint.

193.    Defendants deny the allegations of Paragraph 193 of the Complaint.

194.    Defendants deny the allegations of Paragraph 194 of the Complaint.

195.    Defendants deny the allegations of Paragraph 195 of the Complaint.

196.    Defendants incorporate their admissions, denials and responses to Paragraphs 1 to 196 of the Complaint as if fully rewritten herein.

197.    Defendants deny that all of the Plaintiffs are "persons" under 20 U.S.C. §1681(a) *et. seq.*

198.    Defendants deny that all of the Plaintiffs were students at Defendants' schools at the time of the alleged assaults.

199.    Defendants deny that all of the Plaintiffs were subject to unlawful discrimination on the basis of sex.

200.    The allegations of Paragraph 200 of the Complaint purport to quote an excerpt of 20 U.S.C §1681(a).   To the extent those allegations accurately quote the statutory language they are admitted; to the extent they do not, they are denied.

201.    Defendants deny that all of the Defendants against whom the allegations of the First Claim for Relief are directed are recipients of federal financial assistance for educational programs.   Therefore, the allegations of Paragraph 201 of the Complaint are denied.

202.    Defendants deny that all of the Defendants against whom the allegations of the First Claim for Relief are directed are "appropriate persons" under Title IX.

203.    Defendants deny the allegations of Paragraph 203 of the Complaint, except that Defendants admit that the Board of Education employed Ronald Stevens.

204.    Defendants deny the allegations of Paragraph 204 of the Complaint.

205.    Defendants deny the allegations of Paragraph 205 of the Complaint.

206.    Defendants deny the allegations of Paragraph 206 of the Complaint.

207.     Defendants deny the allegations of Paragraph 207 of the Complaint.

208.    Defendants deny the allegations of Paragraph 208 of the Complaint.

209.    Defendants deny the allegations of Paragraph 209 of the Complaint including all subparts.

210.    Defendants deny the allegations of Paragraph 210 of the Complaint.

211.    Defendants deny the allegations of Paragraph 211 of the Complaint.

212.    Defendants deny the allegations of Paragraph 212 of the Complaint.

213.    Defendants deny the allegations of Paragraph 213 of the Complaint.

214.    Defendants deny the allegations of Paragraph 214 of the Complaint.

215.    Defendants deny the allegations of Paragraph 215 of the Complaint.

216.    Defendants incorporate their admissions, denials and responses to Paragraphs 1 through 215 of the Complaint as if fully rewritten herein.

217.     The description in Paragraph 217 of the Complaint of 42 U.S.C. § 1983 as being a "method" to "vindicate" violations of federal rights is not an accurate description of this federal statute adopted by Congress or its legal operation in all cases; therefore, Defendants cannot agree with that description and deny the allegations of this Paragraph on that basis.

218.     Defendants admit that Plaintiffs are entitled to certain legal protections under the Constitution and Federal law, but deny that any of the Plaintiffs have suffered a violation of those rights at the hands of any of these answering Defendants.

219.     Defendants deny the allegations of Paragraph 219 of the Complaint.

220.     Defendants deny the allegations of Paragraph 220 of the Complaint.

221.     Defendants deny the allegations of Paragraph 221 of the Complaint.

222.     Defendants deny the allegations of Paragraph 222 of the Complaint.

223.     Defendants deny the allegations of Paragraph 223 of the Complaint.

224.     Defendants deny the allegations of Paragraph 224 of the Complaint.

225.     Defendants deny the allegations of Paragraph 225 of the Complaint.

226.     Defendants deny the allegations of Paragraph 226 of the Complaint.

227.     Defendants deny the allegations of Paragraph 227 of the Complaint.

228.     Defendants deny the allegations of Paragraph 228 of the Complaint, including all subparts.

229.     Defendants deny the allegations of Paragraph 229 of the Complaint.

230.     Defendants deny the allegations of Paragraph 230 of the Complaint.

231.     Defendants incorporate their admissions, denials and responses to Paragraphs 1 through 230 of the Complaint as if fully rewritten herein.

232.     Defendants deny the allegations of Paragraph 232 of the Complaint.

233.     Defendants deny the allegations of Paragraph 233 of the Complaint.

234.     Defendants deny the allegations of Paragraph 234 of the Complaint.

235.     Defendants deny the allegations of Paragraph 235 of the Complaint, including all subparts.

236.     Defendants deny the allegations of Paragraph 236 of the Complaint.

237.     Defendants deny the allegations of Paragraph 237 of the Complaint.

238.     Defendants deny the allegations of Paragraph 238 of the Complaint.

239.     Defendants deny the allegations of Paragraph 239 of the Complaint.

240.     Defendants incorporate their admissions, denials and responses to Paragraphs 1 through 239 of the Complaint as if fully rewritten herein.

241.     Defendants deny the allegations of Paragraph 241 of the Complaint, as that statute applies only to common law claims of assault and battery, not to statutory claims brought under Ohio or Federal law.

242.     Defendants deny that the theory of substantive due process applies or creates any enforceable rights against any of these answering Defendants in this case, and so deny the allegations of Paragraph 242 of the Complaint if (which appears not to be the Plaintiffs' intent) those allegations are being directed against them.

243.     Defendants deny that the theory of substantive due process applies or creates any enforceable rights against any of the Defendants in this case, and so deny the allegations of Paragraph 243 of the Complaint (which appears not to be the Plaintiffs' intent) those allegations are being directed against them.

244.     The allegations of Paragraph 244 of the Complaint appear not intended to be directed against any of these answering Defendants, but if they are, those allegations are denied.

245. The allegations of Paragraph 245 of the Complaint appear not intended to be directed against any of these answering Defendants, but if they are, those allegations are denied.

246. Defendants deny the allegations of Paragraph 246 of the Complaint.

247. Defendants deny the allegations of Paragraph 247 of the Complaint.

248. Defendants deny the allegations of Paragraph 248 of the Complaint.

249. Defendants deny the allegations of Paragraph 249 of the Complaint.

250. Defendants deny the allegations of Paragraph 250 of the Complaint.

249. (Plaintiff's Complaint incorrectly repeats numbered Paragraph 249.)  Defendants incorporate their admissions, denials and responses to Paragraphs 1 through first numbered Paragraph 249 of the Complaint as if fully rewritten herein.

250. (Plaintiff's Complaint incorrectly repeats numbered Paragraph 250.)  Defendants deny the allegations of the second numbered Paragraph 250 of the Complaint, as that statute applies only to common law claims of assault and battery, not to statutory claims brought under Ohio or Federal law.

251. Defendants deny the allegations of Paragraph 251 of the Complaint.  Further pleading, Defendants state that none of the Plaintiffs are disabled as a matter of law.

252. Defendants deny the allegations of Paragraph 252 of the Complaint.

253. Defendants deny the allegations of Paragraph 253 of the Complaint.

254. The allegations of Paragraph 254 of the Complaint appear not intended to be directed against any of these answering Defendants, but if they are, those allegations are denied.

255. Defendants deny the allegations of Paragraph 255 of the Complaint.

256. Defendants deny the allegations of Paragraph 256 of the Complaint.

257.    The allegations of Paragraph 257 of the Complaint appear not intended to be directed against any of these answering Defendants, but if they are, those allegations are denied.

258.    Defendants deny the allegations of Paragraph 258 of the Complaint.

259.    Defendants deny the allegations of Paragraph 259 of the Complaint.

260.    Defendants incorporate their admissions, denials and responses to Paragraphs 1 through 259 of the Complaint as if fully rewritten herein.

261.    Defendants deny the allegations of Paragraph 261 of the Complaint.

262.    Defendants deny the allegations of Paragraph 262 of the Complaint in that the Fourth Amendment theory of "excessive force" does not fit the facts of this case as Defendants understand them to be.

263.    Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 263 of the Complaint and on that basis deny same.

264.    Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 264 of the Complaint and on that basis deny same.

265.    Defendants deny the allegations of Paragraph 265 of the Complaint in that the Fourth Amendment theory of "excessive force" does not fit the facts of this case as Defendants understand them to be.

266.    Defendants deny the allegations of Paragraph 266 of the Complaint.

267.    Defendants deny the allegations of Paragraph 267 of the Complaint.

268.    Defendants incorporate their admissions, denials and responses to Paragraphs 1 through 267 of the Complaint as if fully rewritten herein.

269.     Defendants admit that the Defendants described as "Administration Defendants" are persons under 42 USC § 1983, but deny that at all times relevant hereto, they were acting under the color of state law.

270.     Defendants admit that Plaintiffs Timothy Sprott, J.S. and B.B. are entitled to certain legal protections under the Constitution, but deny that any of the Plaintiffs have suffered a violation of those rights at the hands of any of these answering Defendants.

271.     Defendants deny the allegations of Paragraph 271 of the Complaint.

272.     Defendants deny the allegations of Paragraph 272 of the Complaint.

273.     Defendants deny the allegations of Paragraph 273 of the Complaint.

274.     Defendants deny the allegations of Paragraph 274 of the Complaint, including all subparts.

275.     Defendants deny the allegations of Paragraph 275 of the Complaint.

276.     Defendants deny the allegations of Paragraph 276 of the Complaint.

277.     Defendants deny the allegations of Paragraph 277 of the Complaint.

278.     Defendants incorporate their admissions, denials and responses to Paragraphs 1 through 277 of the Complaint as if fully rewritten herein.

279.     Defendants deny the allegations of Paragraph 279 of the Complaint.

280.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 280 of the Complaint, and on that basis deny same.

281.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 281 of the Complaint, and on that basis deny same.

282.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 282 of the Complaint, and on that basis deny same.

283.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 283 of the Complaint, and on that basis deny same.

284.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 284 of the Complaint, and on that basis deny same.

285.     Defendants deny the allegations of Paragraph 285 of the Complaint.

286.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 286 of the Complaint, and on that basis deny same.

287.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 287 of the Complaint, and on that basis deny same.

288.     Defendants incorporate their admissions, denials and responses to Paragraphs 1 through 287 of the Complaint as if fully rewritten herein.

289.     Defendants incorporate their admissions, denials and responses to Paragraphs 1 through 289 of the Complaint as if fully rewritten herein.

290.     Upon information and belief, Defendants admit the allegations of Paragraph 290 of the Complaint.

291.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 291 of the Complaint, and on that basis deny same.

292.     The allegations of Paragraph 292 of the Complaint do not appear to be directed against these answering Defendants; if they are, those allegations are denied.

293.     Defendants incorporate their admissions, denials and responses to Paragraphs 1 through 292 of the Complaint as if fully rewritten herein.

294.     Defendants deny the allegations of Paragraph 294 of the Complaint.

295.     Defendants deny the allegations of Paragraph 295 of the Complaint.

296. Defendants deny the allegations of Paragraph 296 of the Complaint.

297. Defendants deny the allegations of Paragraph 297 of the Complaint.

298. Defendants incorporate their admissions, denials and responses to Paragraphs 1 through 297 of the Complaint as if fully rewritten herein.

299. Defendants admit the allegations of the first sentence of Paragraph 299 of the Complaint. Defendants deny the allegations of the second sentence of Paragraph 299 of the Complaint, because those allegations falsely assume that Stevens performed services for the Board or school as a teacher or tutor, which never happened.

300. Defendants deny the allegations of Paragraph 300 of the Complaint.

301. Defendants deny the allegations of Paragraph 301 of the Complaint. Further pleading, none of the Defendants knew or had reason to know of any alleged abuse, molestation or rape committed by Ronald Stevens. Moreover, Ronald Stevens never worked as a teacher or tutor within the District.

302. Defendants deny the allegations of Paragraph 302 of the Complaint.

303. Defendants deny the allegations of Paragraph 303 of the Complaint.

304. Defendants deny the allegations of Paragraph 304 of the Complaint.

305. Defendants incorporate their admissions, denials and responses to Paragraphs 1 through 304 of the Complaint as if fully rewritten herein.

306. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 306 of the Complaint, and on that basis deny same.

307. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 307 of the Complaint, and on that basis deny same.

308.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 308 of the Complaint, and on that basis deny same.

309.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 309 of the Complaint, and on that basis deny same.

310.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 310 of the Complaint, and on that basis deny same.

311.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 311 of the Complaint, and on that basis deny same.

312.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 312 of the Complaint, and on that basis deny same.

313.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 313 of the Complaint, and on that basis deny same.

314.     Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 314 of the Complaint, and on that basis deny same.

315.     Defendants incorporate their admissions, denials and responses to Paragraphs 1 through 314 of the Complaint as if fully rewritten herein.

316.     The language of Ohio Rev. Code §2315.18(B)(2) does not "purport" to limit the amount recoverable for non-economic loss in a claim for sexual abuse, it actually does so.  The allegations of Paragraph 316 of the Complaint are admitted insofar as they are an accurate statement of the terms of Ohio Rev. Code §2315.18(B)(2).

317.     The language of Ohio Rev. Code §2315.18(B)(2) does not "purport" to limit the amount recoverable for non-economic loss in a claim for sexual abuse, it actually does so.  The allegations of Paragraph 317 of the Complaint are not admitted, and they are denied, because

Plaintiff's summary of those terms is inaccurate, and seeks to apply a "catastrophic injury" exemption to the damages caps which is not what the statute provides.   The exceptions to the damages limitations (i.e. caps) authorized by the statutory language do not apply under the facts and circumstances of this case, and those limitations and caps are applicable here.

318.    Defendants deny the allegations of Paragraph 318 of the Complaint.

319.    Defendants deny the allegations of Paragraph 319 of the Complaint, because Plaintiffs are seeking to stack each act of abuse in order to avoid the damages limitations or caps set forth in Ohio Rev. Code §2315.18(B)(2) which is improper as a matter of law and contrary to the General Assembly's intent when adopting the statute.

320.    Defendants deny the allegations of Paragraph 320 of the Complaint.

321.    Defendants deny the allegations of Paragraph 321 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

322.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted as to one, more or all of the Claims for Relief in the Complaint as to one, more or all of the Defendants, and those Claims against those parties should therefore be dismissed.

## SECOND AFFIRMATIVE DEFENSE

323.    As to one, more or all of the Claims for Relief asserted against one, more or all of the Defendants, the Complaint fails to meet the minimal pleading requirements of Federal Civil Rules 8 and 12, and as established by the *Twombly/Iqbal* doctrine, and Defendants are entitled to dismissal of those Claims.

## THIRD AFFIRMATIVE DEFENSE

324.     Plaintiffs' Complaint improperly attempts to assert claims against Defendants collectively such that one, more or all of the Defendants have not been put on fair notice of one, more or all of the Claims asserted against them.

## FOURTH AFFIRMATIVE DEFENSE

325.     One, more or all of Plaintiffs' claims are barred by doctrines of common law or statutory immunity, including but not necessarily limited to, absolute immunity, qualified immunity, immunity under Ohio R.C. Chapter 2744, and common law immunity.   No exceptions to the immunities to which Defendants are entitled exist under the facts and circumstances of this case.

## FIFTH AFFIRMATIVE DEFENSE

326.     Defendants sued in their individual capacity are not subject to liability under Title IX, and no private right of action under Title IX may be asserted against them.

## SIXTH AFFIRMATIVE DEFENSE

327.     No claim asserting a private right of action under Title IX exists as to the Board of Education or the District because fundamentally fair and effective policies related to sexual harassment and abuse were in place, and Defendant Board's policies and procedures were fairly applied in all material respects, including the taking of prompt and effective action when put on notice of the allegations involving Mr. Stevens.

## SEVENTH AFFIRMATIVE DEFENSE

328.     Plaintiffs' alleged damages and remedies, if any, may be subject to and limited by the provisions of Ohio and federal law which serve to cap or limit damages, and Defendants

claim the benefit of all such limitations, including but not limited to the limitations contained in Ohio Revised Code Chapters 2315 and 2744.

## EIGHTH AFFIRMATIVE DEFENSE

329. At all times relevant to this action, Defendants have acted in good faith toward Plaintiffs and in compliance with all applicable laws.

## NINTH AFFIRMATIVE DEFENSE

330. Some or all of the Plaintiffs' claims, particularly those of Timothy Sprott, may be barred by the applicable statute of limitations or the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

331. Some or all of the Plaintiffs may have failed to mitigate or minimize their damages.

## ELEVENTH AFFIRMATIVE DEFENSE

332. Some or all of the damages claimed by Plaintiffs were caused by acts or omissions not attributable to Defendants, and/or barred or limited by the doctrines of intervening and superseding causation.

## TWELFTH AFFIRMATIVE DEFENSE

333. Plaintiffs' Thirteenth Claim for Relief must be dismissed because Plaintiffs have failed to comply with the requirements of Ohio R.C. §2721.12, thereby depriving the Court of subject matter jurisdiction to hear that claim.

## THIRTEENTH AFFIRMATIVE DEFENSE

334. Defendants cannot be found liable for the claims in the Complaint because all or nearly all of the assaults or abuse upon each of the student/Plaintiffs alleged in Plaintiffs'

Complaint occurred off campus and under circumstances about which Defendants had no knowledge and over which Defendants had no control.

## FOURTEENTH AFFIRMATIVE DEFENSE

335.    Plaintiffs' claims and damages were not foreseeable as a matter of law.

## FIFTEENTH AFFIRMATIVE DEFENSE

336.    Defendants had no special relationship under the law with Plaintiffs, and Defendants owed no affirmative duty of protection to Plaintiffs.

## SIXTEENTH AFFIRMATIVE DEFENSE

337.    No unconstitutional policy, practice or custom of Defendants was the moving force behind Plaintiffs' claimed injuries and damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

339.    Defendants did not engage in affirmative conduct to place the specific Plaintiffs at danger or risk of abuse, they neither created nor increased the danger or risk of abuse, and they did not fail to act under circumstances in which they were required to act to avoid a danger or risk of abuse.

## EIGHTEENTH AFFIRMATIVE DEFENSE

340.    Defendants did not know, could not know, and should not have known of potential abuse involving Plaintiffs and Mr. Stevens.

## NINETEENTH AFFIRMATIVE DEFENSE

341.    No pattern and practice of misconduct substantially similar to that which is alleged in the Complaint existed, as no prior instances of substantially similar misconduct occurred involving Ottawa Hills school employees.

## TWENTIETH AFFIRMATIVE DEFENSE

342.    To the extent Plaintiffs seek to impose supervisory liability against one or more Defendants for one or more claims, the claims fail as no individual state actor sued in his or her individual capacity knowingly acquiesced or implicitly approved of the conduct of Mr. Stevens which is alleged to have caused Plaintiffs' damages.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

343.    The doctrines of vicarious liability and/or *respondeat superior* do not apply as a matter of law or fact in this case.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

344.    Plaintiffs may not recover punitive or exemplary damages as a matter of law against any of the Defendants.  Plaintiffs' demands for punitive or exemplary damages are also unconstitutional under the U.S. and/or Ohio Constitutions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

345.    Some or all of the damages claimed by Plaintiff Timothy Sprott were caused, not by the acts or omissions of Defendants, but by the conduct of Michelle Sprott, who knowingly relinquished custody of her son to Ronald Stevens, including decision-making authority over his educational, medical and other personal affairs, and she did so without having conducted a reasonable investigation of him, and without engaging in reasonable supervision of him and her son.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

346.    Certain claims which Plaintiffs seek to assert under Title IX are barred because the conduct at issue does not amount to discrimination or harassment on the basis of sex, or because no private right of action exists to assert a claim based on the conduct in question.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

347.    Ronald Stevens was not engaged in a school-sponsored, school-initiated, or school-approved tutoring or mentoring program, and any involvement he had in activities of these sorts with Timothy Sprott, J.S. and B.B. were because the parent/Plaintiffs in this case conceived of, authorized or permitted their child to be involved with Ronald Stevens.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

348.    Some or all of the claims asserted by or on behalf of some or all of the Defendants are barred by the doctrines of waiver and/or estoppel.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

349.    Some of the Defendants, including but not limited to Defendants Kristie and Ronald Stevens, were not "appropriate persons" under Title IX.   No Defendant who was an "appropriate person" had knowledge of the alleged abuse.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

350.    The educational programs and activities offered and provided by the Board of Education did not include the private tutoring and mentoring activities which Michelle Sprott authorized Ronald Stevens to undertake involving her son Timothy.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

351.    The sleepovers at the Stevens house which the parent/Plaintiffs Hal and Lisa Burke and Michelle Sprott permitted their children to attend (without the knowledge of any of these answering Defendants), and the invitations and permissions given by Michelle Sprott to allow Ronald Stevens in the Sprott home, during which the acts of alleged abuse occurred, were private activities, not activities involving an educational program or activity offered by the Board

of Education or any entity receiving federal funding, and hence they cannot form the basis of a claim under Title IX.

## THIRTIETH AFFIRMATIVE DEFENSE

352. No complaints of sexual abuse or sexual harassment on the part of Ronald Stevens were made by Plaintiffs or any third parties to any of the Defendants prior to Mr. Stevens' arrest.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

353. Appropriate supportive measures were provided to students, including the student/Plaintiffs, after Mr. Stevens' arrest.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

354. Kristie Stevens was on a "continuing contract" as recognized by Ohio law, and as such, her contract was not "renewed" by the Board of Education, and it could not be legally terminated under the facts and circumstances of this case. Kristie Stevens was not promoted after Mr. Stevens' arrest, and she was precluded from having any physical or educational contact with any of the Plaintiffs, or any other students.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

355. To the extent that one or more of Plaintiffs' claims are premised on writings, communications, text messages, or social media postings, Defendants have not been placed on fair notice of the claims because, despite ongoing discovery including provision of Fed. Civ. R. 26 disclosures, such writings, communications, text messages, or postings have not been attached to the Complaint or produced in discovery.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

356.     Under Ohio Revised Code Title 3319, teachers, para-professionals and non-teaching employees provide services for a Board of Education in a District's schools only pursuant to written contracts.  All educational services and activities afforded to students are provided by employees with continuing, limited or supplemental contracts which identify the duties the employee is to perform.  Donnie Stevens had no written contract with any of the Defendants by which he was engaged and authorized to provide tutoring or mentoring of students, and none of the Defendants supervised or controlled Donnie Stevens in an authorized or approved tutoring or mentorship program.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

357.     Defendant Abigail DeWire was not a contracted employee of the Board of Education during the events in controversy, and no matter what her capacity, she made no complaints to any of the Defendants in this case implicating Donnie Stevens in any acts of abuse or misconduct prior to his arrest.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

358.     The parent/Plaintiffs Michelle Sprott, and Hal and Lisa Burke, intentionally allowed Ronald Stevens to build a personal relationship with their sons over a period of several years, including allowing him to physically interact with their sons as the coach of a private baseball team (not sponsored by the school) on which they permitted their sons to play, and allowing them to go places and engage in activities on evenings and weekends with Ronald Stevens, at his home, yet the parent/Plaintiffs expressed no concerns and made no Complaints of potential abuse or inappropriate conduct to any of the Defendants prior to Mr. Stevens' arrest.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

359.     No official decision or action caused any of the Plaintiffs to suffer abuse or damage in this case, but instead, the abuse or damage which may have been suffered was the result of the independent actions of Ronald Stevens.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

360.     None of the student/Plaintiffs suffered any abuse at the hands of Donnie Stevens after school officials were informed in December 2019 by Lucas County Childrens Services and the police that he was under investigation for potential sexual misconduct.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

361.     For purposes of a substantive due process claim, the student/Plaintiffs were never in the forced or involuntary custody of the Board of Education at any of the District's schools, so no special relationship of protection existed.

### FORTIETH AFFIRMATIVE DEFENSE

362.     None of the Defendants committed an affirmative act which either created or increased the risk that the student/Plaintiffs would be exposed to an act of violence or abuse by Ronald Stevens thereby creating a special danger to them.

### FORTY-FIRST AFFIRMATIVE DEFENSE

363.     None of the Defendants treated any of the student/Plaintiffs differently than other students on the basis of their membership in a protected class, or the exercise of a fundamental right, and so no equal protection claim can be asserted against these Defendants.

### FORTY-SECOND AFFIRMATIVE DEFENSE

364.     None of the Defendants "seized" any of the Plaintiffs for purposes of a Fourth Amendment claim.

## FORTY-THIRD AFFIRMATIVE DEFENSE

365.    None of the Defendants knew, or had reasonable cause to suspect based on facts that would cause a reasonable person in a similar position to suspect, that any of the student/Plaintiffs suffered or faced a threat of suffering abuse at the hands of Ronald Stevens.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

366.    Defendants deny they have committed any wrong which has produced damages to Plaintiffs, but for purposes of asserting this affirmative defense only, they assert that fault must be compared, apportioned and allocated among all responsible parties, including Defendants Ronald Stevens, Kristie Stevens, and other third parties, which may include some of the named Parent/Plaintiffs.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

367.    Plaintiffs failed to exercise ordinary, reasonable and due care for their own safety, or for the safety of their children.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

368.    Any losses, harms or damages suffered by any of the student/Plaintiffs were directly and proximately caused by others, including Ronald Stevens.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

369.    The student/Plaintiffs cannot establish, through medical evidence, that they have suffered severe emotional distress sufficient to support a claim for emotional distress damages.

## FORTY-EIGHTY AFFIRMATIVE DEFENSE

370.    One or more of the Plaintiffs failed to mitigate the damages claimed in this case by failing to make a timely report of the alleged abuse to Defendants or anyone else.

## FORTY-NINTH AFFIRMATIVE DEFENSE

371.    Plaintiffs' damages are speculative, and/or cannot be established with reasonable certainty.

## FIFTIETH AFFIRMATIVE DEFENSE

372.    No claim for negligent hiring, retention or supervision may be asserted against any of the Defendants under the facts and circumstances of this case.

## FIFTY-FIRST AFFIRMATIVE DEFENSE

373.    To the extent that any claims against any Defendant are based on a failure to discharge a mandatory legal duty, the claim fails because each Defendant exercised reasonable diligence in performance and discharge of their duties.

## FIFTY-SECOND AFFIRMATIVE DEFENSE

374.    The Ottawa Hills Local School District is not *sui juris*.

## FIFTY-THIRD AFFIRMATIVE DEFENSE

375.     Plaintiffs' Tenth Claim for Relief is barred because none of these answering Defendants knew, or had reasonable cause to suspect based on facts that would cause a reasonable person in a similar position to suspect, that any of the student/Plaintiffs suffered or faced a threat of suffering any abuse.

## FIFTY-FOURTH AFFIRMATIVE DEFENSE

376.     Michelle Sprott intentionally or negligently concealed from, and failed to report to, school officials all of the facts which she reported on November 14, 2019 to personnel at Promedica/Toledo Hospital.  Those facts led those personnel to make a report to Lucas County Children's Services of a potential inappropriate relationship between Donnie Stevens and Timothy Sprott.   Her failure to report those facts contemporaneously with their occurrence, and

her ongoing failures to report them as they unfolded or continued, including in the meeting conducted with Darcy Browne upon Timothy Sprott's return to school after his hospitalization, impeded and prevented Defendants from knowing the facts and information which may have caused them to suspect the possibility of abuse, permitted the abuse of her children and other children to continue, and bars all claims, including those purportedly asserted under R.C. §2151.421, asserted on behalf of the Plaintiffs in this case.

## FIFTY-FIFTH AFFIRMATIVE DEFENSE

377.    Reports of potential abuse by Donnie Stevens upon Plaintiff Timothy Sprott were made by a mandatory reporter affiliated with Promedica/Toledo Hospital on November 15, 2023, and upon information and belief, by law enforcement officials as to the other student/Plaintiffs thereafter.   None of the Defendants was obligated to duplicate those reports, and none of the student/Plaintiffs are ones about whom a report under R.C. 2141.421 "was not made" which is a pre-requisite to liability under the statute.  Therefore, the Tenth Claim for Relief cannot stand against any of these answering Defendants because, among other reasons, no causally-connected damages exist.

## FIFTY-SIXTH AFFIRMATIVE DEFENSE

378.    Michelle Sprott intentionally or negligently concealed from, and failed to report to, school officials facts known to her which may have suggested an inappropriate relationship between her son Timothy and Donnie Sprott.  If the student/Plaintiffs suffered harm, damages or loss as the result of the conduct of any person or entity other than Donnie Stevens, the responsible party for those harms, damages and losses is Michelle Sprott, and not any of these Defendants.

## FIFTY-SEVENTH AFFIRMATIVE DEFENSE

379. All allegations and claims in this Complaint as to all Defendants which are not specifically admitted are hereby denied.

## FIFTY-EIGHTH AFFIRMATIVE DEFENSE

380. The parent/Plaintiffs lack standing to bring a loss of consortium claim to the extent it is predicated on federal law.

## FIFTY-NINTH AFFIRMATIVE DEFENSE

381. Defendants hereby give notice they intend to rely upon and utilize any other affirmative defenses which become apparent or available during the course of discovery and hereby reserve the right to amend their Answer to assert such defenses or to withdraw certain defenses.

WHEREFORE, having fully answered, Defendants pray that Plaintiffs' Complaint be dismissed with prejudice, that they be awarded their costs and expenses incurred herein, including reasonable attorney's fees, and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/ *Teresa L. Grigsby*
Teresa L. Grigsby (0030401)
tgrigsby@snlaw.com
Byron S. Choka (0014249)
bchoka@snlaw.com
Jennifer A. McHugh (0084842)
jmchugh@snlaw.com
Stephen D. Hartman (0074794)
shartman@snlaw.com
SPENGLER NATHANSON P.L.L.
900 Adams Street
Toledo, Ohio 43604-2622
Telephone: (419) 241-2201
Facsimile: (419) 241-8599

*Attorneys for Defendants Ottawa Hills Local School District and Ottawa Hills Local School District Board of Education, Kevin Miller, Darcy Browne, Jackie Patterson, Benjamin McMurray, Robert Gnepper, Adam Fineske, Nicole Silvers, James Kincaid, Kristin Johnson, Kay Cocke, Gerry Davis, Elizabeth Puskala, Julie Visser, Darrin Broadway, Noreen Hanlon, Abigail DeWire and Lauren Hurst*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically this 24th day of October, 2023. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Teresa L. Grigsby*
Teresa L. Grigsby

658301

53